UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZHIXIANG HU, also known as Sean Hu, an individual,<br><br>Defendant. | No. 2:17-cv-01895-MCE-DB<br><br>**ORDER** |

Plaintiff CSPC Dophen Corporation ("Plaintiff" or "CSPC Dophen"), a pharmaceutical research and development company, brings this action against Defendant Dr. Sean Hu ("Dr. Hu")—a former employee—alleging various causes of action, most of which stem from allegations that he misappropriated confidential or proprietary information while working for CSPC Dophen. According to the First Amended Complaint, while employed by CSPC Dophen, Dr. Hu incorporated "Dophen Biomed" without the knowledge or approval of Plaintiff, and proceeded to engage in numerous unauthorized activities including applying for grants under the name Dophen Biomed, representing that employees of CSPC Dophen were employees of Dophen Biomed, and creating a sham lease from CSPC Dophen to Dophen Biomed. Dr. Hu then allegedly used Plaintiff's proprietary information to submit an application to the FDA for

1

approval of a new drug under the name of Dophen Biomed. Plaintiff claims this is their rightful property. Dr. Hu has filed a third-party complaint and counterclaim.

On January 12, 2018, the Court ordered this matter stayed pending the parties' referral to the Voluntary Dispute Resolution Program. ECF No. 46. At that time, the Court denied two pending motions (ECF Nos. 41 and 45) as moot without prejudice to refiling those motions after completion of VDRP. The already submitted Motion for Disqualification of Counsel (ECF No. 16) remained under submission.

Presently before the Court is Defendant's Motion to Withdraw as Counsel. ECF No. 51. Counsel's filing indicates that Dr. Hu has indicated his desire to release Krogh & Decker as counsel and to represent himself in this matter. He has instructed counsel to take no further action on this matter aside from filing the present Motion. Dr. Hu's declaration filed along with the present motion confirms counsel's representations in this regard. ECF No. 51-2.

Plaintiff has filed a non-opposition to the motion. That non-opposition, however, is conditioned on Krogh & Decker not providing the entire case file to Dr. Hu upon their release, as required under California Rule of Professional Conduct 3-700(D). Instead, Plaintiff proposes two alternatives for at least some of the evidence: (1) Krogh & Decker retain certain relevant evidence pending a ruling on Plaintiff's motion to compel; or (2) the evidence be handed over to a neutral third party pending a ruling on the same. Plaintiff makes this request on grounds it has evidence Dr. Hu has already destroyed or at least attempted to destroy relevant evidence in this case. Specifically, according to Plaintiff, when it received Dr. Hu's laptop and cell phone pursuant to a previous discovery request, the phone had been restored to factory settings and the laptop cleared of certain information using an anti-forensic evidence elimination tool found in the system. Plaintiff believes that the information cleared from the laptop may be on one or more backup discs (or other portable storage devices) which are currently in Krogh & Decker's possession and are the subject of a pending Motion to Compel before

///

2

1  Magistrate Judge Barnes.  Plaintiff fears that if returned to Dr. Hu pending a ruling on the
2  motion to compel, the evidence could be permanently lost or destroyed.
3        Defendant's counsel responds that Plaintiff's request amounts to a violation of
4  California Rule of Professional Conduct 3-700(D), which requires counsel upon
5  termination to release to the client all client papers and property.  Moreover, Defendant
6  argues that Federal Rule of Civil Procedure 37 and the Court's inherent powers can
7  adequately safeguard the integrity of this litigation.
8        With regard to the Motion itself, good cause appearing and because no apparent
9  prejudice or delay will result, the Court GRANTS Defendant's Motion to Withdraw as
10 Counsel (ECF No. 51) and further GRANTS Dr. Hu's pending Request for Permission for
11 Electronic Case Filing (ECF No. 59) since he will be proceeding pro se in this matter.
12       In light of Plaintiff's representations and the relatively strong indication that
13 spoliation has already occurred or at least been attempted in this case, however, the
14 Court agrees that providing certain materials to Dr. Hu at this stage of the litigation may
15 be risky.  Although the Court could admittedly impose sanctions—including terminating
16 sanctions—if it were determined that Dr. Hu destroyed relevant evidence, this is a road
17 the Court would rather not be required to take.  Therefore, understanding Plaintiff's
18 spoliation concerns as well as counsel's reservations with violating Rule 3-700, the Court
19 orders Defendant's counsel to lodge a complete copy of the purported backup disc, as
20 well as copies of any other portable storage device in its possession, with the Court not
21 later than ten (10) days following electronic filing of this Order.  Once counsel has lodged
22 complete copies, the original evidence may be turned over to Dr. Hu along with any
23 other papers or property.  Further, Plaintiff is ordered to file a status report not later than
24 ten (10) days after obtaining a ruling on its pending Motion to Compel, advising the Court
25 of the outcome of that motion and seeking access to the lodged evidence, if appropriate
26 under the terms of the magistrate judge's order.
27       Finally, also pending are Defendant's submitted Motion for Disqualification of
28 Counsel (ECF No. 16), and Plaintiff's Motion to Dismiss and/or Strike Defendant's First

Amended Counterclaims (ECF No. 53). As the Motion to Withdraw has been granted and Dr. Hu has indicated his intent to proceed pro se, this matter is hereby REFERRED to the assigned Magistrate Judge, and Defendant's Motion for Disqualification of Counsel (ECF No. 16) and Plaintiff's Motion to Dismiss/Strike (ECF No. 53) are DENIED as moot without prejudice to refiling before the assigned Magistrate Judge.

To summarize, the Court orders as follows:

(1) Defendant's Motion to Withdraw as Counsel, ECF No. 51, is GRANTED.

(2) Dr. Hu's Request for Permission for Electronic Case Filing, ECF No. 59, is GRANTED.

(3) Defendant's counsel is ordered to lodge with the Court a complete copy of any backup disc or other portable storage device containing information or evidence relevant to this action not later than ten (10) days after electronic filing of this Order.

(4) Plaintiff is ordered to file a status report with the Court not later than ten (10) days following issuance of a ruling on its pending Motion to Dismiss before Magistrate Judge Barnes. The status report shall update the Court as to Judge Barnes's ruling and request access to the lodged evidence, if appropriate.

(5) This matter is referred to the Magistrate Judge for all purposes.

(6) Defendant's Motion for Disqualification of Counsel, ECF No. 16, is DENIED as moot without prejudice to refiling before the assigned Magistrate Judge.

(7) Plaintiff's Motion to Dismiss and/or Strike, ECF No. 53, is DENIED as moot without prejudice to refiling before the assigned Magistrate Judge.

IT IS SO ORDERED.

Dated: May 29, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE