# EXHIBIT A

1   BRYAN WILSON (CA SBN 138842)
    BWilson@mofo.com
2   YUE LI (CA SBN 287280)
    YLi@mofo.com
3   MORRISON & FOERSTER LLP
    755 Page Mill Road
4   Palo Alto, California  94304-1018
    Telephone: 650.813.5600
5
    C. JASON SMITH (CA SBN 237966)
6   cjsmith@smplawcorp.com
    SMITH, McDOWELL & POWELL
7   A LAW CORPORATION
    100 Howe Avenue, Suite 208 South
8   Sacramento, California 95825
    Telephone: 916-569-8100
9
    Attorneys for Plaintiff
10  CSPC DOPHEN CORPORATION

11

12                  UNITED STATES DISTRICT COURT

13                  EASTERN DISTRICT OF CALIFORNIA

14                       SACRAMENTO DIVISION

15

16  CSPC DOPHEN CORPORATION,            Case No.    2:17-cv-01895-MCE-DB

17                  Plaintiff,           **PLAINTIFF CSPC DOPHEN
                                         CORPORATION'S FIRST SET OF
18      v.                               REQUESTS FOR PRODUCTION
                                         TO DEFENDANT ZHIXIANG HU**
19  ZHIXIANG HU, also known as SEAN HU, an
    individual,
20
                    Defendant.
21

22

23  PROPOUNDING PARTY:   Plaintiff CSPC DOPHEN CORPORATION

24  RESPONDING PARTY:    Defendant Zhixiang Hu

25  SET NO.:             One

26

27

28

1      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff CSPC

2  Dophen Corporation ("CSPC Dophen") hereby requests Defendant Zhixiang Hu ("Defendant")

3  to produce documents and things responsive to the following requests (the "Requests") at the

4  offices of Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304 within

5  thirty (30) days of the service of these requests.[1]

6  **DEFINITIONS**

7      1.    "You," "Your," or "Yourself," refers to Defendant Zhixiang Hu, also known as

8  Sean Hu, and Dophen Biomed, Inc.

9      2.    "Dophen Biomed, Inc." refers to Dophen Biomed, Inc. incorporated in California

10  on or around April 24, 2014.

11      3.    "CSPC Dophen" or "Plaintiff" refers to Plaintiff CSPC Dophen Corporation and

12  its officers, directors, agents, employees, representatives, predecessors, or successors, and any of

13  its corporate parents, affiliates, predecessors-in-interests, or successors-in-interest.

14      4.    "Person(s)" means any natural person, company, corporation, partnership, firm,

15  association, or other entity cognizable at law, or its agents, employees, and representatives.

16      5.    "Document(s)" has the broadest meaning permitted by Federal Rules of Civil

17  Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with

18  the terms "writings" and "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence,

19  and specifically and without limitation including tangible things and electronically stored

20  information, including e-mail and information stored on computer disk or other electronic,

21  magnetic, or optical data storage medium.  "Document(s)" also includes all drafts or non-final

22  versions, alterations, modifications, and amendments to any of the foregoing.

23      6.    "Communication(s)" means any exchange or transfer of information between two

24  or more Persons or entities, whether written, oral, or in any other form including electronic forms

25  such as email.

26

27         [1] RFP Nos. 1-6 are subject to CSPC Dophen's pending Motion for Expedited Discovery

28  and CSPC Dophen requests that RFP Nos. 1-6 be answered within (10) days.  (*See* ECF No. 20.)

7. The singular includes the plural, and the plural includes the singular. "Any" should be understood to include and encompass "all." The terms "and" and "or" shall be construed as disjunctive and conjunctive.

## INSTRUCTIONS

1. This request requires you to produce all responsive documents that are in your actual or constructive possession, custody, or control.

2. If Defendant withholds or intends to withhold any documents requested by reason of the attorney-client privilege, work-product doctrine, or other privilege, doctrine, or immunity, you must state (i) the information, document, or communication alleged to be so protected by author, subject matter, date, number of pages, attachments, and appendices; (ii) the names and job titles of all recipients of the information, document, or communication, including blind copy recipients and any individual to whom the information, document, or communication was distributed, shown, or explained; (iii) the information, document, or communication's current custodian; and (iv) all bases, factual and legal, upon which such protection from discovery rests.

## FORMAT OF PRODUCTION

1. Plaintiff requests that all documents be produced: (1) as single-page TIFF image files, with document unitization, searchable text, delimited text file to indicate where each document starts and stops, metadata, and industry-standard load files; or (2) as native files (.pst, .xls, .pdf, etc.). When documents in their native format are in color, the TIFF image files should also be in color. The requirement to produce a digitized version of documents in TIFF format will not apply to documents whose native format prohibits their printing on standard-size paper (i.e. audio, video files), as well as Excel spreadsheets and databases. Such documents will be produced in their native format. All e-mails and other electronic documents should include all associated metadata, including without limitation and as applicable: searchable text; the date on which the document was sent; the date(s) on which the document was obtained, created, modified, accessed, deleted, copied, moved, or saved; the author(s) of the document ("from" field); the primary recipient(s) of the document ("to" field); other recipient(s) of the document ("cc" and "bcc" fields); the subject line of the document; the title of the document; the file name

of the document; the file type; the folder name; and all other embedded or associated data relating to the document.  E-mails should be produced along with any attachments to those e-mails. Documents should be produced on a hard drive, flash drive, disc, or other electronic storage medium.

