# EXHIBIT B

BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
YUE LI (CA SBN 287280)
YLi@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600

C. JASON SMITH (CA SBN 237966)
cjsmith@smplawcorp.com
SMITH, MCDOWELL & POWELL
A LAW CORPORATION
100 Howe Avenue, Suite 208 South
Sacramento, California 95825
Telephone: 916-569-8100

Attorneys for Plaintiff
CSPC DOPHEN CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>             Plaintiff,<br><br>      v.<br><br>ZHIXIANG HU, also known as SEAN HU, an individual,<br><br>             Defendant. | Case No.   2:17-cv-01895-MCE-DB<br><br>**PLAINTIFF CSPC DOPHEN CORPORATION'S FIRST SET OF INTERROGATORIES TO DEFENDANT ZHIXIANG HU** |

PROPOUNDING PARTY:    Plaintiff CSPC Dophen Corporation

RESPONDING PARTY:      Defendant Zhixiang Hu

SET NO.:                         One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff CSPC Dophen Corporation ("CSPC") hereby requests Defendant Zhixiang Hu, also known as Sean Hu ("Defendant") to answer the following interrogatories in writing and under oath, within thirty (30) days of from the date of service hereof.[1]

To the extent Defendant's responses to any of these interrogatories may at any time be supplemented, changed, or otherwise affected by information acquired by Defendant subsequent to the service of its answers, Defendant should promptly serve supplemental answers reflecting such changes pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

1. "You," "Your," or "Yourself," refers to Defendant Zhixiang Hu, also known as Sean Hu, and Dophen Biomed, Inc.

2. "Dophen Biomed, Inc." refers to Dophen Biomed, Inc. incorporated in California on or around April 24, 2014.

3. "CSPC Dophen" or "Plaintiff" refers to Plaintiff CSPC Dophen Corporation and its officers, directors, agents, employees, representatives, predecessors, or successors.

4. "The Declaration of Zhixiang 'Sean' Hu" refers to the declaration made by Zhixiang Hu titled "Declaration of Zhixiang 'Sean' Hu In Support of Ex Parte Order and Order To Show Cause Re: Preliminary Injunction; In The Alternative, Ex Parte Application For Order Shortening Time For Hearing On Motion For Preliminary Injunction," dated September 14, 2017 as part of case no. 34-00218803 before the Superior Court of California, County of Sacramento.

5. "Person(s)" means any natural person, company, corporation, partnership, firm, association, or other entity cognizable at law, or its agents, employees, and representatives.

6. "Document(s)" has the broadest meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" and "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence,

---

[1] Interrogatory Nos. 1-8 are subject to CSPC Dophen's pending Motion for Expedited Discovery and CSPC Dophen requests that Interrogatory Nos. 1-8 be answered within (10) days. (*See* ECF No. 20)

and specifically and without limitation including tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

7. "Communication(s)" means any exchange or transfer of information between two or more Persons or entities, whether written, oral, or in any other form including electronic forms such as email.

8. "Identify" or "Identification," as used with respect to any Person, means to provide the Person's full name, address, telephone number, e-mail address, company or employer, title or occupation, and employment duties, functions, and responsibilities.

9. "Identify" or "Identification," as used with respect to any document, means to provide the Bates number(s) of the document, or, if not Bates numbered, to provide information sufficient to specifically identify the document, including but not limited to the document's title, author, subject matter, recipients and reviewers, date created, dates received and reviewed, source, person(s) having possession, custody or control, and the identifying or descriptive code number, file number, title, or label of the document.

10. The singular includes the plural, and the plural includes the singular. "Any" or "each" should be understood to include and encompass "all." The terms "and" and "or" shall be construed as disjunctive and conjunctive.

**INSTRUCTIONS**

1. If you object to responding to any interrogatory or any part of any interrogatory, you must state the reason for your objection with specificity. If your objections are based on a claim of privilege or other protection, you must also state the nature of the privilege relied upon, specify the interrogatory or portion thereof to which the objection relates, and if the privilege being asserted concerns information in a document or communication, identify the document by bates number and describe the communication by including: (1) the date of the communication; (2) the identity of any person who authored, prepared, or made the communication; (3) the identity of any person who received, had access to, or was an intended recipient of the

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT HU
CASE NO. 2:17-CV-01895-MCE-DB
pa-1808326

2

communication; (4) the general nature of the communication (e.g., phone conference, face-to-face meeting, presentation, etc.); (5) the location(s) where the communication took place; and (6) the general subject matter of the communication.

