# EXHIBIT C

**KROGH & DECKER, LLP**
SHAWN M. KROGH (SBN 227116)
shawnkrogh@kroghdecker.com
ANDREA M. CLOSE (SBN 309324)
andreaclose@kroghdecker.com
555 Capitol Mall, Suite 700
Sacramento, California 95814
Telephone: 916.498.9000
Facsimile: 916.498.9005

Attorneys for Defendant and Counter-Claimant
ZHIXIANG HU, also known as SEAN HU

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CSPC DOPHEN CORPORATION, | Case No.:   2:17-CV-01895-MCE-DB |
| Plaintiff, | Assigned to Chief Judge: Morrison C. England, Jr. |
| vs. | **DEFENDANT SEAN HU'S RESPONSES TO CSPC DOPHEN CORPORATION'S REQUESTS FOR PRODUCTION (SET ONE)** |
| ZHIXIANG HU, also known as SEAN HU, an individual, | |
| Defendant. | Action Filed: September 11, 2017 |
| | Trial Date:    TBD |
| AND RELATED COUNTERCLAIM. | |

**PROPOUNDING PARTY:  Plaintiff CSPC DOPHEN CORPORATION**

**RESPONDING PARTY:     Defendant and Counter-Claimant SEAN HU**

**SET NUMBER:            ONE**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and Counter-Claimant SEAN HU (RESPONDING PARTY) hereby provides these Responses to Request for Production (Set 1) propounded by Plaintiff CSPC DOPHEN CORPORATION, served by United States Mail on October 31, 2017, as follows:

**PRELIMINARY STATEMENT**

Responding Party continues to pursue their investigation and analysis of the facts and law relating to this case.  Responding Party has not completed their trial preparation.



1

1   Responding Party's Responses are therefore limited to information and records that are

2   presently known and available to them.  These Responses are therefore made without

3   prejudice to Defendant's right to modify, supplement, add to, or amend these responses

4   as a result of subsequently discovered facts or in order to correct any inadvertent errors

5   or omissions.  The Responses set forth herein are made in a good faith effort to supply

6   as much factual information as possible, but in no way prejudice Defendant, in relation to

7   further discovery, investigation, research, and/or analysis.

8       The inadvertent production or disclosure of any privileged documents or

9   information shall not constitute or be deemed to be a waiver of any applicable privilege

10  with respect to such document or information (or the contents or subject matter thereof)

11  or with respect to any other such document or discovery now or hereafter requested or

12  provided.  Responding Party reserves the right not to produce documents that are in part

13  protected by privilege, except on a redacted basis, and to require the return of any

14  document (and all copies thereof) inadvertently produced.  Responding Party likewise

15  does not waive the right to object, on any and all grounds, to (1) the evidentiary use of

16  documents produced in response to these requests; and (2) discovery requests relating

17  to those documents.

18                          **GENERAL OBJECTIONS**

19      Responding Party objects to these Interrogatories to the extent they seek

20  information protected from disclosure by the attorney-client privilege or the attorney work

21  product doctrine, or any other privilege recognized under the law.  Accordingly,

22  Responding Party will not provide a response to any interrogatories calling for attorney-

23  client privileged conversations, attorney work product or other privileged materials.

24  Responding Party objects to these Interrogatories to the extent that they seek discovery

25  of facts which are neither relevant to a claim or defense nor reasonably calculated to lead

26  to discovery of admissible evidence.  Responding Party further objects to any

27  Interrogatory or part thereof which purports to require them to provide information that is

28  equally available to Plaintiff.

2

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

REQUEST NO. 1

All documents and things that are still in your possession that you received from CSPC Dophen or accessed, copied, or removed from CSPC Dophen computers or networks, including but not limited to all documents and things relating to CSPC Dophen's drug DP303.

**RESPONSE TO REQUEST NO. 1**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome.  Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege.  Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague, ambiguous, and calls for speculation. Responding Party objects to this request on the grounds that the information or documents are equally available to the propounding party at the same expense.  Without waiving said objections, Responding Party responds as follows: Responding Party is in possession of a laptop computer and cell phone, which he is willing to turn over as soon as is convenient for the parties.  All CSPC Dophen documents were deposited on to a shared USB drive or on Responding Party's office computer which CSPC Dophen personnel have sole access to.

REQUEST NO. 2

All communications with third parties regarding CSPC Dophen, Dophen Biomed Inc., National Institute of Health grant funding, or Food and Drug Administration Investigation New Drug Application No. 130699.

**RESPONSE TO REQUEST NO. 2**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome.  Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret.

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1   Responding Party objects to this request on the grounds that it calls for information

2   protected by the attorney client privilege.  Responding Party objects to this request on the

3   grounds that it calls for information that is protected by third party right of privacy.

4   Responding Party objects to this request on the grounds that it is vague and ambiguous

5   as to time, and calls for speculation. Responding Party objects to this request on the

6   grounds that it calls for information which is neither relevant to the subject matter of the

7   litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

8   Responding Party objects to this request on the grounds that the information or

9   documents are equally available to the propounding party at the same expense.

10  Responding Party objects to this request on the grounds that it contains subparts, or a

11  compound, conjunctive, or disjunctive question.   Without waiving said objections,

12  Responding Party responds as follows: Responding Party will produce any responsive

13  non-privileged, non-work product documents Responding Party can obtain after a diligent

14  search and reasonable inquiry, that CSPC Dophen does not possess.

