# EXHIBIT D

**KROGH & DECKER, LLP**
SHAWN M. KROGH (SBN 227116)
shawnkrogh@kroghdecker.com
ANDREA M. CLOSE (SBN 309324)
andreaclose@kroghdecker.com
555 Capitol Mall, Suite 700
Sacramento, California 95814
Telephone: 916.498.9000
Facsimile: 916.498.9005

Attorneys for Defendant and Counter-Claimant
ZHIXIANG HU, also known as SEAN HU

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ZHIXIANG HU, also known as SEAN HU, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No.:   2:17-CV-01895-MCE-DB<br><br>Assigned to Chief Judge: Morrison C. England, Jr.<br><br>**DEFENDANT SEAN HU'S RESPONSES TO CSPC DOPHEN CORPORATION'S INTERROGATORIES (SET ONE)**<br><br>Action Filed: September 11, 2017<br>Trial Date:    TBD |

**PROPOUNDING PARTY:**  Plaintiff CSPC DOPHEN CORPORATION

**RESPONDING PARTY:**    Defendant and Counter-Claimant SEAN HU

**SET NUMBER:**          ONE

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant and Counter-Claimant SEAN HU ("Responding Party") hereby provides these Responses to Interrogatories (Set 1) propounded by Plaintiff CSPC DOPHEN CORPORATION, served by United States Mail on October 31, 2017, as follows:

**PRELIMINARY STATEMENT**

Responding Party continues to pursue their investigation and analysis of the facts and law relating to this case. Responding Party has not completed their trial preparation.



Responding Party's Responses are therefore limited to information and records that are presently known and available to them. These Responses are therefore made without prejudice to Defendant's right to modify, supplement, add to, or amend these responses as a result of subsequently discovered facts or in order to correct any inadvertent errors or omissions. The Responses set forth herein are made in a good faith effort to supply as much factual information as possible, but in no way prejudice Defendant, in relation to further discovery, investigation, research, and/or analysis.

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. Responding Party reserves the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Responding Party likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents.

**GENERAL OBJECTIONS**

Responding Party objects to these Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege or the attorney work product doctrine, or any other privilege recognized under the law. Accordingly, Responding Party will not provide a response to any Interrogatories calling for attorney-client privileged conversations, attorney work product or other privileged materials. Responding Party objects to these Interrogatories to the extent that they seek discovery of facts which are neither relevant to a claim or defense nor reasonably calculated to lead to discovery of admissible evidence. Responding Party further objects to any Interrogatory or part thereof which purports to require them to provide information that is equally available to Plaintiff.

INTERROGATORY NO. 1

Identify with particularity all documents and things that are still in your possession that you received from CSPC Dophen or accessed, copied, or removed from CSPC Dophen computers or networks, including but not limited to all documents and things relating to CSPC Dophen's drug DP303.

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party objects to this Request on the grounds that it is overly broad and that compliance with the request would be unduly burdensome.  Responding Party objects on the grounds that this Request is vague and ambiguous.  Furthermore, Responding Party objects to the extent that this request calls for information that is privileged on the grounds that contains private and confidential financial, trade secret, private information belonging to third parties, and/or tax information.  In addition, this interrogatory violates the terms of the Stored Communications Act in that it potentially seeks access to a third-party server containing Responding Party's private and irrelevant communications.  Finally, Responding Party objects on the grounds that this information is equally accessible to Plaintiff.  Without waiving said objections, Responding Party responds as follows: Responding Party is in possession of a laptop computer and a cell phone, which he is willing to turn over as soon as is convenient for the parties.

INTERROGATORY NO. 2

For the documents and things identified in your answer to Interrogatory No. 1 above, identify on a document by document basis any third party that you have disclosed these documents and things to.

**RESPONSE TO INTERROGATORY NO. 2**

Responding Party objects to this Request on the grounds that it is overly broad and that compliance with the request would be unduly burdensome.  Responding Party objects on the grounds that this Request is vague and ambiguous.  Furthermore, Responding Party objects to the extent that this request calls for information that is privileged on the grounds that contains private and confidential financial, trade secret,

private information belonging to third parties, and/or tax information. In addition, this Interrogatory violates the terms of the Stored Communications Act in that it potentially seeks access to a third-party server containing Responding Party's private and irrelevant communications. Finally, Responding Party objects on the grounds that this information is equally accessible to Plaintiff. Without waiving said objections, Responding Party responds as follows: At this time, Responding Party is not aware of any documents in his possession. However, discovery is ongoing and Responding Party reserves the right to supplement this response.