2.      Each page of each document will be marked with a Bates number.  The TIFF file name will correspond with the Bates number.  For documents produced in their native format, a slip sheet will be created in TIFF format stating the Bates number, file name, and document extension (i.e. xls, pdf, doc).  The native file will then be linked to this slip sheet.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and things that are still in your possession that you received from CSPC Dophen or accessed, copied, or removed from CSPC Dophen computers or networks, including but not limited to all documents and things relating to CSPC Dophen's drug DP303.

**REQUEST FOR PRODUCTION NO. 2:**

All communications with third parties regarding CSPC Dophen, Dophen Biomed Inc., National Institute of Health grant funding, or Food and Drug Administration Investigation New Drug Application No. 130699.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and things relating to any application for National Institute of Health grant funding made on behalf of CSPC Dophen and/or Dophen Biomed Inc.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things relating to any application made to the Food and Drug Administration made on behalf of CSPC Dophen and/or Dophen Biomed Inc., including but not limited to Investigation New Drug Application No. 130699.

**REQUEST FOR PRODUCTION NO. 5:**

All documents or communications referring or relating to CSPC Dophen email accounts (dophenbiomed.com or others), including but not limited to new or changed passwords or login information.

**REQUEST FOR PRODUCTION NO. 6:**

All documents or communications referring or relating to any bank account you maintain access to which contains funds belonging to CSPC Dophen, including an accounting of the quantity and source of all funds contained therein.

**REQUEST FOR PRODUCTION NO. 7:**

All agreements between Dophen Biomed Inc. and third parties.

**REQUEST FOR PRODUCTION NO. 8:**

All documents you accessed or downloaded from CSPC Dophen's computer or network on July 3, 2017 as identified in paragraph 9 of the Kunkel Declaration.

**REQUEST FOR PRODUCTION NO. 9:**

All communications between you and any third party disclosing any files you accessed or downloaded from CSPC Dophen's computer or network on July 3, 2017 as identified in paragraph 9 of the Kunkel Declaration.

**REQUEST FOR PRODUCTION NO. 10:**

All documents in the Google Drive and OneDrive as identified in paragraph 10 of the Kunkel Declaration.

**REQUEST FOR PRODUCTION NO. 11:**

All communications between you and any third party concerning or relating to any document in the Google Drive and OneDrive as identified in paragraph 10 of the Kunkel Declaration.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and things related to any attempts by you to obtain patent, trademark, or other protection for any concept, innovation, invention, or trade secret.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things related to the incorporation of Dophen Biomed, Inc.

**REQUEST FOR PRODUCTION NO. 14:**

All communications with current or former employees of CSPC Dophen related to the incorporation or existence of Dophen Biomed Inc.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things concerning any representations you made regarding any alleged connection or relationship between CSPC Dophen and Dophen Biomed Inc.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and things concerning the operation and finances of Dophen Biomed Inc., including the source of any funds it has received.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show all former and current employees of Dophen Biomed Inc.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show all past, current, and potential investors in Dophen Biomed Inc.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and things concerning any leases of CSPC Dophen's lab facilities in which you were involved.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and things supporting your allegation that "Dophen Biomedical" or "Dophen Biomed" refers to your company Dophen Biomed Inc.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things that reflect or refer to communications between or among you and any current, former, or prospective investors of Dophen Biomed Inc.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things that reflect or refer to communications between or among you and any current, former, or prospective customers of Dophen Biomed Inc.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and things that reflect or refer to communications between or among you and any current, former, or prospective vendors or suppliers of Dophen Biomed Inc.

**REQUEST FOR PRODUCTION NO. 24:**

All payroll records show salaries or compensations Dophen Biomed Inc. has paid to its employee(s).

**REQUEST FOR PRODUCTION NO. 25:**

All documents and things concerning bonuses paid to CSPC Dophen employees in Sacramento during the period September 27, 2011 through July, 21 2017.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and things relating to representations you made during July 21, 2017 to the present that you were, at the time the representation, employed by CSPC Dophen.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and things relating to any communications between you and any current or former employees of CSPC Dophen that occurred after July 1, 2017.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and things that reflect or refer to agreements executed by you in connection with your employment during the period September 27, 2011 through July, 21 2017.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and things that reflect or refer to communications between or among you and any third-party concerning CSPC Dophen, "Dophen Biomedical" or "Dophen Biomed."

**REQUEST FOR PRODUCTION NO. 30:**

All documents and things that reflect or refer to communications between or among you and any current, former, or prospective customer of CSPC Dophen.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and things that reflect or refer to any communications between or among you and any third party concerning the existence or terms of any agreement you have entered into with CSPC Dophen, including but not limited to the letter you signed accepting employment with CSPC Dophen, the Acknowledgement of Policy of Conflict of Interest between you and CSPC Dophen that was executed by you on or about April 3, 2013, and the Non-Disclosure Agreement between you and CSPC Dophen that was executed by you on or about April 3, 2013.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to identify the corporate structure and organization chart for Dophen Biomed Inc.

Dated: October 31, 2017

MORRISON & FOERSTER LLP

By: _____
YUE LI

Attorneys for Plaintiff
CSPC DOPHEN CORPORATION

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California  94304-1018.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on October 31, 2017, I served a copy of:

**PLAINIFF CSPC DOPHEN CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ZHIXIANG HU**

☒    **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California  94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

*Attorneys for Defendant Zhixiang Hu:*

Shawn M. Krogh
Andrea M. Close
KROGH & DECKER, LLP
555 Capitol Mall, Suite 700
Sacramento, California 95814

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Palo Alto, California, this 31st day of October, 2017.

_____                    _____
Donna S. Gillis                                        (Signature)
(typed)

CERTIFICATE OF SERVICE
CASE NO. 2:17-cv-01895-MCE-DB
pa-1813410