2. If you contend that any interrogatory is objectionable in whole or in part, please state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and respond to the interrogatory insofar as it is not deemed objectionable.

3. If you find the meaning of any term in any interrogatory unclear, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the interrogatory according to the assumed meaning.

4. The following interrogatories shall be deemed continuing so as to require supplemental response in the event that you obtain additional knowledge or information responsive to the interrogatory.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify with particularity all documents and things that are still in your possession that you received from CSPC Dophen or accessed, copied, or removed from CSPC Dophen computers or networks, including but not limited to all documents and things relating to CSPC Dophen's drug DP303.

**INTERROGATORY NO. 2:**

For the documents and things identified in your answer to Interrogatory No. 1 above, identify on a document by document basis any third party that you have disclosed these documents and things to.

**INTERROGATORY NO. 3:**

Identify all communications you have had with third parties, the National Institute of Health, or the Food and Drug Administration regarding CSPC Dophen, Dophen Biomed Inc., NIH grant funding, or Investigational New Drug Application No. 130699.

**INTERROGATORY NO. 4:**

Identify the password or log in information for any account containing CSPC Dophen property that you are in possession of, including any CSPC Dophen email accounts.

**INTERROGATORY NO. 5:**

Identify the contents of any bank account you maintain access to which contains funds belonging to CSPC Dophen, listing the source and quantity of all funds.

**INTERROGATORY NO. 6:**

Identify the research equipment and reagents to which you refer in Paragraph 13 of the Declaration of Zhixiang "Sean" Hu.

**INTERROGATORY NO. 7:**

Describe the operations of Dophen Biomed, Inc., including but not limited to identifying all current and former employees.

**INTERROGATORY NO. 8:**

If you contend that you own the dophenbiomed.com email accounts, explain in detail the basis for your contention, including all facts, documents, and evidence you contend support your allegation and all witnesses upon whose testimony you may rely to support your allegation.

**INTERROGATORY NO. 9:**

Describe your decision to incorporate Dophen Biomed Inc.

**INTERROGATORY NO. 10:**

If you contend that Dophen Biomed Inc. is related to CSPC Dophen or CSPC Pharmaceutical Group Limited, explain in detail the basis for your contention, including all facts, Documents, and evidence you contend support your allegation and all witnesses upon whose testimony you may rely to support your allegation.

**INTERROGATORY NO. 11:**

Describe your decision to apply for grants from the National Institutes of Health ("NIH") for Dophen Biomed Inc.

**INTERROGATORY NO. 12:**

Identify all former, current, and prospective investors of Dophen Biomed Inc.

**INTERROGATORY NO. 13:**

Describe all representations you made regarding the relationship between Dophen Biomed, Inc. and CSPC Dophen, including the content of each representation, the recipient of each representation, and the dates and circumstances of each representation.

**INTERROGATORY NO. 14:**

Describe any disclosure you made to any third parties relating to CSPC Dophen's drug DP303c, including where the disclosure was made, to whom the disclosure was made, the content of the disclosure, whether the disclosure was oral or written, and whether the disclosure was specified as confidential.

Dated: October 31, 2017                             MORRISON & FOERSTER LLP

By: /s/ Yue Li
YUE LI

Attorneys for Plaintiff
CSPC DOPHEN CORPORATION

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 755 Page Mill Road, Palo Alto, California 94304-1018. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on October 31, 2017, I served a copy of:

**PLAINIFF CSPC DOPHEN CORPORATION'S FIRST SET OF INTERROGATORIES TO DEFENDANT ZHIXIANG HU**

[X] **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304-1018 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

*Attorneys for Defendant Zhixiang Hu:*

Shawn M. Krogh
Andrea M. Close
KROGH & DECKER, LLP
555 Capitol Mall, Suite 700
Sacramento, California 95814

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Palo Alto, California, this 31st day of October, 2017.

_____    _____
Donna S. Gillis                     (signature)
(typed)