15  REQUEST NO. 3

16      All documents and things relating to any application for National Institute of Health

17  grant funding made on behalf of CSPC Dophen and/or Dophen Biomed Inc.

18  **RESPONSE TO REQUEST NO. 3**

19      Responding Party objects to this request on the grounds that it is overbroad and

20  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

21  for information which is confidential, proprietary, and/or protected as a trade secret.

22  Responding Party objects to this request on the grounds that it calls for information

23  protected by the attorney client privilege.  Responding Party objects to this request on the

24  grounds that it calls for information that is protected by third party right of privacy.

25  Responding Party objects to this request on the grounds that it is vague and ambiguous

26  as to time and the term "relating to," and calls for speculation.  Responding Party objects

27  to this request on the grounds that it calls for information which is neither relevant to the

28  subject matter of the litigation, nor reasonably calculated to lead to the discovery of

4

admissible evidence. Responding Party objects to this request on the grounds that the information or documents are equally available to the propounding party at the same expense.  Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.  Without waiving said objections, Responding Party responds as follows: Responding Party will produce any responsive non-privileged, non-work product documents Responding Party can obtain after a diligent search and reasonable inquiry, that CSPC Dophen does not possess.

REQUEST NO. 4

All documents and things relating to any application made to the Food and Drug Administration made on behalf of CSPC Dophen and/or Dophen Biomed Inc., including but not limited to Investigation New Drug Application No. 130699.

**RESPONSE TO REQUEST NO. 4**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome.  Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege.  Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous as to time and the term "relating to," and calls for speculation. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that the information or documents are equally available to the propounding party at the same expense.  Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.  Without waiving said objections, Responding Party responds as follows: Responding Party will produce any responsive non-privileged, non-work product documents Responding Party can obtain

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  after a diligent search and reasonable inquiry.

2  REQUEST NO. 5

3  All documents or communications referring or relating to CSPC Dophen email

4  accounts (dophenbiomed.com or others), including but not limited to new or changed

5  passwords or login information.

6  **RESPONSE TO REQUEST NO. 5**

7  Responding Party objects to this request on the grounds that it is overbroad and

8  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

9  for information which is confidential, proprietary, and/or protected as a trade secret.

10  Responding Party objects to this request on the grounds that it calls for information

11  protected by the attorney client privilege.  Responding Party objects to this request on the

12  grounds that it calls for information that is protected by third party right of privacy.

13  Responding Party objects to this request on the grounds that it is vague and ambiguous

14  as to time and the terms "referring or relating to," and "CSPC Dophen email accounts,"

15  and calls for speculation.  Responding Party objects to this request on the grounds that it

16  calls for information which is neither relevant to the subject matter of the litigation, nor

17  reasonably calculated to lead to the discovery of admissible evidence.  Responding Party

18  objects to this request on the grounds that the information or documents are equally

19  available to the propounding party at the same expense.  Responding Party objects to this

20  request to the extent it calls for documents that are not the property of Responding Party,

21  but rather the property of another individual or entity, and subject to protection.

22  Responding Party objects to this request on the grounds that it contains subparts, or a

23  compound, conjunctive, or disjunctive question.   Responding Party's discovery and

24  investigation in this matter is ongoing and Responding Party reserves the right to rely

25  upon any additional facts, theories, or other information that it may hereafter discover or

26  determine.  Responding Party objects on the grounds that the information is electronically

27  stored information and is not reasonably accessible because of undue burden or cost.

28  Without waiving said objections, Responding Party responds as follows: Responding Party

6

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  will produce any responsive non-privileged, non-work product documents Responding

2  Party can obtain after a diligent search and reasonable inquiry, that CSPC Dophen does

3  not possess.

4  REQUEST NO. 6

5      All documents or communications referring or relating to any bank account you

6  maintain access to which contains funds belonging to CSPC Dophen, including an

7  accounting of the quantity and source of all funds contained therein.

8  **RESPONSE TO REQUEST NO. 6**

9      Responding Party objects to this request on the grounds that it is overbroad and

10  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

11  for information which is confidential, proprietary, and/or protected as a trade secret, which

12  Responding Party will only produce pursuant to a protective order.  Responding Party

13  objects to this request on the grounds that it calls for information protected by the attorney

14  client privilege.  Responding Party objects to this request on the grounds that it calls for

15  information that is protected by third party right of privacy.  Responding Party objects to

16  this request on the grounds that it is vague and ambiguous as to time and the terms

17  "referring or relating to," "maintain access," and "funds belonging to CSPC Dophen,"

18  and calls for speculation.  Responding Party objects to this request on the grounds that it

19  calls for information that is protected by a right of privacy, including the right to privacy

20  under Article 1, Section 1, of the California Constitution. Responding Party objects to this

21  request on the grounds that the disclosure of such financial information is barred by Civil

22  Code section 3295(c).  Responding Party objects to this request on the grounds that it

23  calls for information which is neither relevant to the subject matter of the litigation, nor

24  reasonably calculated to lead to the discovery of admissible evidence.  Responding Party

25  objects to this request on the grounds that the information or documents are equally

26  available to the propounding party at the same expense.  Responding Party objects to this

27  request to the extent it calls for documents that are not the property of Responding Party,

28  but rather the property of another individual or entity, and subject to protection.