INTERROGATORY NO. 3

Identify all communications you have had with third parties, the National Institute of Health, or the Food and Drug Administration regarding CSPC Dophen, Dophen Biomed Inc., NIH grant funding, or Investigational New Drug Application No. 130699.

**RESPONSE TO INTERROGATORY NO. 3**

Responding Party objects to this Request on the grounds that it is overly broad and that compliance with the request would be unduly burdensome as it seeks a potentially unlimited number of email communications which outweighs any probative value of the evidence sought to be obtained in connection with said Request. Responding Party objects on the grounds that this Request is vague and ambiguous as to time and the term "third parties" as the term was not defined. Furthermore, Responding Party objects to the extent that this request calls for information that is privileged on the grounds that contains private and confidential financial, trade secret, private information belonging to third parties, and/or tax information, which Responding Party will only produce pursuant to a stipulated protective order. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. In addition, this Interrogatory violates the terms of the Stored Communications Act in that it potentially seeks access to a third-party server containing Responding Party's private and irrelevant communications. Responding Party objects on the grounds that the information is electronically stored information and is not reasonably accessible because of undue

burden or cost.  Responding Party's discovery and investigation in this matter is ongoing and Responding Party reserves the right to rely upon any additional facts, theories, or other information that it may hereafter discover or determine.  Finally, Responding Party objects on the grounds that this information is equally accessible to Plaintiff.  Without waiving said objections, Responding Party responds as follows:  As there is no agreed upon Electronically Stored Information ("ESI") protocol, the following is a list of responsive email communications that have been discovered at this point:

- Email correspondence dated April 25, 2017 from Lisha Allen to Sean Hu re New Contact for IND130699 SN 0000 for Dophen;
- Email correspondence dated April 25, 2017 from Sean Hu to Shawn Wang re New Contact for IND130699 SN 0000 for Dophen;
- Email correspondence dated April 25, 2017 from Jan Fang to Sean Hu re New Contact for IND130699 SN 0000 for Dophen;
- Email correspondence dated April 25, 2017 from Sakar Wahby to Sean Hu re FDA Communication, IND130699/DP303c/Deficiency – Time Sensitive;
- Email correspondence dated April 25, 2017 from Sean Hu to Jan Fang re FDA Communication, IND130699/DP303c/Deficiency – Time Sensitive;
- Email Correspondence dated July 19, 2016 from Lixin Feng to Sean Hu and Lisha Allen re Fwd: FDA Communication, Pre-IND130699/DP303c/Final Written Responses;
- Email Correspondence dated July 19, 2016 from Sean Hu to Yingui Li re Fwd: FDA Communication, Pre-IND130699/DP303c/Final Written Responses;
- Email correspondence dated May 26, 2017 from Sakar Wahby to Sean Hu re FDA Communication, IND130699/DP303c/Full Clinical Hold;
- Email correspondence dated May 26, 2017 from Sean Hu to Lisha Allen, Lixin Feng and others re FDA Communication, IND130699/DP303c/Full Clinical Hold;
- Email correspondence dated May 17, 2017 from Sakar Wahby to Sean Hu re FDA Communication, IND130699/DP303c/IND Hold Teleconference;

- Email correspondence dated May 25, 2017 from Sean Hu re FDA Communication, IND130699/DP303c/ IND Hold Teleconference.

INTERROGATORY NO. 4

Identify the password or log in information for any account containing CSPC Dophen property that you are in possession of, including any CSPC Dophen email accounts.

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party objects to this Request on the grounds that it is overly broad and that compliance with the request would be unduly burdensome as it seeks an unlimited number of email communications which outweighs any probative value of the evidence sought to be obtained in connection with said Request. Responding Party objects on the grounds that this Request is vague and ambiguous as to the term "CSPC Dophen email accounts" as the term was not defined. Furthermore, Responding Party objects to the extent that this request calls for information that is privileged on the grounds that contains private and confidential financial, trade secret, private information belonging to third parties, and/or tax information. In addition, this Interrogatory violates the terms of the Stored Communications Act in that it potentially seeks access to a third-party server containing Responding Party's private and irrelevant communications. Finally, Responding Party objects on the grounds that this information is equally accessible to Plaintiff. Without waiving said objections, Responding Party responds as follows: Responding Party responds on the basis that "CSPC Dophen email accounts" refers to the email account ending in ecspc.com. The last known username and password information that was in the possession of Responding Party was:

Username:   Sean.Hu

Password:   Jane1205

INTERROGATORY NO. 5

Identify the contents of any bank account you maintain access to which contains funds belonging to CSPC Dophen, listing the source and quantity of all funds.