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1   Responding Party's discovery and investigation in this matter is ongoing and Responding

2   Party reserves the right to rely upon any additional facts, theories, or other information

3   that it may hereafter discover or determine.  Responding Party objects on the grounds

4   that the information is electronically stored information and is not reasonably accessible

5   because of undue burden or cost.  Responding Party objects to this request on the

6   grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.

7   REQUEST NO. 7

8          All agreements between Dophen Biomed Inc. and third parties.

9   **RESPONSE TO REQUEST NO. 7**

10         Responding Party objects to this request on the grounds that it is overbroad and

11  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

12  for information which is confidential, proprietary, and/or protected as a trade secret.

13  Responding Party objects to this request on the grounds that it calls for information

14  protected by the attorney client privilege.  Responding Party objects to this request on the

15  grounds that it calls for information that is protected by third party right of privacy.

16  Responding Party objects to this request on the grounds that it is vague and ambiguous

17  as to time and the terms "agreement," and "third parties," and calls for speculation.

18  Responding Party objects to this request on the grounds that it calls for information which

19  is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead

20  to the discovery of admissible evidence.  Responding Party objects to this request on the

21  grounds that the information or documents are equally available to the propounding party

22  at the same expense.  Responding Party objects to this request to the extent it calls for

23  documents that are not the property of Responding Party, but rather the property of

24  another individual or entity, and subject to protection.  Responding Party objects to this

25  request on the grounds that it contains subparts, or a compound, conjunctive, or

26  disjunctive question.

27  ///

28  ///

8

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

REQUEST NO. 8

All documents you accessed or downloaded from CSPC Dophen's computer or network on July 3, 2017 as identified in paragraph 9 of the Kunkel Declaration.

**RESPONSE TO REQUEST NO. 8**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome.  Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege.  Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague, ambiguous, and calls for speculation.  Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that the information or documents are equally available to the propounding party at the same expense.  Responding Party objects to this request to the extent it calls for documents that are not the property of Responding Party, but rather the property of another individual or entity, and subject to protection. Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.   Responding Party's discovery and investigation in this matter is ongoing and Responding Party reserves the right to rely upon any additional facts, theories, or other information that it may hereafter discover or determine.  Responding Party objects on the grounds that the information is electronically stored information and is not reasonably accessible because of undue burden or cost.

Without waiving said objections, Responding Party responds as follows: Responding does not have any such documents in his possession.

///

///

9

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

REQUEST NO. 9

All communications between you and any third party disclosing any files you accessed or downloaded from CSPC Dophen's computer or network on July 3, 2017 as identified in paragraph 9 of the Kunkel Declaration.

**RESPONSE TO REQUEST NO. 9**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous as to the terms "third party," "disclosing," "files," and "CSPC Dophen's computer or network," and calls for speculation. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that the information or documents are equally available to the propounding party at the same expense. Responding Party objects to this request to the extent it calls for documents that are not the property of Responding Party, but rather the property of another individual or entity, and subject to protection. Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question. Responding Party's discovery and investigation in this matter is ongoing and Responding Party reserves the right to rely upon any additional facts, theories, or other information that it may hereafter discover or determine. Responding Party objects on the grounds that the information is electronically stored information and is not reasonably accessible because of undue burden or cost. Without waiving said objections, Responding Party responds as follows: Responding Party does not possess any such documents.

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

REQUEST NO. 10

All documents in the Google Drive and OneDrive as identified in paragraph 10 of the Kunkel Declaration.

**RESPONSE TO REQUEST NO. 10**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous as to time and the terms "Google Drive," and "One Drive," and calls for speculation. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that the information or documents are equally available to the propounding party at the same expense. Responding Party objects to this request on the grounds that it calls for information that is protected by a right of privacy, including the right to privacy under Article 1, Section 1, of the California Constitution. In addition, this interrogatory violates the terms of the Stored Communications Act in that it potentially seeks access to a third party server containing Responding Party private and irrelevant communications. Responding Party objects to this request to the extent it calls for documents that are not the property of Responding Party, but rather the property of another individual or entity, and subject to protection. Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question. Responding Party's discovery and investigation in this matter is ongoing and Responding Party reserves the right to rely upon any additional facts, theories, or other information that it may hereafter discover or determine. Responding Party objects on the grounds that the

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  information is electronically stored information and is not reasonably accessible because

2  of undue burden or cost.

3  REQUEST NO. 11

4      All communications between you and any third party concerning or relating to any

5  document in the Google Drive and OneDrive as identified in paragraph 10 of the Kunkel

6  Declaration.

7  **RESPONSE TO REQUEST NO. 11**

8      Responding Party objects to this request on the grounds that it is overbroad and

9  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

10  for information which is confidential, proprietary, and/or protected as a trade secret.

11  Responding Party objects to this request on the grounds that it calls for information

12  protected by the attorney client privilege.  Responding Party objects to this request on the

13  grounds that it calls for information that is protected by third party right of privacy.

14  Responding Party objects to this request on the grounds that it is vague, ambiguous, and

15  calls for speculation.  Responding Party objects to this request on the grounds that it calls

16  for information which is neither relevant to the subject matter of the litigation, nor

17  reasonably calculated to lead to the discovery of admissible evidence.  Responding Party

18  objects to this request on the grounds that the information or documents are equally

19  available to the propounding party at the same expense.  Responding Party objects to this

20  request to the extent it calls for documents that are not the property of Responding Party,

21  but rather the property of another individual or entity, and subject to protection.