**RESPONSE TO INTERROGATORY NO. 5**

Responding Party objects to this Request on the grounds that it is overly broad and that compliance with the request would be unduly burdensome and outweighs any probative value of the evidence sought to be obtained in connection with said Request. Responding Party objects on the grounds that this Request is vague and ambiguous as to time and the term "funds belonging to CSPC Dophen." Furthermore, Responding Party objects to the extent that this request calls for information that is privileged on the grounds that contains private and confidential financial, trade secret, private information belonging to third parties, and/or tax information. Responding Party objects to this request on the grounds that it calls for information that is protected by a right of privacy, including the right to privacy under Article 1, Section 1, of the California Constitution. Responding Party objects to this request on the grounds that the disclosure of such financial information is barred by Civil Code section 3295(c). Finally, Responding Party objects on the grounds that this information is equally accessible to Plaintiff.

INTERROGATORY NO. 6

Identify the research equipment and reagents to which you refer in Paragraph 13 of the Declaration of Zhixiang "Sean" Hu.

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that the information is equally available to the propounding party at the same expense. Responding Party objects to this request on the grounds that the information has already been provided to the propounding party. Responding Party objects on the grounds that this request is duplicative and harassing, and intended to unnecessarily burden Responding Party.

///

///



Without waiving said objections, Responding Party responds as follows:

    1. Sanyo MDF-c8v1 (the little 3 cubic feet -80C freezer);

    2. LTQ Orbitrap Mass Spectrometer total package;

    3. Agilent Chemstation Software;

    4. SpectraMax Software;

    5. XL fit program (on Tecan computer);

    6. 3 different mTgase proteins (Streptoverticillium mobaraense, Streptoverticillium ladakanum, and Streptoverticillium lydicus) from Novozymes;

    7. Anti-Her2 and Anti-PD1 from Henlius Biopharmaceuticals;

    8. IFN and hGH 100mg from Novoprotein, PEGs from PEG Bio;

    9. Mammalian cell: all Baf3 cell lines (not commercial, original was gift from Novo Nordisk colleagues);

    10. E. coli: BL21(DE3), BL21 Lys, and 3 other related BL21 expression strains; TG1, XL blue;

    11. Bacillus: All bacillus strains;

    12. Yeast: G115;

    13. Plasmids: two boxes of vectors on hGH, IFN, hGH-R, EKL, mTgase and its mutants;

    14. Sequencing primers: for hGH, hGH-R, mTgase, Yeast alpha factor pro;

    15. Books, two HP laptops, one scanner;

    16. Tools: wrenches, cable crimper, stud finder, router.

<u>INTERROGATORY NO. 7</u>

    Describe the operations of Dophen Biomed, Inc., including but not limited to identifying all current and former employees.

**RESPONSE TO INTERROGATORY NO. 7**

    Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request

on the grounds that the information is equally available to the propounding party at the same expense. Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous as to the term "operations." Responding Party objects on the grounds that the Interrogatory calls for a lengthy narrative. Without waiving said objections, Responding Party responds as follows:

Dophen Biomed Inc. conducted antibody-drug conjugate research based on Dr. Zhixiang Hu's transglutaminase (mTgase) conjugation technology. Drs. Ayala Luria, Zhe Yan, Mark Ma, Jayakumar Poovassery, Lixin Feng, Rubin Yang, Lisha Allen, Jasmine Xong, and Ashely Smith actively participated in Dophen Biomed Inc.' s daily operations and research.

INTERROGATORY NO. 8

If you contend that you own the dophenbiomed.com email accounts, explain in detail the basis for your contention, including all facts, documents, and evidence you contend support your allegations and all witnesses upon whose testimony you may rely to support your allegation.

**RESPONSE TO INTERROGATORY NO. 8**

Responding Party objects to this request on the grounds that the information is equally available to the propounding party at the same expense. Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous as to the term "dophenbiomed.com email accounts." Responding Party

objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question in violation of California Code of Civil Procedure Section 2030.060, subsection f.  Responding Party objects on the grounds that the Interrogatory calls for a lengthy narrative.  Without waiving said objections, Responding Party responds as follows:  Responding Party is the registered owner of the Google-based domain name <dophenbiomed.com> and thus has the right to everything related to the domain, including associated email accounts.  Responding Party's personal credit cards have been the primary source of payment in order to maintain the domain name and its use on a monthly basis.  Ashley Smith, other unknown CSPC Dophen personnel, and Responding Party are potential witnesses.