22  Responding Party objects to this request on the grounds that it contains subparts, or a

23  compound, conjunctive, or disjunctive question.   Without waiving said objections,

24  Responding Party responds as follows: Responding Party does not possess any such

25  documents

26  REQUEST NO. 12

27      All documents and things related to any attempts by you to obtain patent,

28  trademark, or other protection for any concept, innovation, invention, or trade secret.

12

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

## RESPONSE TO REQUEST NO. 12

Responding Party objects to this request on the grounds that it is overbroad as to time and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous as to time and the term "related to," and calls for speculation. Responding Party objects to this request on the grounds that it calls for information that is protected by a right of privacy, including the right to privacy under Article 1, Section 1, of the California Constitution. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that the information or documents are equally available to the propounding party at the same expense. Responding Party objects to this request to the extent it calls for documents that are not the property of Responding Party, but rather the property of another individual or entity, and subject to protection. Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question. Responding Party's discovery and investigation in this matter is ongoing and Responding Party reserves the right to rely upon any additional facts, theories, or other information that it may hereafter discover or determine. Responding Party objects on the grounds that the information is electronically stored information and is not reasonably accessible because of undue burden or cost. Without waiving said objections, Responding Party responds as follows: Responding Party will produce any responsive non-privileged, non-work product documents Responding Party can obtain after a diligent search and reasonable inquiry.

///

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

REQUEST NO. 13

All documents and things related to the incorporation of Dophen Biomed, Inc.

**RESPONSE TO REQUEST NO. 13**

Responding Party objects to this request on the grounds that it is overbroad as to time and unduly burdensome.  Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret.  Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege.  Responding Party objects to this request on the grounds that it is vague, ambiguous, and calls for speculation.  Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this request on the grounds that the information or documents are equally available to the propounding party at the same expense.  Without waiving said objections, Responding Party responds as follows: Responding Party will produce any responsive non-privileged, non-work product documents Responding Party can obtain after a diligent search and reasonable inquiry.

REQUEST NO. 14

All communications with current or former employees of CSPC Dophen related to the incorporation or existence of Dophen Biomed Inc.

**RESPONSE TO REQUEST NO. 14**

Responding Party objects to this request on the grounds that it is overbroad as to time and unduly burdensome.  Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret.  Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege.  Responding Party objects to this request on the grounds that it is vague, ambiguous, and calls for speculation. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  discovery of admissible evidence.  Responding Party objects to this request on the

2  grounds that the information or documents are equally available to the propounding party

3  at the same expense.  Without waiving said objections, Responding Party responds as

4  follows: Responding Party will produce any responsive non-privileged, non-work product

5  documents Responding Party can obtain after a diligent search and reasonable inquiry,

6  that CSPC Dophen does not possess.

7  REQUEST NO. 15

8       All documents and things concerning any representations you made regarding any

9  alleged connection or relationship between CSPC Dophen and Dophen Biomed Inc.

10  **RESPONSE TO REQUEST NO. 15**

11       Responding Party objects to this request on the grounds that it is overbroad as to

12  time and unduly burdensome.  Responding Party objects to this request on the grounds

13  that it calls for information which is confidential, proprietary, and/or protected as a trade

14  secret.  Responding Party objects to this request on the grounds that it calls for

15  information protected by the attorney client privilege.  Responding Party objects to this

16  request on the grounds that it is vague and ambiguous as to time and the term

17  "representations," "connection," and "relationship" and calls for speculation.  In addition,

18  this interrogatory violates the terms of the Stored Communications Act in that it potentially

19  seeks access to a third party server containing Responding Party private and irrelevant

20  communications.  Responding Party objects to this request on the grounds that it calls for

21  information that is protected by a right of privacy, including the right to privacy under

22  Article 1, Section 1, of the California Constitution.  Responding Party objects to this

23  request on the grounds that it calls for information which is neither relevant to the subject

24  matter of the litigation, nor reasonably calculated to lead to the discovery of admissible

25  evidence.  Responding Party objects to this request on the grounds that the information

26  or documents are equally available to the propounding party at the same expense.

27  Responding Party objects to this request on the grounds that it is unintelligible and

28  therefore is impossible for Responding Party to determine what documents are being

1   sought in this request.

2   REQUEST NO. 16

3        All documents and things concerning the operation and finances of Dophen

4   Biomed Inc., including the source of any funds it has received.

5   **RESPONSE TO REQUEST NO. 16**

6        Responding Party objects to this request on the grounds that it is overbroad and

7   unduly burdensome.  Responding Party objects to this request on the grounds that it calls

8   for information which is confidential, proprietary, and/or protected as a trade secret.

9   Responding Party objects to this request on the grounds that it calls for information

10  protected by the attorney client privilege.  Responding Party objects to this request on the

11  grounds that it calls for information that is protected by third party right of privacy.