<u>INTERROGATORY NO. 9</u>

Describe your decision to incorporate Dophen Biomed Inc.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome.  Responding Party objects to this request on the grounds that it is vague and ambiguous.  Finally, Responding Party objects on the grounds that the interrogatory calls for a lengthy narrative.  Without waiving said objections, Responding Party responds as follows:

Dr. Hu's sole proprietorship Dophen Biomed and CSPC Dophen originally agreed to enter into a joint venture wherein Dr. Hu would provide technology and CSPC Dophen would contribute capital.  However, due to financial difficulties, CSPC Dophen was unable to pay the originally agreed upon lump sum of $5 million dollars.  The parties agreed that CSPC Dophen would take care of the monthly expenses of the lab in lieu of the lump sum payment.  However, financial issues plagued CSPC Dophen and these monthly payments were often difficult.  There were many occasions where there was no money left to pay salary or the monthly credit card debt accrued.  Dr. Hu and other staff members contacted

CSPC Dophen personnel on many occasions in order to request funding in order to cover the bare minimum expenses. It became obvious to both parties that CSPC Dophen could not sustain its agreement to fund the research lab. CSPC's representative Yingui Li and CSPC chairman Dongchen Cai had told Dr. Hu on many occasions to seek external funding to be self-sufficient. Sometime in January 2013, Jinxu Wang was not satisfied with the progress and indicated to Dr. Hu that the lab may be closed.

After many unsuccessful attempts to solicit investment or collaborations, it became clear that with CSPC Limited's 100% ownership of CSPC Dophen, there was no chance for any external funding. On or about January 22, 2014, Responding Party and Jinxu Wang discussed the possibility of restructuring CSPC Dophen so that 51% of it was owned by US employees, which would make grant funding available. Jinxu Wang replied that he would consult with Mr. Cai to make a decision. On April 17, 2014, he came to California to meet with Responding Party and other lab members. During his stay at CSPC Dophen between April 17 and April 19, 2014, he conveyed the reluctance of CSPC Limited to give up 51% ownership of CSPC Dophen. They then discussed the idea of registering and incorporating a separate US owned small entity for grant application and Jinxu Wang agreed. Upon the approval of Jinxu Wang, Jasmine Xong started the registration of Dophen Biomed Inc. on or about April 18, 2014.

INTERROGATORY NO. 10

If you contend that Dophen Biomed Inc. is related to CSPC Dophen or CSPC Pharmaceutical Group Limited, explain in detail the basis for your contention, including all facts, documents, and evidence you contend support your allegation and all witnesses upon whole testimony you may rely to support your allegation.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to



this request on the grounds that it is vague and ambiguous as to "related." Finally, Responding Party objects on the grounds that the interrogatory calls for a lengthy narrative. Without waiving said objections, Responding Party responds as follows: Responding Party contends that Dophen Biomed, Inc. was an independent company.

INTERROGATORY NO. 11

Describe your decision to apply for grants from the National Institutes of Health ("NIH") for Dophen Biomed Inc.

**RESPONSE TO INTERROGATORY NO. 11**

Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it is vague and ambiguous. Finally, Responding Party objects on the grounds that the interrogatory calls for a lengthy narrative. Without waiving said objections, Responding Party responds as follows: Dophen Biomed Inc. applied for Small Business Innovative Research (SBIR) grant administered by NIH. Due to CSPC's financial difficulties, it became obvious to both Dr. Hu and CSPC Dophen that CSPC Dophen could not sustain its agreement to fund the research lab. CSPC's representative Yingui Li and CSPC chairman Dongchen Cai had told Dr. Hu on many occasions to seek external funding to be self-sufficient.

On May 2, 2013, Yingui Li, wrote a 3-year plan for Dophen Biomed, quote" 因此2013~2015年是公司发展至关重要的3年，我们计划通过加快项目开发、加强对外联系，完善公司管理构架，在三年内建立公司与国际大型生物及制药公司的长期合作关系、实现财务独立并具备在纳斯达克上市的基础条件。"English Translation: "Years 2013 to 2015 would be most important time for us. We will speed up project development, strengthen business development, formalize organization structure. In these 3 years, we need to build long term collaboration ties with international biotech and pharmaceutical companies, be financially independent and to satisfy the requirements to go public on

NASDAQ." It was clear to everyone that CSPC Dophen intended for the joint venture to be financially independent of CSPC Dophen.