12  Responding Party objects to this request on the grounds that it is vague, ambiguous, and

13  calls for speculation.  Responding Party objects to this request on the grounds that it calls

14  for information that is protected by a right of privacy, including the right to privacy under

15  Article 1, Section 1, of the California Constitution.  Responding Party objects to this

16  request on the grounds that the disclosure of such financial information is barred by Civil

17  Code section 3295(c).  Responding Party objects to this request on the grounds that it

18  calls for information which is neither relevant to the subject matter of the litigation, nor

19  reasonably calculated to lead to the discovery of admissible evidence.  Responding Party

20  objects to this request on the grounds that the information or documents are equally

21  available to the propounding party at the same expense.  Responding Party objects to this

22  request to the extent it calls for documents that are not the property of Responding Party,

23  but rather the property of another individual or entity, and subject to protection.

24  Responding Party objects to this request on the grounds that it contains subparts, or a

25  compound, conjunctive, or disjunctive question.

26  REQUEST NO. 17

27        Documents sufficient to show all former and current employees of Dophen Biomed

28  Inc.



16

**RESPONSE TO REQUEST NO. 17**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous as to time, and calls for speculation. Responding Party objects to this request on the grounds that it calls for information that is protected by a right of privacy, including the right to privacy under Article 1, Section 1, of the California Constitution. Responding Party objects to this request on the grounds that the disclosure of such financial information is barred by Civil Code section 3295(c). Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that the information or documents are equally available to the propounding party at the same expense. Responding Party objects to this request to the extent it calls for documents that are not the property of Responding Party, but rather the property of another individual or entity, and subject to protection. Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.

REQUEST NO. 18

Documents sufficient to show all past, current, and potential investors in Dophen Biomed Inc.

**RESPONSE TO REQUEST NO. 18**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret.



17

Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege.  Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy.  Responding Party objects to this request on the grounds that it is vague, ambiguous, and calls for speculation.  Responding Party objects to this request on the grounds that it calls for information that is protected by a right of privacy, including the right to privacy under Article 1, Section 1, of the California Constitution.  Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this request to the extent it calls for documents that are not the property of Responding Party, but rather the property of another individual or entity, and subject to protection.  Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question. Without waiving said objections, Responding Party responds as follows: There are none.

REQUEST NO. 19

All documents and things concerning any leases of CSPC Dophen's lab facilities in which you were involved.

**RESPONSE TO REQUEST NO. 19**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome.  Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege.  Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague, ambiguous, and calls for speculation.  Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  objects to this request on the grounds that the information or documents are equally

2  available to the propounding party at the same expense.  Without waiving said objections,

3  Responding Party responds as follows: Responding Party will produce any responsive

4  non-privileged, non-work product documents Responding Party can obtain after a diligent

5  search and reasonable inquiry, that CSPC Dophen does not possess.

6  REQUEST NO. 20

7  All documents and things supporting your allegations that "Dophen Biomedical" or

8  "Dophen Biomed" refers to your company Dophen Biomed Inc.

9  **RESPONSE TO REQUEST NO. 20**

10  Responding Party objects to this request on the grounds that it is overbroad and

11  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

12  for information which is confidential, proprietary, and/or protected as a trade secret.

13  Responding Party objects to this request on the grounds that it calls for information

14  protected by the attorney client privilege.  Responding Party objects to this request on the

15  grounds that it calls for information that is protected by third party right of privacy.

16  Responding Party objects to this request on the grounds that it is vague, ambiguous, and

17  calls for speculation.  Responding Party objects to this request on the grounds that it calls

18  for information which is neither relevant to the subject matter of the litigation, nor

19  reasonably calculated to lead to the discovery of admissible evidence.  Responding Party

20  objects to this request on the grounds that the information or documents are equally

21  available to the propounding party at the same expense.  Without waiving said objections,

22  Responding Party responds as follows: Responding Party will produce any responsive

23  non-privileged, non-work product documents Responding Party can obtain after a diligent

24  search and reasonable inquiry.

25  REQUEST NO. 21

26  All documents and things that reflect or refer to communications between or

27  among you and any current, former, or prospective investors of Dophen Biomed Inc.

28  ///



**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

**RESPONSE TO REQUEST NO. 21**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague, ambiguous, and calls for speculation. Responding Party objects to this request on the grounds that it calls for information that is protected by a right of privacy, including the right to privacy under Article 1, Section 1, of the California Constitution. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request to the extent it calls for documents that are not the property of Responding Party, but rather the property of another individual or entity, and subject to protection. Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question. Without waiving said objections, Responding Party responds as follows: Responding Party will produce any responsive non-privileged, non-work product documents Responding Party can obtain after a diligent search and reasonable inquiry.

REQUEST NO. 22

All documents and things that reflect or refer to communications between or among you and any current, former, or prospective customers of Dophen Biomed Inc.

**RESPONSE TO REQUEST NO. 22**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information

20

protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous as to time and the term "customer," and calls for speculation. Responding Party objects to this request on the grounds that it calls for information that is protected by a right of privacy, including the right to privacy under Article 1, Section 1, of the California Constitution. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request to the extent it calls for documents that are not the property of Responding Party, but rather the property of another individual or entity, and subject to protection. Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question. Without waiving said objections, Responding Party responds as follows: Responding Party will produce any responsive non-privileged, non-work product documents Responding Party can obtain after a diligent search and reasonable inquiry, that CSPC Dophen does not possess.

REQUEST NO. 23

All documents and things that reflect or refer to communications between or among you and any current, former, or prospective vendors or suppliers of Dophen Biomed Inc.