INTERROGATORY NO. 12

Identify all former, current, and prospective investors of Dophen Biomed Inc.

**RESPONSE TO INTERROGATORY NO. 12**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous as to time and calls for speculation. Without waiving said objections, Responding Party responds as follows: None.

INTERROGATORY NO. 13

Describe all representations you made regarding the relationship between Dophen Biomed, Inc. and CSPC Dophen, including the content of each representation, the recipient of each representation, and the dates and circumstances of each representation.

**RESPONSE TO INTERROGATORY NO. 13**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret, which Responding Party will only produce pursuant to a stipulated protective order. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding

Party objects to this request on the grounds that it is vague and ambiguous as to time and the terms "representations," and "relationship", and calls for speculation. Responding Party objects to this request on the grounds that the information or documents are equally available to the propounding party at the same expense. In addition, this interrogatory violates the terms of the Stored Communications Act in that it potentially seeks access to a third-party server containing Responding Party private and irrelevant communications. Responding Party objects to this request on the grounds that responding would be burdensome and oppressive. Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question. Responding Party objects on the grounds that the information is electronically stored information and is not reasonably accessible because of undue burden or cost. Finally, the Responding Party objects on the grounds that the information is not reasonably accessible because of undue burden or cost. Without waiving said objections, Responding Party responds as follows: Any communications regarding such representations are stored on the ecspc email server and Responding Party's office computer.

INTERROGATORY NO. 14

Describe any disclosure you made to any third parties relating to CSPC Dophen's drug DP303c, including where the disclosure was made, to whom the disclosure was made, the content of the disclosure, whether the disclosure was oral or written, and whether the disclosure was specified as confidential.

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret, which Responding Party will only produce pursuant to a protective order. Responding Party objects to this request on the grounds



that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it is vague and ambiguous as to time and the term "disclosure," "third parties," and "relating to", and calls for speculation. Responding Party objects to this request on the grounds that the information or documents are equally available to the propounding party at the same expense. Responding Party objects to this request on the grounds that responding would be burdensome and oppressive. Responding Party objects on the grounds that the information is electronically stored information and is not reasonably accessible because of undue burden or cost. In addition, this interrogatory violates the terms of the Stored Communications Act in that it potentially seeks access to a third-party server containing Responding Party private and irrelevant communications. Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question. Without waiving said objections, Responding Party responds as follows: The only disclosures, that we can determine at this time, were made to third parties concerning the DP303c drug were non-confidential communications made via email to the FDA and NIH.

- On April 27, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning submission requirements for the IND application; missing signature page on the draft report and confirmation of submission.
- On April 25, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning deficiencies in the filing of the IND application and how to proceed with correcting the error.
- On May 4, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning the informed consent form associated with the IND application.
- On May 9, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning IND clinical protocol revisions.

- On May 12, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning IND clinical protocol revisions.
- On May 14, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning IND clinical protocol revisions and submission of IND application.
- On May 16, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning cell bank viral test report.
- On May 17, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning receipt of telephone conference instructions.
- On May 16, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning advice on the progress of IND application.
- On May 16, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning unfinished testing for application.
- On May 17, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning revisions to IND application.
- September 14, 2017, Dr. Hu communicated With Eileen Morgan of the NIH concerning animal welfare assurance compliance.

DATED: November 30, 2017                     KROGH & DECKER, LLP


                                             By:_____/s/ Andrea M. Close_____
                                                 ANDREA M. CLOSE
                                                 Attorney for Defendant and
                                                 Counter-Claimant
                                                 ZHIXIANG HU, also known as SEAN HU



VERIFICATION TO FOLLOW

---
1

**VERIFICATION**

# VERIFICATION

I, ZHIXIANG HU aka SEAN HU, I am familiar with the contents of ZHIXIANG HU aka SEAN HU'S RESPONSES TO CSPC DOPHEN CORPORATION'S INTERROGATORIES (SET ONE). The information supplied therein is either based upon my own personal knowledge or has been supplied to me by attorney or other agents, and is therefore provided as required by law. I hereby verify that the information contained in the foregoing document is true, except any information that was provided to me by my attorneys or other agents, and as to that information, I hereby verify that I am informed and believe this information is true.

Dated: Nov. 13, 2017

By: _____
ZHIXIANG HU aka SEAN HU