**RESPONSE TO REQUEST NO. 23**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous



**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  as to time and "vendors" and "suppliers", and calls for speculation.  Responding Party

2  objects to this request on the grounds that it calls for information that is protected by a

3  right of privacy, including the right to privacy under Article 1, Section 1, of the California

4  Constitution.  Responding Party objects to this request on the grounds that it calls for

5  information which is neither relevant to the subject matter of the litigation, nor reasonably

6  calculated to lead to the discovery of admissible evidence. Responding Party objects to

7  this request to the extent it calls for documents that are not the property of Responding

8  Party, but rather the property of another individual or entity, and subject to protection.

9  Responding Party objects to this request on the grounds that it contains subparts, or a

10  compound, conjunctive, or disjunctive question.   Without waiving said objections,

11  Responding Party responds as follows: Responding Party will produce any responsive

12  non-privileged, non-work product documents Responding Party can obtain after a diligent

13  search and reasonable inquiry.

14  REQUEST NO. 24

15      All payroll records show salaries or compensations Dophen Biomed Inc. has paid

16  to its employee(s).

17  **RESPONSE TO REQUEST NO. 24**

18      Responding Party objects to this request on the grounds that it is overbroad and

19  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

20  for information which is confidential, proprietary, and/or protected as a trade secret.

21  Responding Party objects to this request on the grounds that it calls for information

22  protected by the attorney client privilege.  Responding Party objects to this request on the

23  grounds that it calls for information that is protected by third party right of privacy.

24  Responding Party objects to this request on the grounds that it is vague, ambiguous, and

25  calls for speculation.  Responding Party objects to this request on the grounds that it calls

26  for information that is protected by a right of privacy, including the right to privacy under

27  Article 1, Section 1, of the California Constitution.  Responding Party objects to this

28  request on the grounds that it calls for information which is neither relevant to the subject

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1 | matter of the litigation, nor reasonably calculated to lead to the discovery of admissible

2 | evidence.  Responding Party objects to this request to the extent it calls for documents

3 | that are not the property of Responding Party, but rather the property of another individual

4 | or entity, and subject to protection.  Responding Party objects to this request on the

5 | grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.

6 | REQUEST NO. 25

7 |      All documents and things concerning bonuses paid to CSPC Dophen employees in

8 | Sacramento during the period September 27, 2011 through July 21, 2017.

9 | **RESPONSE TO REQUEST NO. 25**

10 |      Responding Party objects to this request on the grounds that it is overbroad and

11 | unduly burdensome.  Responding Party objects to this request on the grounds that it calls

12 | for information which is confidential, proprietary, and/or protected as a trade secret.

13 | Responding Party objects to this request on the grounds that it calls for information

14 | protected by the attorney client privilege.  Responding Party objects to this request on the

15 | grounds that it calls for information that is protected by third party right of privacy.

16 | Responding Party objects to this request on the grounds that it is vague, ambiguous, and

17 | calls for speculation.  Responding Party objects to this request on the grounds that it calls

18 | for information that is protected by a right of privacy, including the right to privacy under

19 | Article 1, Section 1, of the California Constitution.  Responding Party objects to this

20 | request on the grounds that it calls for information which is neither relevant to the subject

21 | matter of the litigation, nor reasonably calculated to lead to the discovery of admissible

22 | evidence.  Responding Party objects to this request to the extent it calls for documents

23 | that are not the property of Responding Party, but rather the property of another individual

24 | or entity, and subject to protection.  Responding Party objects to this request on the

25 | grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.

26 | REQUEST NO. 26

27 |      All documents and things relating to representations you made during July 21,

28 | 2017 to the present that you were, at the time the representation, employed by CSPC

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  Dophen.

2  **RESPONSE TO REQUEST NO. 26**

3       Responding Party objects to this request on the grounds that it is overbroad and
4  unduly burdensome.  Responding Party objects to this request on the grounds that it calls
5  for information which is confidential, proprietary, and/or protected as a trade secret.
6  Responding Party objects to this request on the grounds that it calls for information
7  protected by the attorney client privilege.  Responding Party objects to this request on the
8  grounds that it calls for information that is protected by third party right of privacy.
9  Responding Party objects to this request on the grounds that it is vague and ambiguous
10  as to " relating to" and "representations," and calls for speculation.  Responding Party
11  objects to this request on the grounds that it calls for information that is protected by a
12  right of privacy, including the right to privacy under Article 1, Section 1, of the California
13  Constitution. Responding Party's discovery and investigation in this matter is ongoing and
14  Responding Party reserves the right to rely upon any additional facts, theories, or other
15  information that it may hereafter discover or determine.  Responding Party objects on the
16  grounds that the information is electronically stored information and is not reasonably
17  accessible because of undue burden or cost.  In addition, this interrogatory violates the
18  terms of the Stored Communications Act in that it potentially seeks access to a third party
19  server containing Responding Party private and irrelevant communications.  Responding
20  Party objects to this request on the grounds that it calls for information which is neither
21  relevant to the subject matter of the litigation, nor reasonably calculated to lead to the
22  discovery of admissible evidence.  Responding Party objects to this request to the extent
23  it calls for documents that are not the property of Responding Party, but rather the
24  property of another individual or entity, and subject to protection.  Responding Party
25  objects to this request on the grounds that it contains subparts, or a compound,
26  conjunctive, or disjunctive question.  Responding Party objects to this request on the
27  grounds that it is unintelligible and therefore is impossible for Responding Party to
28  determine what documents are being sought in this request.

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

REQUEST NO. 27

All documents and things relating to any communications between you and any current or former employees of CSPC Dophen that occurred after July 1, 2017.

**RESPONSE TO REQUEST NO. 27**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague, ambiguous, and calls for speculation. Responding Party objects to this request on the grounds that it calls for information that is protected by a right of privacy, including the right to privacy under Article 1, Section 1, of the California Constitution. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request to the extent it calls for documents that are not the property of Responding Party, but rather the property of another individual or entity, and subject to protection. In addition, this interrogatory violates the terms of the Stored Communications Act in that it potentially seeks access to a third party server containing Responding Party private and irrelevant communications. Finally, Responding Party objects on the grounds that this information is equally accessible to Plaintiff. Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question. Responding Party's discovery and investigation in this matter is ongoing and Responding Party reserves the right to rely upon any additional facts, theories, or other information that it may hereafter discover or determine. Responding Party objects on the grounds that the information is electronically stored information and is not reasonably accessible because of undue burden or cost.



**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1   Without waiving said objections, Responding Party responds as follows: Responding Party

2   will produce any responsive non-privileged, non-work product documents Responding

3   Party can obtain after a diligent search and reasonable inquiry, that CSPC Dophen does

4   not possess.

5   REQUEST NO. 28

6       All documents and things that reflect or refer to agreements executed by you

7   in connection with your employment during the period September 27, 2011 through

8   July 21, 2017.

9   **RESPONSE TO REQUEST NO. 28**

10      Responding Party objects to this request on the grounds that it is overbroad and

11  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

12  for information which is confidential, proprietary, and/or protected as a trade secret.

13  Responding Party objects to this request on the grounds that it calls for information

14  protected by the attorney client privilege.  Responding Party objects to this request on the

15  grounds that it calls for information that is protected by third party right of privacy.

16  Responding Party objects to this request on the grounds that it is vague and ambiguous

17  as to time and the terms "reflect or refer to," "agreements," "in connection with your

18  employment," and calls for speculation.   Responding Party objects to this request on the

19  grounds that it calls for information that is protected by a right of privacy, including the

20  right to privacy under Article 1, Section 1, of the California Constitution.  Responding Party

21  objects on the grounds that this information is equally accessible to Plaintiff.  Responding

22  Party objects to this request on the grounds that it calls for information which is neither

23  relevant to the subject matter of the litigation, nor reasonably calculated to lead to the

24  discovery of admissible evidence.  Responding Party objects to this request to the extent

25  it calls for documents that are not the property of Responding Party, but rather the

26  property of another individual or entity, and subject to protection.   Responding Party

27  objects to this request on the grounds that it contains subparts, or a compound,

28  conjunctive, or disjunctive question.  Without waiving said objections, Responding Party

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

KROGH & DECKER
LLP
ATTORNEYS AT LAW
K&D

1  responds as follows: Responding Party will produce any responsive non-privileged, non-

2  work product documents Responding Party can obtain after a diligent search and

3  reasonable inquiry, that CSPC Dophen does not possess.

4  REQUEST NO. 29

5       All documents and things that reflect or refer to communications between or

6  among you and any third-party concerning CSPC Dophen, "Dophen Biomedical" or

7  "Dophen Biomed."

8  **RESPONSE TO REQUEST NO. 29**

9       Responding Party objects to this request on the grounds that it is overbroad and

10  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

11  for information which is confidential, proprietary, and/or protected as a trade secret.

12  Responding Party objects to this request on the grounds that it calls for information

13  protected by the attorney client privilege.  Responding Party objects to this request on the

14  grounds that it calls for information that is protected by third party right of privacy.

15  Responding Party objects to this request on the grounds that it is vague and ambiguous

16  as to time and the terms "reflect or refer to," and "third-parties," and calls for speculation.

17  Responding Party objects to this request on the grounds that it calls for information that

18  is protected by a right of privacy, including the right to privacy under Article 1, Section 1,

19  of the California Constitution.  Responding Party objects to this request on the grounds

20  that it calls for information which is neither relevant to the subject matter of the litigation,

21  nor reasonably calculated to lead to the discovery of admissible evidence.  Responding

22  Party objects to this request to the extent it calls for documents that are not the property

23  of Responding Party, but rather the property of another individual or entity, and subject to

24  protection.   In addition, this interrogatory violates the terms of the Stored

25  Communications Act in that it potentially seeks access to a third party server containing

26  Responding Party private and irrelevant communications.   Finally, Responding Party

27  objects on the grounds that this information is equally accessible to Plaintiff.  Responding

28  Party objects to this request on the grounds that it contains subparts, or a compound,

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**

1  conjunctive, or disjunctive question. Responding Party's discovery and investigation in
2  this matter is ongoing and Responding Party reserves the right to rely upon any additional
3  facts, theories, or other information that it may hereafter discover or determine.
4  Responding Party objects on the grounds that the information is electronically stored
5  information and is not reasonably accessible because of undue burden or cost.
6  Responding Party objects to this request on the grounds that it is unintelligible and
7  therefore is impossible for Responding Party to determine what documents are being
8  sought in this request.

9  REQUEST NO. 30

10  　　　　All documents and things that reflect or refer to communications between or
11  among you and any current, former, or prospective customer of CSPC Dophen.

12  **RESPONSE TO REQUEST NO. 30**

13  　　　　Responding Party objects to this request on the grounds that it is overbroad and
14  unduly burdensome. Responding Party objects to this request on the grounds that it calls
15  for information which is confidential, proprietary, and/or protected as a trade secret.
16  Responding Party objects to this request on the grounds that it calls for information
17  protected by the attorney client privilege. Responding Party objects to this request on the
18  grounds that it calls for information that is protected by third party right of privacy.
19  Responding Party objects to this request on the grounds that it is vague and ambiguous
20  as to time and the term "reflect or refer to," and "customer," and calls for speculation.
21  Responding Party objects to this request on the grounds that it calls for information that
22  is protected by a right of privacy, including the right to privacy under Article 1, Section 1,
23  of the California Constitution. Responding Party objects to this request on the grounds
24  that it calls for information which is neither relevant to the subject matter of the litigation,
25  nor reasonably calculated to lead to the discovery of admissible evidence. Responding
26  Party objects to this request to the extent it calls for documents that are not the property
27  of Responding Party, but rather the property of another individual or entity, and subject to
28  protection. Responding Party's discovery and investigation in this matter is ongoing and

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

Responding Party reserves the right to rely upon any additional facts, theories, or other information that it may hereafter discover or determine. Responding Party objects on the grounds that the information is electronically stored information and is not reasonably accessible because of undue burden or cost. Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question. Without waiving said objections, Responding Party responds as follows: Responding Party does not possess any such documents.

REQUEST NO. 31

All documents and things that reflect or refer to any communications between or among you and any third party concerning the existence or terms of any agreement you have entered into with CSPC Dophen, including but not limited to the letter you signed accepting employment with CSPC Dophen, the Acknowledgement of Policy of Conflict of Interest between you and CSPC Dophen that was executed by you on or about April 3, 2013, and the Non-Disclosure Agreement between you and CSPC Dophen that was executed by you on or about April 3, 2013.

**RESPONSE TO REQUEST NO. 31**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous as to the terms "reflect or refer to," and "third party," calls for speculation. Responding Party objects to this request on the grounds that it calls for information that is protected by a right of privacy, including the right to privacy under Article 1, Section 1, of the California Constitution. In addition, this interrogatory violates the terms of the Stored Communications Act in that it potentially seeks access to a third party server containing

29

1   Responding Party private and irrelevant communications.   Finally, Responding Party

2   objects on the grounds that this information is equally accessible to Plaintiff.   Responding

3   Party objects to this request on the grounds that it calls for information which is neither

4   relevant to the subject matter of the litigation, nor reasonably calculated to lead to the

5   discovery of admissible evidence.   Responding Party's discovery and investigation in this

6   matter is ongoing and Responding Party reserves the right to rely upon any additional

7   facts, theories, or other information that it may hereafter discover or determine.

8   Responding Party objects on the grounds that the information is electronically stored

9   information and is not reasonably accessible because of undue burden or cost.

10  Responding Party objects to this request to the extent it calls for documents that are not

11  the property of Responding Party, but rather the property of another individual or entity,

12  and subject to protection.   Responding Party objects to this request on the grounds that

13  it contains subparts, or a compound, conjunctive, or disjunctive question.   Without waiving

14  said objections, Responding Party responds as follows: Responding Party will produce

15  any responsive non-privileged, non-work product documents Responding Party can obtain

16  after a diligent search and reasonable inquiry, that CSPC Dophen does not possess.

17  REQUEST NO. 32

18        Documents sufficient to identify the corporate structure and organization chart

19  for Dophen Biomed Inc.

20  **RESPONSE TO REQUEST NO. 32**

21        Responding Party objects to this request on the grounds that it is overbroad and

22  unduly burdensome.   Responding Party objects to this request on the grounds that it calls

23  for information which is confidential, proprietary, and/or protected as a trade secret.

24  Responding Party objects to this request on the grounds that it calls for information

25  protected by the attorney client privilege.   Responding Party objects to this request on the

26  grounds that it calls for information that is protected by third party right of privacy.

27  Responding Party objects to this request on the grounds that it is vague, ambiguous, and

28  calls for speculation.   Responding Party objects to this request on the grounds that it calls

**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  for information that is protected by a right of privacy, including the right to privacy under

2  Article 1, Section 1, of the California Constitution.  Responding Party objects to this

3  request on the grounds that it calls for information which is neither relevant to the subject

4  matter of the litigation, nor reasonably calculated to lead to the discovery of admissible

5  evidence.  Responding Party objects to this request to the extent it calls for documents

6  that are not the property of Responding Party, but rather the property of another individual

7  or entity, and subject to protection.  Responding Party objects to this request on the

8  grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.

9  Without waiving said objections, Responding Party responds as follows: Responding Party

10  will produce any responsive non-privileged, non-work product documents Responding

11  Party can obtain after a diligent search and reasonable inquiry, that CSPC Dophen does

12  not possess.

13

14  DATED: November 30, 2017                    KROGH & DECKER, LLP

15

16                                              By:_____/s/ Andrea M. Close_____

17                                                 ANDREA M. CLOSE
                                                   Attorney for Defendant and
                                                   Counter-Claimant
18                                                 ZHIXIANG HU, also known as SEAN
                                                   HU
19

20

21

22

23

24

25

26

27

28



31
**SEAN HU'S RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB