# EXHIBIT E

**KROGH & DECKER, LLP**
SHAWN M. KROGH (SBN 227116)
shawnkrogh@kroghdecker.com
ANDREA M. CLOSE (SBN 309324)
andreaclose@kroghdecker.com
555 Capitol Mall, Suite 700
Sacramento, California 95814
Telephone: 916.498.9000
Facsimile: 916.498.9005

Attorneys for Defendant and Counter-Claimant
ZHIXIANG HU, also known as SEAN HU

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CSPC DOPHEN CORPORATION, | Case No.:    2:17-CV-01895-MCE-DB |
| Plaintiff, | Assigned to Chief Judge: Morrison C. England, Jr. |
| vs. | **DEFENDANT SEAN HU'S SUPPLEMENTAL RESPONSES TO CSPC DOPHEN CORPORATION'S REQUESTS FOR PRODUCTION (SET ONE)** |
| ZHIXIANG HU, also known as SEAN HU, an individual, | |
| Defendant. | Action Filed: September 11, 2017 |
| | Trial Date:    TBD |
| AND RELATED COUNTERCLAIM. | |

**PROPOUNDING PARTY:  Plaintiff CSPC DOPHEN CORPORATION**

**RESPONDING PARTY:     Defendant and Counter-Claimant SEAN HU**

**SET NUMBER:             ONE**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and Counter-Claimant SEAN HU (RESPONDING PARTY) hereby provides these Supplemental Responses to Request for Production (Set 1) propounded by Plaintiff CSPC DOPHEN CORPORATION, served by United States Mail on October 31, 2017, as follows:

**PRELIMINARY STATEMENT**

Responding Party continues to pursue their investigation and analysis of the facts and law relating to this case.  Responding Party has not completed their trial preparation.

1

1  Responding Party's Responses are therefore limited to information and records that are

2  presently known and available to them.  These Responses are therefore made without

3  prejudice to Defendant's right to modify, supplement, add to, or amend these responses

4  as a result of subsequently discovered facts or in order to correct any inadvertent errors

5  or omissions.  The Responses set forth herein are made in a good faith effort to supply

6  as much factual information as possible, but in no way prejudice Defendant, in relation to

7  further discovery, investigation, research, and/or analysis.

8      The inadvertent production or disclosure of any privileged documents or

9  information shall not constitute or be deemed to be a waiver of any applicable privilege

10  with respect to such document or information (or the contents or subject matter thereof)

11  or with respect to any other such document or discovery now or hereafter requested or

12  provided.  Responding Party reserves the right not to produce documents that are in part

13  protected by privilege, except on a redacted basis, and to require the return of any

14  document (and all copies thereof) inadvertently produced.   Responding Party likewise

15  does not waive the right to object, on any and all grounds, to (1) the evidentiary use of

16  documents produced in response to these requests; and (2) discovery requests relating

17  to those documents.

18                          **GENERAL OBJECTIONS**

19      Responding Party objects to these Interrogatories to the extent they seek

20  information protected from disclosure by the attorney-client privilege or the attorney work

21  product doctrine, or any other privilege recognized under the law.    Accordingly,

22  Responding Party will not provide a response to any interrogatories calling for attorney-

23  client privileged conversations, attorney work product or other privileged materials.

24  Responding Party objects to these Interrogatories to the extent that they seek discovery

25  of facts which are neither relevant to a claim or defense nor reasonably calculated to lead

26  to discovery of admissible evidence.    Responding Party further objects to any

27  Interrogatory or part thereof which purports to require them to provide information that is

28  equally available to Plaintiff.

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

REQUEST NO. 1

All documents and things that are still in your possession that you received from CSPC Dophen or accessed, copied, or removed from CSPC Dophen computers or networks, including but not limited to all documents and things relating to CSPC Dophen's drug DP303.

**RESPONSE TO REQUEST NO. 1**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague, ambiguous, and calls for speculation. Responding Party objects to this request on the grounds that the information or documents are equally available to the propounding party at the same expense. Without waiving said objections, Responding Party responds as follows: Responding Party is in possession of a laptop computer and cell phone, which he is willing to turn over as soon as is convenient for the parties. All CSPC Dophen documents were deposited on to a shared USB drive or on Responding Party's office computer which CSPC Dophen personnel have sole access to.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 1**

Responding Party maintains the following objection and withdraws the remainder: This request is objectionable on the grounds that it calls for information that is protected by third party right of privacy. Without waiving said objections, Responding Party responds as follows: Responding Party was in possession of a laptop computer and cell phone which were previously returned to Plaintiff. Since the occurrence of this production, Jaiying Fan, has claimed ownership of the laptop computer and the data contained therein and is disputing CSPC's ownership of the laptop computer. Responding party is unable



**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1   to comply with this request any further because the only item relating to this request that

2   remains in his possession, custody, or control contains the confidential information of

3   third parties.

4   REQUEST NO. 2

5       All communications with third parties regarding CSPC Dophen, Dophen Biomed

6   Inc., National Institute of Health grant funding, or Food and Drug Administration

7   Investigation New Drug Application No. 130699.

8   RESPONSE TO REQUEST NO. 2

9       Responding Party objects to this request on the grounds that it is overbroad and

10  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

11  for information which is confidential, proprietary, and/or protected as a trade secret.

12  Responding Party objects to this request on the grounds that it calls for information

13  protected by the attorney client privilege.  Responding Party objects to this request on the

14  grounds that it calls for information that is protected by third party right of privacy.

15  Responding Party objects to this request on the grounds that it is vague and ambiguous

16  as to time, and calls for speculation. Responding Party objects to this request on the

17  grounds that it calls for information which is neither relevant to the subject matter of the

18  litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

19  Responding Party objects to this request on the grounds that the information or

20  documents are equally available to the propounding party at the same expense.

21  Responding Party objects to this request on the grounds that it contains subparts, or a

22  compound, conjunctive, or disjunctive question.   Without waiving said objections,

23  Responding Party responds as follows: Responding Party will produce any responsive

24  non-privileged, non-work product documents Responding Party can obtain after a diligent

25  search and reasonable inquiry, that CSPC Dophen does not possess.

26  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 2**

27      Responding Party maintains the following objections and withdraws the remainder:

28  The request calls for information protected by the attorney client privilege and it is



4

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  overbroad and unduly burdensome in that it does not identify a time frame or capacity.

2  Responding Party withdraws his objections and responds as follows: Responding Party

3  agrees to comply with this request by producing HU000001-HU000262.

4  REQUEST NO. 3

5      All documents and things relating to any application for National Institute of Health

6  grant funding made on behalf of CSPC Dophen and/or Dophen Biomed Inc.

7  RESPONSE TO REQUEST NO. 3

8      Responding Party objects to this request on the grounds that it is overbroad and

9  unduly burdensome. Responding Party objects to this request on the grounds that it calls

10 for information which is confidential, proprietary, and/or protected as a trade secret.

11 Responding Party objects to this request on the grounds that it calls for information

12 protected by the attorney client privilege. Responding Party objects to this request on the

13 grounds that it calls for information that is protected by third party right of privacy.

14 Responding Party objects to this request on the grounds that it is vague and ambiguous

15 as to time and the term "relating to," and calls for speculation. Responding Party objects

16 to this request on the grounds that it calls for information which is neither relevant to the

17 subject matter of the litigation, nor reasonably calculated to lead to the discovery of

18 admissible evidence. Responding Party objects to this request on the grounds that the

19 information or documents are equally available to the propounding party at the same

20 expense.   Responding Party objects to this request on the grounds that it contains

21 subparts, or a compound, conjunctive, or disjunctive question.   Without waiving said

22 objections, Responding Party responds as follows: Responding Party will produce any

23 responsive non-privileged, non-work product documents Responding Party can obtain

24 after a diligent search and reasonable inquiry, that CSPC Dophen does not possess.

25 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 3**

26      Responding Party maintains the following objections and withdraws the remainder:

27 The request calls for information protected by the attorney client privilege and it is

28 overbroad and unduly burdensome in that it does not identify a time frame or capacity.

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1   Without waiving said objections, Responding Party agrees to comply with this request by

2   producing HU000001-HU000262.

3   REQUEST NO. 4

4       All documents and things relating to any application made to the Food and Drug

5   Administration made on behalf of CSPC Dophen and/or Dophen Biomed Inc., including

6   but not limited to Investigation New Drug Application No. 130699.

7   RESPONSE TO REQUEST NO. 4

8       Responding Party objects to this request on the grounds that it is overbroad and

9   unduly burdensome.  Responding Party objects to this request on the grounds that it calls

10  for information which is confidential, proprietary, and/or protected as a trade secret.

11  Responding Party objects to this request on the grounds that it calls for information

12  protected by the attorney client privilege.  Responding Party objects to this request on the

13  grounds that it calls for information that is protected by third party right of privacy.

14  Responding Party objects to this request on the grounds that it is vague and ambiguous

15  as to time and the term "relating to," and calls for speculation. Responding Party objects

16  to this request on the grounds that it calls for information which is neither relevant to the

17  subject matter of the litigation, nor reasonably calculated to lead to the discovery of

18  admissible evidence. Responding Party objects to this request on the grounds that the

19  information or documents are equally available to the propounding party at the same

20  expense.   Responding Party objects to this request on the grounds that it contains

21  subparts, or a compound, conjunctive, or disjunctive question.   Without waiving said

22  objections, Responding Party responds as follows: Responding Party will produce any

23  responsive non-privileged, non-work product documents Responding Party can obtain

24  after a diligent search and reasonable inquiry.

25  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 4**

26      Responding Party maintains the following objections and withdraws the remainder:

27  The request calls for information protected by the attorney client privilege and it is

28  overbroad and unduly burdensome in that it does not identify a time frame or capacity.

1  Without waiving said objections, Responding Party agrees to comply with this request by

2  producing HU000001-HU000262.

3  REQUEST NO. 5

4  All documents or communications referring or relating to CSPC Dophen email

5  accounts (dophenbiomed.com or others), including but not limited to new or changed

6  passwords or login information.

7  RESPONSE TO REQUEST NO. 5

8  Responding Party objects to this request on the grounds that it is overbroad and

9  unduly burdensome. Responding Party objects to this request on the grounds that it calls

10 for information which is confidential, proprietary, and/or protected as a trade secret.

11 Responding Party objects to this request on the grounds that it calls for information

12 protected by the attorney client privilege. Responding Party objects to this request on the

13 grounds that it calls for information that is protected by third party right of privacy.

14 Responding Party objects to this request on the grounds that it is vague and ambiguous

15 as to time and the terms "referring or relating to," and "CSPC Dophen email accounts,"

16 and calls for speculation. Responding Party objects to this request on the grounds that it

17 calls for information which is neither relevant to the subject matter of the litigation, nor

18 reasonably calculated to lead to the discovery of admissible evidence. Responding Party

19 objects to this request on the grounds that the information or documents are equally

20 available to the propounding party at the same expense. Responding Party objects to this

21 request to the extent it calls for documents that are not the property of Responding Party,

22 but rather the property of another individual or entity, and subject to protection.

23 Responding Party objects to this request on the grounds that it contains subparts, or a

24 compound, conjunctive, or disjunctive question. Responding Party's discovery and

25 investigation in this matter is ongoing and Responding Party reserves the right to rely

26 upon any additional facts, theories, or other information that it may hereafter discover or

27 determine. Responding Party objects on the grounds that the information is electronically

28 stored information and is not reasonably accessible because of undue burden or cost.

SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)
Case No. 2:17-CV-01895-MCE-DB

1  Without waiving said objections, Responding Party responds as follows: Responding Party

2  will produce any responsive non-privileged, non-work product documents Responding

3  Party can obtain after a diligent search and reasonable inquiry, that CSPC Dophen does

4  not possess.

5  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 5**

6      Responding Party maintains the following objections and withdraws the remainder:

7  The request calls for information protected by the attorney client privilege and it is vague

8  and ambiguous as to time and the terms "referring or relating to," and "CSPC Dophen

9  email accounts". Without waiving said objections, Responding Party agrees to comply

10  with this request by producing HU000001-HU000262.

11  REQUEST NO. 6

12      All documents or communications referring or relating to any bank account you

13  maintain access to which contains funds belonging to CSPC Dophen, including an

14  accounting of the quantity and source of all funds contained therein.

15  RESPONSE TO REQUEST NO. 6

16      Responding Party objects to this request on the grounds that it is overbroad and

17  unduly burdensome. Responding Party objects to this request on the grounds that it calls

18  for information which is confidential, proprietary, and/or protected as a trade secret, which

19  Responding Party will only produce pursuant to a protective order. Responding Party

20  objects to this request on the grounds that it calls for information protected by the attorney

21  client privilege. Responding Party objects to this request on the grounds that it calls for

22  information that is protected by third party right of privacy. Responding Party objects to

23  this request on the grounds that it is vague and ambiguous as to time and the terms

24  "referring or relating to," "maintain access," and "funds belonging to CSPC Dophen,"

25  and calls for speculation. Responding Party objects to this request on the grounds that it

26  calls for information that is protected by a right of privacy, including the right to privacy

27  under Article 1, Section 1, of the California Constitution. Responding Party objects to this

28  request on the grounds that the disclosure of such financial information is barred by Civil



8

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1   Code section 3295(c).  Responding Party objects to this request on the grounds that it

2   calls for information which is neither relevant to the subject matter of the litigation, nor

3   reasonably calculated to lead to the discovery of admissible evidence.  Responding Party

4   objects to this request on the grounds that the information or documents are equally

5   available to the propounding party at the same expense.  Responding Party objects to this

6   request to the extent it calls for documents that are not the property of Responding Party,

7   but rather the property of another individual or entity, and subject to protection.

8   Responding Party's discovery and investigation in this matter is ongoing and Responding

9   Party reserves the right to rely upon any additional facts, theories, or other information

10   that it may hereafter discover or determine.  Responding Party objects on the grounds

11   that the information is electronically stored information and is not reasonably accessible

12   because of undue burden or cost.  Responding Party objects to this request on the

13   grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.

14   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 6**

15       Responding Party is not able to comply with this request because the items

16   requested never existed or are not in possession, custody, or control of Responding Party.

17   REQUEST NO. 7

18       All agreements between Dophen Biomed Inc. and third parties.

19   RESPONSE TO REQUEST NO. 7

20       Responding Party objects to this request on the grounds that it is overbroad and

21   unduly burdensome.  Responding Party objects to this request on the grounds that it calls

22   for information which is confidential, proprietary, and/or protected as a trade secret.

23   Responding Party objects to this request on the grounds that it calls for information

24   protected by the attorney client privilege.  Responding Party objects to this request on the

25   grounds that it calls for information that is protected by third party right of privacy.

26   Responding Party objects to this request on the grounds that it is vague and ambiguous

27   as to time and the terms "agreement," and "third parties," and calls for speculation.

28   Responding Party objects to this request on the grounds that it calls for information which



1  is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead

2  to the discovery of admissible evidence.  Responding Party objects to this request on the

3  grounds that the information or documents are equally available to the propounding party

4  at the same expense.  Responding Party objects to this request to the extent it calls for

5  documents that are not the property of Responding Party, but rather the property of

6  another individual or entity, and subject to protection.  Responding Party objects to this

7  request on the grounds that it contains subparts, or a compound, conjunctive, or

8  disjunctive question.

9  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 7**

10  Responding Party maintains the following objection and withdraws the remainder:

11  The request calls for information protected by the attorney client privilege.  Without

12  waiving said objections, Responding Party agrees to comply with this request by

13  producing HU000001-HU000262.

14  REQUEST NO. 8

15  All documents you accessed or downloaded from CSPC Dophen's computer or

16  network on July 3, 2017 as identified in paragraph 9 of the Kunkel Declaration.

17  RESPONSE TO REQUEST NO. 8

18  Responding Party objects to this request on the grounds that it is overbroad and

19  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

20  for information which is confidential, proprietary, and/or protected as a trade secret.

21  Responding Party objects to this request on the grounds that it calls for information

22  protected by the attorney client privilege.  Responding Party objects to this request on the

23  grounds that it calls for information that is protected by third party right of privacy.

24  Responding Party objects to this request on the grounds that it is vague, ambiguous, and

25  calls for speculation.  Responding Party objects to this request on the grounds that it calls

26  for information which is neither relevant to the subject matter of the litigation, nor

27  reasonably calculated to lead to the discovery of admissible evidence. Responding Party

28  objects to this request on the grounds that the information or documents are equally

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  available to the propounding party at the same expense. Responding Party objects to this

2  request to the extent it calls for documents that are not the property of Responding Party,

3  but rather the property of another individual or entity, and subject to protection.

4  Responding Party objects to this request on the grounds that it contains subparts, or a

5  compound, conjunctive, or disjunctive question.  Responding Party's discovery and

6  investigation in this matter is ongoing and Responding Party reserves the right to rely

7  upon any additional facts, theories, or other information that it may hereafter discover or

8  determine. Responding Party objects on the grounds that the information is electronically

9  stored information and is not reasonably accessible because of undue burden or cost.

10        Without waiving said objections, Responding Party responds as follows:

11  Responding does not have any such documents in his possession.

12  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 8**

13        Responding party withdraws his objections and responds as follows: Responding

14  Party cannot comply with this request because the documents are not in Responding

15  Party's possession, custody or control.

16  REQUEST NO. 9

17        All communications between you and any third party disclosing any files you

18  accessed or downloaded from CSPC Dophen's computer or network on July 3, 2017 as

19  identified in paragraph 9 of the Kunkel Declaration.

20  RESPONSE TO REQUEST NO. 9

21        Responding Party objects to this request on the grounds that it is overbroad and

22  unduly burdensome. Responding Party objects to this request on the grounds that it calls

23  for information which is confidential, proprietary, and/or protected as a trade secret.

24  Responding Party objects to this request on the grounds that it calls for information

25  protected by the attorney client privilege. Responding Party objects to this request on the

26  grounds that it calls for information that is protected by third party right of privacy.

27  Responding Party objects to this request on the grounds that it is vague and ambiguous

28  as to the terms "third party," "disclosing," "files," and "CSPC Dophen's computer or

1  network," and calls for speculation.  Responding Party objects to this request on the

2  grounds that it calls for information which is neither relevant to the subject matter of the

3  litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

4  Responding Party objects to this request on the grounds that the information or

5  documents are equally available to the propounding party at the same expense.

6  Responding Party objects to this request to the extent it calls for documents that are not

7  the property of Responding Party, but rather the property of another individual or entity,

8  and subject to protection.  Responding Party objects to this request on the grounds that

9  it contains subparts, or a compound, conjunctive, or disjunctive question.  Responding

10  Party's discovery and investigation in this matter is ongoing and Responding Party

11  reserves the right to rely upon any additional facts, theories, or other information that it

12  may hereafter discover or determine.  Responding Party objects on the grounds that the

13  information is electronically stored information and is not reasonably accessible because

14  of undue burden or cost. Without waiving said objections, Responding Party responds as

15  follows: Responding Party does not possess any such documents.

16  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 9**

17       Responding party withdraws his objections and responds as follows:  Responding

18  Party is unable to comply with this Request because the requested documents never

19  existed.

20  REQUEST NO. 10

21       All documents in the Google Drive and OneDrive as identified in paragraph 10 of

22  the Kunkel Declaration.

23  RESPONSE TO REQUEST NO. 10

24       Responding Party objects to this request on the grounds that it is overbroad and

25  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

26  for information which is confidential, proprietary, and/or protected as a trade secret.

27  Responding Party objects to this request on the grounds that it calls for information

28  protected by the attorney client privilege.  Responding Party objects to this request on the



1  grounds that it calls for information that is protected by third party right of privacy.

2  Responding Party objects to this request on the grounds that it is vague and ambiguous

3  as to time and the terms "Google Drive," and "One Drive," and calls for speculation.

4  Responding Party objects to this request on the grounds that it calls for information which

5  is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead

6  to the discovery of admissible evidence.  Responding Party objects to this request on the

7  grounds that the information or documents are equally available to the propounding party

8  at the same expense.  Responding Party objects to this request on the grounds that it

9  calls for information that is protected by a right of privacy, including the right to privacy

10 under Article 1, Section 1, of the California Constitution.  In addition, this interrogatory

11 violates the terms of the Stored Communications Act in that it potentially seeks access

12 to a third party server containing Responding Party private and irrelevant communications.

13 Responding Party objects to this request to the extent it calls for documents that are not

14 the property of Responding Party, but rather the property of another individual or entity,

15 and subject to protection.  Responding Party objects to this request on the grounds that

16 it contains subparts, or a compound, conjunctive, or disjunctive question.  Responding

17 Party's discovery and investigation in this matter is ongoing and Responding Party

18 reserves the right to rely upon any additional facts, theories, or other information that it

19 may hereafter discover or determine.  Responding Party objects on the grounds that the

20 information is electronically stored information and is not reasonably accessible because

21 of undue burden or cost.

22 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 10**

23      Responding Party maintains the following objection and withdraws the remainder:

24 Responding Party objects to this request on the grounds that it is vague and ambiguous

25 as to time and the terms "Google Drive," and "One Drive".   Without waiving said

26 objections, Responding Party responds as follows:  Responding Party interprets the term

27 Google Drive to mean the Google Drive accessed by the computer located in the Truxel

28 laboratory used by Dr. Hu during this employment and also interprets the term One Drive

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  to mean the Google Drive accessed by the computer located in the Truxel laboratory used

2  by Dr. Hu during this employment.  Accordingly, Responding Party cannot comply with

3  this Request as he no longer has access to the Google Drive and One Drive referenced in

4  this Request and therefore does not have any such documents in his possession, custody

5  or control.

6  REQUEST NO. 11

7       All communications between you and any third party concerning or relating to any

8  document in the Google Drive and OneDrive as identified in paragraph 10 of the Kunkel

9  Declaration.

10 RESPONSE TO REQUEST NO. 11

11      Responding Party objects to this request on the grounds that it is overbroad and

12 unduly burdensome.  Responding Party objects to this request on the grounds that it calls

13 for information which is confidential, proprietary, and/or protected as a trade secret.

14 Responding Party objects to this request on the grounds that it calls for information

15 protected by the attorney client privilege.  Responding Party objects to this request on the

16 grounds that it calls for information that is protected by third party right of privacy.

17 Responding Party objects to this request on the grounds that it is vague, ambiguous, and

18 calls for speculation.  Responding Party objects to this request on the grounds that it calls

19 for information which is neither relevant to the subject matter of the litigation, nor

20 reasonably calculated to lead to the discovery of admissible evidence.  Responding Party

21 objects to this request on the grounds that the information or documents are equally

22 available to the propounding party at the same expense.  Responding Party objects to this

23 request to the extent it calls for documents that are not the property of Responding Party,

24 but rather the property of another individual or entity, and subject to protection.

25 Responding Party objects to this request on the grounds that it contains subparts, or a

26 compound, conjunctive, or disjunctive question.   Without waiving said objections,

27 Responding Party responds as follows: Responding Party does not possess any such

28 documents.



14

1  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 11**

2      Responding Party maintains the following objection and withdraws the remainder:

3  Responding Party objects to this request on the grounds that it is vague and ambiguous

4  as to time and the terms "Google Drive," and "One Drive".   Without waiving said

5  objections, Responding Party responds as follows:  Responding Party interprets the term

6  Google Drive to mean the Google Drive accessed by the computer located in the Truxel

7  laboratory used by Dr. Hu during this employment and also interprets the term One Drive

8  to mean the Google Drive accessed by the computer located in the Truxel laboratory used

9  by Dr. Hu during this employment.  Accordingly, Responding Party cannot comply with

10  this Request as he no longer has access to the Google Drive and One Drive referenced in

11  this Request and therefore does not have any such documents in his possession, custody

12  or control.

13  REQUEST NO. 12

14      All documents and things related to any attempts by you to obtain patent,

15  trademark, or other protection for any concept, innovation, invention, or trade secret.

16  RESPONSE TO REQUEST NO. 12

17      Responding Party objects to this request on the grounds that it is overbroad as to

18  time and unduly burdensome.  Responding Party objects to this request on the grounds

19  that it calls for information which is confidential, proprietary, and/or protected as a trade

20  secret.   Responding Party objects to this request on the grounds that it calls for

21  information protected by the attorney client privilege.  Responding Party objects to this

22  request on the grounds that it calls for information that is protected by third party right of

23  privacy.  Responding Party objects to this request on the grounds that it is vague and

24  ambiguous as to time and the term "related to," and calls for speculation.  Responding

25  Party objects to this request on the grounds that it calls for information that is protected

26  by a right of privacy, including the right to privacy under Article 1, Section 1, of the

27  California Constitution. Responding Party objects to this request on the grounds that it

28  calls for information which is neither relevant to the subject matter of the litigation, nor

1 | reasonably calculated to lead to the discovery of admissible evidence.  Responding Party
2 | objects to this request on the grounds that the information or documents are equally
3 | available to the propounding party at the same expense.  Responding Party objects to this
4 | request to the extent it calls for documents that are not the property of Responding Party,
5 | but rather the property of another individual or entity, and subject to protection.
6 | Responding Party objects to this request on the grounds that it contains subparts, or a
7 | compound, conjunctive, or disjunctive question.   Responding Party's discovery and
8 | investigation in this matter is ongoing and Responding Party reserves the right to rely
9 | upon any additional facts, theories, or other information that it may hereafter discover or
10 | determine. Responding Party objects on the grounds that the information is electronically
11 | stored information and is not reasonably accessible because of undue burden or cost.
12 | Without waiving said objections, Responding Party responds as follows: Responding Party
13 | will produce any responsive non-privileged, non-work product documents Responding
14 | Party can obtain after a diligent search and reasonable inquiry.

15 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 12**

16 | Responding Party maintains the following objection and withdraws the remainder:
17 | This request seeks information that is protected by the attorney client privilege and it is
18 | vague and ambiguous as to time.  Without waiving said objections, Responding Party
19 | agrees to comply with this request by producing HU000001-HU000262.

20 | REQUEST NO. 13

21 | All documents and things related to the incorporation of Dophen Biomed, Inc.

22 | RESPONSE TO REQUEST NO. 13

23 | Responding Party objects to this request on the grounds that it is overbroad as to
24 | time and unduly burdensome.  Responding Party objects to this request on the grounds
25 | that it calls for information which is confidential, proprietary, and/or protected as a trade
26 | secret.   Responding Party objects to this request on the grounds that it calls for
27 | information protected by the attorney client privilege.  Responding Party objects to this
28 | request on the grounds that it is vague, ambiguous, and calls for speculation.  Responding

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  Party objects to this request on the grounds that it calls for information which is neither

2  relevant to the subject matter of the litigation, nor reasonably calculated to lead to the

3  discovery of admissible evidence.   Responding Party objects to this request on the

4  grounds that the information or documents are equally available to the propounding party

5  at the same expense.  Without waiving said objections, Responding Party responds as

6  follows: Responding Party will produce any responsive non-privileged, non-work product

7  documents Responding Party can obtain after a diligent search and reasonable inquiry.

8  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 13**

9  Responding party withdraws his objections and responds as follows:   Without

10  waiving said objections, Responding Party agrees to comply with this request by

11  producing HU000001-HU00262.

12  REQUEST NO. 14

13  All communications with current or former employees of CSPC Dophen related to

14  the incorporation or existence of Dophen Biomed Inc.

15  RESPONSE TO REQUEST NO. 14

16  Responding Party objects to this request on the grounds that it is overbroad as to

17  time and unduly burdensome.  Responding Party objects to this request on the grounds

18  that it calls for information which is confidential, proprietary, and/or protected as a trade

19  secret.   Responding Party objects to this request on the grounds that it calls for

20  information protected by the attorney client privilege.  Responding Party objects to this

21  request on the grounds that it is vague, ambiguous, and calls for speculation. Responding

22  Party objects to this request on the grounds that it calls for information which is neither

23  relevant to the subject matter of the litigation, nor reasonably calculated to lead to the

24  discovery of admissible evidence.   Responding Party objects to this request on the

25  grounds that the information or documents are equally available to the propounding party

26  at the same expense.  Without waiving said objections, Responding Party responds as

27  follows: Responding Party will produce any responsive non-privileged, non-work product

28  documents Responding Party can obtain after a diligent search and reasonable inquiry,



17

1    that CSPC Dophen does not possess.

2    **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 14</u>**

3         Responding party withdraws his objections and responds as follows:   Without

4    waiving said objections, Responding Party agrees to comply with this request by

5    producing HU000001-HU000262.

6    <u>REQUEST NO. 15</u>

7         All documents and things concerning any representations you made regarding any

8    alleged connection or relationship between CSPC Dophen and Dophen Biomed Inc.

9    <u>RESPONSE TO REQUEST NO. 15</u>

10        Responding Party objects to this request on the grounds that it is overbroad as to

11   time and unduly burdensome.  Responding Party objects to this request on the grounds

12   that it calls for information which is confidential, proprietary, and/or protected as a trade

13   secret.   Responding Party objects to this request on the grounds that it calls for

14   information protected by the attorney client privilege.  Responding Party objects to this

15   request on the grounds that it is vague and ambiguous as to time and the term

16   "representations," "connection," and "relationship" and calls for speculation.  In addition,

17   this interrogatory violates the terms of the Stored Communications Act in that it potentially

18   seeks access to a third party server containing Responding Party private and irrelevant

19   communications.  Responding Party objects to this request on the grounds that it calls for

20   information that is protected by a right of privacy, including the right to privacy under

21   Article 1, Section 1, of the California Constitution.  Responding Party objects to this

22   request on the grounds that it calls for information which is neither relevant to the subject

23   matter of the litigation, nor reasonably calculated to lead to the discovery of admissible

24   evidence.  Responding Party objects to this request on the grounds that the information

25   or documents are equally available to the propounding party at the same expense.

26   Responding Party objects to this request on the grounds that it is unintelligible and

27   therefore is impossible for Responding Party to determine what documents are being

28   sought in this request.



**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 15**

2   　　　　Responding Party maintains the following objection and withdraws the remainder:

3   This request on the grounds that it is vague and ambiguous as to time and the term

4   "representations," "connection," and "relationship" and calls for speculation; the request

5   is unintelligible and therefore is impossible for Responding Party to determine what

6   documents are being sought in this request.  Without waiving said objections Responding

7   Party is unable to comply with this Request because he does not have possession,

8   custody, or control of such documents.  Any and all documents that may be called for in

9   this Request are in the possession, custody, and control of Propounding party.

10   REQUEST NO. 16

11   　　　　All documents and things concerning the operation and finances of Dophen

12   Biomed Inc., including the source of any funds it has received.

13   RESPONSE TO REQUEST NO. 16

14   　　　　Responding Party objects to this request on the grounds that it is overbroad and

15   unduly burdensome.  Responding Party objects to this request on the grounds that it calls

16   for information which is confidential, proprietary, and/or protected as a trade secret.

17   Responding Party objects to this request on the grounds that it calls for information

18   protected by the attorney client privilege.  Responding Party objects to this request on the

19   grounds that it calls for information that is protected by third party right of privacy.

20   Responding Party objects to this request on the grounds that it is vague, ambiguous, and

21   calls for speculation.  Responding Party objects to this request on the grounds that it calls

22   for information that is protected by a right of privacy, including the right to privacy under

23   Article 1, Section 1, of the California Constitution.  Responding Party objects to this

24   request on the grounds that the disclosure of such financial information is barred by Civil

25   Code section 3295(c).  Responding Party objects to this request on the grounds that it

26   calls for information which is neither relevant to the subject matter of the litigation, nor

27   reasonably calculated to lead to the discovery of admissible evidence.  Responding Party

28   objects to this request on the grounds that the information or documents are equally

1  available to the propounding party at the same expense. Responding Party objects to this

2  request to the extent it calls for documents that are not the property of Responding Party,

3  but rather the property of another individual or entity, and subject to protection.

4  Responding Party objects to this request on the grounds that it contains subparts, or a

5  compound, conjunctive, or disjunctive question.

6  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 16**

7        Responding Party withdraws his objections and responds as follows: Responding

8  Party is unable to comply with this Request as he is not in possession, custody, or control

9  of such documents. Responding Party believes that such information is in the possession,

10  custody, or control of the Propounding Party.

11  REQUEST NO. 17

12        Documents sufficient to show all former and current employees of Dophen Biomed

13  Inc.

14  RESPONSE TO REQUEST NO. 17

15        Responding Party objects to this request on the grounds that it is overbroad and

16  unduly burdensome. Responding Party objects to this request on the grounds that it calls

17  for information which is confidential, proprietary, and/or protected as a trade secret.

18  Responding Party objects to this request on the grounds that it calls for information

19  protected by the attorney client privilege. Responding Party objects to this request on the

20  grounds that it calls for information that is protected by third party right of privacy.

21  Responding Party objects to this request on the grounds that it is vague and ambiguous

22  as to time, and calls for speculation. Responding Party objects to this request on the

23  grounds that it calls for information that is protected by a right of privacy, including the

24  right to privacy under Article 1, Section 1, of the California Constitution. Responding Party

25  objects to this request on the grounds that the disclosure of such financial information is

26  barred by Civil Code section 3295(c). Responding Party objects to this request on the

27  grounds that it calls for information which is neither relevant to the subject matter of the

28  litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

1  Responding Party objects to this request on the grounds that the information or

2  documents are equally available to the propounding party at the same expense.

3  Responding Party objects to this request to the extent it calls for documents that are not

4  the property of Responding Party, but rather the property of another individual or entity,

5  and subject to protection.  Responding Party objects to this request on the grounds that

6  it contains subparts, or a compound, conjunctive, or disjunctive question.

7  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 17**

8       Responding Party withdraws his objections and responds as follows: Responding

9  Party agrees to comply with this request by producing HU000001-HU000262 to the extent

10  the request concerns Dophen Biomed, Inc.'s former employees.    To the extent the

11  request concerns current employees, Responding Party cannot comply with this Request

12  as the documents do not exist.

13  REQUEST NO. 18

14       Documents sufficient to show all past, current, and potential investors in Dophen

15  Biomed Inc.

16  RESPONSE TO REQUEST NO. 18

17       Responding Party objects to this request on the grounds that it is overbroad and

18  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

19  for information which is confidential, proprietary, and/or protected as a trade secret.

20  Responding Party objects to this request on the grounds that it calls for information

21  protected by the attorney client privilege.  Responding Party objects to this request on the

22  grounds that it calls for information that is protected by third party right of privacy.

23  Responding Party objects to this request on the grounds that it is vague, ambiguous, and

24  calls for speculation.  Responding Party objects to this request on the grounds that it calls

25  for information that is protected by a right of privacy, including the right to privacy under

26  Article 1, Section 1, of the California Constitution.  Responding Party objects to this

27  request on the grounds that it calls for information which is neither relevant to the subject

28  matter of the litigation, nor reasonably calculated to lead to the discovery of admissible

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1 | evidence.  Responding Party objects to this request to the extent it calls for documents
2 | that are not the property of Responding Party, but rather the property of another individual
3 | or entity, and subject to protection.  Responding Party objects to this request on the
4 | grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.
5 | Without waiving said objections, Responding Party responds as follows: There are none.
6 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 18**
7 | Responding Party withdraws his objections and responds as follows: Responding
8 | Party is unable to comply with this Request as no such documents ever existed.
9 | REQUEST NO. 19
10 | All documents and things concerning any leases of CSPC Dophen's lab facilities in
11 | which you were involved.
12 | RESPONSE TO REQUEST NO. 19
13 | Responding Party objects to this request on the grounds that it is overbroad and
14 | unduly burdensome.  Responding Party objects to this request on the grounds that it calls
15 | for information which is confidential, proprietary, and/or protected as a trade secret.
16 | Responding Party objects to this request on the grounds that it calls for information
17 | protected by the attorney client privilege.  Responding Party objects to this request on the
18 | grounds that it calls for information that is protected by third party right of privacy.
19 | Responding Party objects to this request on the grounds that it is vague, ambiguous, and
20 | calls for speculation.  Responding Party objects to this request on the grounds that it calls
21 | for information which is neither relevant to the subject matter of the litigation, nor
22 | reasonably calculated to lead to the discovery of admissible evidence.  Responding Party
23 | objects to this request on the grounds that the information or documents are equally
24 | available to the propounding party at the same expense.  Without waiving said objections,
25 | Responding Party responds as follows: Responding Party will produce any responsive
26 | non-privileged, non-work product documents Responding Party can obtain after a diligent
27 | search and reasonable inquiry, that CSPC Dophen does not possess.
28 | ///

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 19**

Responding party withdraws his objections and responds as follows: Without waiving said objections, Responding Party agrees to comply with this request by producing HU000001-HU000262.

REQUEST NO. 20

All documents and things supporting your allegations that "Dophen Biomedical" or "Dophen Biomed" refers to your company Dophen Biomed, Inc.

RESPONSE TO REQUEST NO. 20

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague, ambiguous, and calls for speculation. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that the information or documents are equally available to the propounding party at the same expense. Without waiving said objections, Responding Party responds as follows: Responding Party will produce any responsive non-privileged, non-work product documents Responding Party can obtain after a diligent search and reasonable inquiry.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20**

Responding party withdraws his objections and responds as follows: Responding Party agrees to comply with this request by producing HU000001-HU000262.

///

///

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  REQUEST NO. 21

2      All documents and things that reflect or refer to communications between or

3  among you and any current, former, or prospective investors of Dophen Biomed, Inc.

4  RESPONSE TO REQUEST NO. 21

5      Responding Party objects to this request on the grounds that it is overbroad and

6  unduly burdensome. Responding Party objects to this request on the grounds that it calls

7  for information which is confidential, proprietary, and/or protected as a trade secret.

8  Responding Party objects to this request on the grounds that it calls for information

9  protected by the attorney client privilege. Responding Party objects to this request on the

10  grounds that it calls for information that is protected by third party right of privacy.

11  Responding Party objects to this request on the grounds that it is vague, ambiguous, and

12  calls for speculation. Responding Party objects to this request on the grounds that it calls

13  for information that is protected by a right of privacy, including the right to privacy under

14  Article 1, Section 1, of the California Constitution. Responding Party objects to this

15  request on the grounds that it calls for information which is neither relevant to the subject

16  matter of the litigation, nor reasonably calculated to lead to the discovery of admissible

17  evidence. Responding Party objects to this request to the extent it calls for documents

18  that are not the property of Responding Party, but rather the property of another individual

19  or entity, and subject to protection. Responding Party objects to this request on the

20  grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.

21  Without waiving said objections, Responding Party responds as follows: Responding Party

22  will produce any responsive non-privileged, non-work product documents Responding

23  Party can obtain after a diligent search and reasonable inquiry.

24  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 21**

25      Responding Party withdraws his objections and responds as follows: Responding

26  Party is unable to comply with this Request as no such documents ever existed.

27  //

28  ///

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1 | REQUEST NO. 22

2   All documents and things that reflect or refer to communications between or

3 among you and any current, former, or prospective customers of Dophen Biomed, Inc.

4 | RESPONSE TO REQUEST NO. 22

5   Responding Party objects to this request on the grounds that it is overbroad and

6 unduly burdensome. Responding Party objects to this request on the grounds that it calls

7 for information which is confidential, proprietary, and/or protected as a trade secret.

8 Responding Party objects to this request on the grounds that it calls for information

9 protected by the attorney client privilege. Responding Party objects to this request on the

10 grounds that it calls for information that is protected by third party right of privacy.

11 Responding Party objects to this request on the grounds that it is vague and ambiguous

12 as to time and the term "customer," and calls for speculation. Responding Party objects

13 to this request on the grounds that it calls for information that is protected by a right of

14 privacy, including the right to privacy under Article 1, Section 1, of the California

15 Constitution. Responding Party objects to this request on the grounds that it calls for

16 information which is neither relevant to the subject matter of the litigation, nor reasonably

17 calculated to lead to the discovery of admissible evidence. Responding Party objects to

18 this request to the extent it calls for documents that are not the property of Responding

19 Party, but rather the property of another individual or entity, and subject to protection.

20 Responding Party objects to this request on the grounds that it contains subparts, or a

21 compound, conjunctive, or disjunctive question.   Without waiving said objections,

22 Responding Party responds as follows: Responding Party will produce any responsive

23 non-privileged, non-work product documents Responding Party can obtain after a diligent

24 search and reasonable inquiry, that CSPC Dophen does not possess.

25 | **SUPPLEMENTAL RESPONSE TO REQUEST NO. 22**

26   Responding Party withdraws his objections and responds as follows: Responding

27 Party is unable to comply with this Request as he is not in possession, custody, or control

28 | ///

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1 | of such documents.    Responding Party believes that such information is in the

2 | possession, custody, or control of the Propounding Party.

3 | REQUEST NO. 23

4 | All documents and things that reflect or refer to communications between or

5 | among you and any current, former, or prospective vendors or suppliers of Dophen

6 | Biomed Inc.

7 | RESPONSE TO REQUEST NO. 23

8 | Responding Party objects to this request on the grounds that it is overbroad and

9 | unduly burdensome. Responding Party objects to this request on the grounds that it calls

10 | for information which is confidential, proprietary, and/or protected as a trade secret.

11 | Responding Party objects to this request on the grounds that it calls for information

12 | protected by the attorney client privilege. Responding Party objects to this request on the

13 | grounds that it calls for information that is protected by third party right of privacy.

14 | Responding Party objects to this request on the grounds that it is vague and ambiguous

15 | as to time and "vendors" and "suppliers", and calls for speculation. Responding Party

16 | objects to this request on the grounds that it calls for information that is protected by a

17 | right of privacy, including the right to privacy under Article 1, Section 1, of the California

18 | Constitution. Responding Party objects to this request on the grounds that it calls for

19 | information which is neither relevant to the subject matter of the litigation, nor reasonably

20 | calculated to lead to the discovery of admissible evidence. Responding Party objects to

21 | this request to the extent it calls for documents that are not the property of Responding

22 | Party, but rather the property of another individual or entity, and subject to protection.

23 | Responding Party objects to this request on the grounds that it contains subparts, or a

24 | compound, conjunctive, or disjunctive question.    Without waiving said objections,

25 | Responding Party responds as follows: Responding Party will produce any responsive

26 | non-privileged, non-work product documents Responding Party can obtain after a diligent

27 | search and reasonable inquiry.

28 | ///

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 23**

2 Responding party withdraws his objections and responds as follows: Responding Party

3 agrees to comply with this request by producing HU000001-HU000262.

4 REQUEST NO. 24

5      All payroll records show salaries or compensations Dophen Biomed Inc. has paid

6 to its employee(s).

7 RESPONSE TO REQUEST NO. 24

8      Responding Party objects to this request on the grounds that it is overbroad and

9 unduly burdensome. Responding Party objects to this request on the grounds that it calls

10 for information which is confidential, proprietary, and/or protected as a trade secret.

11 Responding Party objects to this request on the grounds that it calls for information

12 protected by the attorney client privilege. Responding Party objects to this request on the

13 grounds that it calls for information that is protected by third party right of privacy.

14 Responding Party objects to this request on the grounds that it is vague, ambiguous, and

15 calls for speculation. Responding Party objects to this request on the grounds that it calls

16 for information that is protected by a right of privacy, including the right to privacy under

17 Article 1, Section 1, of the California Constitution. Responding Party objects to this

18 request on the grounds that it calls for information which is neither relevant to the subject

19 matter of the litigation, nor reasonably calculated to lead to the discovery of admissible

20 evidence. Responding Party objects to this request to the extent it calls for documents

21 that are not the property of Responding Party, but rather the property of another individual

22 or entity, and subject to protection. Responding Party objects to this request on the

23 grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.

24 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 24**

25 Responding party withdraws his objections and responds as follows: Responding Party

26 agrees to comply with this request by producing HU000001-0000262.

27 REQUEST NO. 25

28      All documents and things concerning bonuses paid to CSPC Dophen employees in



27

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1   Sacramento during the period September 27, 2011 through July 21, 2017.

2   <u>RESPONSE TO REQUEST NO. 25</u>

3   Responding Party objects to this request on the grounds that it is overbroad and

4   unduly burdensome.  Responding Party objects to this request on the grounds that it calls

5   for information which is confidential, proprietary, and/or protected as a trade secret.

6   Responding Party objects to this request on the grounds that it calls for information

7   protected by the attorney client privilege.  Responding Party objects to this request on the

8   grounds that it calls for information that is protected by third party right of privacy.

9   Responding Party objects to this request on the grounds that it is vague, ambiguous, and

10  calls for speculation.  Responding Party objects to this request on the grounds that it calls

11  for information that is protected by a right of privacy, including the right to privacy under

12  Article 1, Section 1, of the California Constitution.   Responding Party objects to this

13  request on the grounds that it calls for information which is neither relevant to the subject

14  matter of the litigation, nor reasonably calculated to lead to the discovery of admissible

15  evidence.  Responding Party objects to this request to the extent it calls for documents

16  that are not the property of Responding Party, but rather the property of another individual

17  or entity, and subject to protection.   Responding Party objects to this request on the

18  grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.

19  **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 25</u>**

20  Responding Party withdraws his objections and responds as follows: Responding

21  Party is unable to comply with this Request as he is not in possession, custody, or control

22  of such documents.  Responding Party believes that such information is in the possession,

23  custody, or control of the Propounding Party.

24  <u>REQUEST NO. 26</u>

25  All documents and things relating to representations you made during July 21,

26  2017 to the present that you were, at the time of the representation, employed by

27  CSPC Dophen.

28  ///



**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

RESPONSE TO REQUEST NO. 26

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous as to "relating to" and "representations," and calls for speculation. Responding Party objects to this request on the grounds that it calls for information that is protected by a right of privacy, including the right to privacy under Article 1, Section 1, of the California Constitution. Responding Party's discovery and investigation in this matter is ongoing and Responding Party reserves the right to rely upon any additional facts, theories, or other information that it may hereafter discover or determine. Responding Party objects on the grounds that the information is electronically stored information and is not reasonably accessible because of undue burden or cost. In addition, this interrogatory violates the terms of the Stored Communications Act in that it potentially seeks access to a third party server containing Responding Party private and irrelevant communications. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request to the extent it calls for documents that are not the property of Responding Party, but rather the property of another individual or entity, and subject to protection. Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question. Responding Party objects to this request on the grounds that it is unintelligible and therefore is impossible for Responding Party to determine what documents are being sought in this request.

///

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 26**

Responding Party maintains the following objections and withdraws the remainder: The request is vague and ambiguous as to "relating to" and "representations," and calls for speculation such that it is unintelligible and therefore is impossible for Responding Party to determine what documents are being sought in this request. Nevertheless, without waiving said objections, Responding Party responds as follows: Responding Party interprets this Request to mean statements made by Dr. Hu from July 21, 2017 to the present that he was employed by CSPC Dophen. Given this understanding of the Request, Responding Party cannot comply with this request as such documents never existed.

REQUEST NO. 27

All documents and things relating to any communications between you and any current or former employees of CSPC Dophen that occurred after July 1, 2017.

RESPONSE TO REQUEST NO. 27

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague, ambiguous, and calls for speculation. Responding Party objects to this request on the grounds that it calls for information that is protected by a right of privacy, including the right to privacy under Article 1, Section 1, of the California Constitution. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request to the extent it calls for documents that are not the property of Responding Party, but rather the property of another individual

1   or entity, and subject to protection.  In addition, this interrogatory violates the terms of

2   the Stored Communications Act in that it potentially seeks access to a third party server

3   containing Responding Party private and irrelevant communications.  Finally, Responding

4   Party objects on the grounds that this information is equally accessible to Plaintiff.

5   Responding Party objects to this request on the grounds that it contains subparts, or a

6   compound, conjunctive, or disjunctive question.   Responding Party's discovery and

7   investigation in this matter is ongoing and Responding Party reserves the right to rely

8   upon any additional facts, theories, or other information that it may hereafter discover or

9   determine. Responding Party objects on the grounds that the information is electronically

10  stored information and is not reasonably accessible because of undue burden or cost.

11  Without waiving said objections, Responding Party responds as follows: Responding Party

12  will produce any responsive non-privileged, non-work product documents Responding

13  Party can obtain after a diligent search and reasonable inquiry, that CSPC Dophen does

14  not possess.

15  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 27**

16  Responding Party maintains the following objection and withdraws the remainder:

17  This request calls for information protected by the attorney client privilege.  Without

18  waiving said objections, Responding Party agrees to comply with this request by

19  producing HU000001-HU000262.

20  REQUEST NO. 28

21  All documents and things that reflect or refer to agreements executed by you

22  in connection with your employment during the period September 27, 2011 through

23  July 21, 2017.

24  RESPONSE TO REQUEST NO. 28

25  Responding Party objects to this request on the grounds that it is overbroad and

26  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

27  for information which is confidential, proprietary, and/or protected as a trade secret.

28  Responding Party objects to this request on the grounds that it calls for information



31
**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  protected by the attorney client privilege. Responding Party objects to this request on the

2  grounds that it calls for information that is protected by third party right of privacy.

3  Responding Party objects to this request on the grounds that it is vague and ambiguous

4  as to time and the terms "reflect or refer to," "agreements," "in connection with your

5  employment," and calls for speculation. Responding Party objects to this request on the

6  grounds that it calls for information that is protected by a right of privacy, including the

7  right to privacy under Article 1, Section 1, of the California Constitution. Responding Party

8  objects on the grounds that this information is equally accessible to Plaintiff. Responding

9  Party objects to this request on the grounds that it calls for information which is neither

10  relevant to the subject matter of the litigation, nor reasonably calculated to lead to the

11  discovery of admissible evidence. Responding Party objects to this request to the extent

12  it calls for documents that are not the property of Responding Party, but rather the

13  property of another individual or entity, and subject to protection. Responding Party

14  objects to this request on the grounds that it contains subparts, or a compound,

15  conjunctive, or disjunctive question. Without waiving said objections, Responding Party

16  responds as follows: Responding Party will produce any responsive non-privileged, non-

17  work product documents Responding Party can obtain after a diligent search and

18  reasonable inquiry, that CSPC Dophen does not possess.

19  SUPPLEMENTAL RESPONSE TO REQUEST NO. 28

20       Responding Party maintains the following objection and withdraws the remainder:

21  This request calls for information protected by the attorney client privilege. Without

22  waiving said objections, Responding Party agrees to comply with this request by

23  producing HU000001-HU000262.

24  REQUEST NO. 29

25       All documents and things that reflect or refer to communications between or

26  among you and any third-party concerning CSPC Dophen, "Dophen Biomedical" or

27  "Dophen Biomed."

28  ///



**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

RESPONSE TO REQUEST NO. 29

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous as to time and the terms "reflect or refer to," and "third-parties," and calls for speculation. Responding Party objects to this request on the grounds that it calls for information that is protected by a right of privacy, including the right to privacy under Article 1, Section 1, of the California Constitution. Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request to the extent it calls for documents that are not the property of Responding Party, but rather the property of another individual or entity, and subject to protection. In addition, this interrogatory violates the terms of the Stored Communications Act in that it potentially seeks access to a third party server containing Responding Party private and irrelevant communications. Finally, Responding Party objects on the grounds that this information is equally accessible to Plaintiff. Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question. Responding Party's discovery and investigation in this matter is ongoing and Responding Party reserves the right to rely upon any additional facts, theories, or other information that it may hereafter discover or determine. Responding Party objects on the grounds that the information is electronically stored information and is not reasonably accessible because of undue burden or cost. Responding Party objects to this request on the grounds that it is unintelligible and

**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  therefore is impossible for Responding Party to determine what documents are being
2  sought in this request.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 29**

4       Responding Party maintains the following objection and withdraws the remainder:
5  This request calls for information protected by the attorney client privilege. This request
6  is also vague and ambiguous as to time and the terms "reflect or refer to," and "third-
7  parties," and calls for speculation such that it is unintelligible and therefore is impossible
8  for Responding Party to determine what documents are being sought in this request.
9  Responding Party is assuming that Propounding Party is seeking communications
10  between Dr. Hu and anyone other than CSPC personnel of which the topic was CSPC
11  Dophen, "Dophen Biomedical" or "Dophen Biomed." Without waiving said objections,
12  Responding Party agrees to comply with this request by producing HU000001-HU000262.

13  REQUEST NO. 30

14       All documents and things that reflect or refer to communications between or
15  among you and any current, former, or prospective customer of CSPC Dophen.

16  RESPONSE TO REQUEST NO. 30

17       Responding Party objects to this request on the grounds that it is overbroad and
18  unduly burdensome. Responding Party objects to this request on the grounds that it calls
19  for information which is confidential, proprietary, and/or protected as a trade secret.
20  Responding Party objects to this request on the grounds that it calls for information
21  protected by the attorney client privilege. Responding Party objects to this request on the
22  grounds that it calls for information that is protected by third party right of privacy.
23  Responding Party objects to this request on the grounds that it is vague and ambiguous
24  as to time and the term "reflect or refer to," and "customer," and calls for speculation.
25  Responding Party objects to this request on the grounds that it calls for information that
26  is protected by a right of privacy, including the right to privacy under Article 1, Section 1,
27  of the California Constitution. Responding Party objects to this request on the grounds
28  that it calls for information which is neither relevant to the subject matter of the litigation,

1  nor reasonably calculated to lead to the discovery of admissible evidence.  Responding

2  Party objects to this request to the extent it calls for documents that are not the property

3  of Responding Party, but rather the property of another individual or entity, and subject to

4  protection.  Responding Party's discovery and investigation in this matter is ongoing and

5  Responding Party reserves the right to rely upon any additional facts, theories, or other

6  information that it may hereafter discover or determine.  Responding Party objects on the

7  grounds that the information is electronically stored information and is not reasonably

8  accessible because of undue burden or cost.  Responding Party objects to this request on

9  the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.

10  Without waiving said objections, Responding Party responds as follows: Responding Party

11  does not possess any such documents.

12  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 30**

13       Responding Party withdraws his objections and responds as follows: Responding

14  Party is unable to comply with this Request as he is not in possession, custody, or control

15  of such documents.  Responding Party believes that such information is in the possession,

16  custody, or control of the Propounding Party.

17  REQUEST NO. 31

18       All documents and things that reflect or refer to any communications between

19  or among you and any third party concerning the existence or terms of any agreement

20  you have entered into with CSPC Dophen, including but not limited to the letter you

21  signed accepting employment with CSPC Dophen, the Acknowledgement of Policy

22  of Conflict of Interest between you and CSPC Dophen that was executed by you on

23  or about April 3, 2013, and the Non-Disclosure Agreement between you and CSPC

24  Dophen that was executed by you on or about April 3, 2013.

25  RESPONSE TO REQUEST NO. 31

26       Responding Party objects to this request on the grounds that it is overbroad and

27  unduly burdensome.  Responding Party objects to this request on the grounds that it calls

28  for information which is confidential, proprietary, and/or protected as a trade secret.



1  Responding Party objects to this request on the grounds that it calls for information
2  protected by the attorney client privilege. Responding Party objects to this request on the
3  grounds that it calls for information that is protected by third party right of privacy.
4  Responding Party objects to this request on the grounds that it is vague and ambiguous
5  as to the terms "reflect or refer to," and "third party," calls for speculation. Responding
6  Party objects to this request on the grounds that it calls for information that is protected
7  by a right of privacy, including the right to privacy under Article 1, Section 1, of the
8  California Constitution.  In addition, this interrogatory violates the terms of the Stored
9  Communications Act in that it potentially seeks access to a third party server containing
10  Responding Party private and irrelevant communications.  Finally, Responding Party
11  objects on the grounds that this information is equally accessible to Plaintiff. Responding
12  Party objects to this request on the grounds that it calls for information which is neither
13  relevant to the subject matter of the litigation, nor reasonably calculated to lead to the
14  discovery of admissible evidence. Responding Party's discovery and investigation in this
15  matter is ongoing and Responding Party reserves the right to rely upon any additional
16  facts, theories, or other information that it may hereafter discover or determine.
17  Responding Party objects on the grounds that the information is electronically stored
18  information and is not reasonably accessible because of undue burden or cost.
19  Responding Party objects to this request to the extent it calls for documents that are not
20  the property of Responding Party, but rather the property of another individual or entity,
21  and subject to protection.  Responding Party objects to this request on the grounds that
22  it contains subparts, or a compound, conjunctive, or disjunctive question. Without waiving
23  said objections, Responding Party responds as follows: Responding Party will produce
24  any responsive non-privileged, non-work product documents Responding Party can obtain
25  after a diligent search and reasonable inquiry, that CSPC Dophen does not possess.

26  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 31**

27      Responding Party maintains the following objection and withdraws the remainder:
28  This request calls for information protected by the attorney client privilege and is vague



36
**SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1   and ambiguous as to the terms "reflect or refer to," and "third party," calls for

2   speculation. Without waiving said objections, Responding Party is unable to comply with

3   this Request as he is not in possession, custody, or control of such documents.

4   REQUEST NO. 32

5      Documents sufficient to identify the corporate structure and organization chart

6   for Dophen Biomed Inc.

7   RESPONSE TO REQUEST NO. 32

8      Responding Party objects to this request on the grounds that it is overbroad and

9   unduly burdensome. Responding Party objects to this request on the grounds that it calls

10  for information which is confidential, proprietary, and/or protected as a trade secret.

11  Responding Party objects to this request on the grounds that it calls for information

12  protected by the attorney client privilege. Responding Party objects to this request on the

13  grounds that it calls for information that is protected by third party right of privacy.

14  Responding Party objects to this request on the grounds that it is vague, ambiguous, and

15  calls for speculation. Responding Party objects to this request on the grounds that it calls

16  for information that is protected by a right of privacy, including the right to privacy under

17  Article 1, Section 1, of the California Constitution. Responding Party objects to this

18  request on the grounds that it calls for information which is neither relevant to the subject

19  matter of the litigation, nor reasonably calculated to lead to the discovery of admissible

20  evidence. Responding Party objects to this request to the extent it calls for documents

21  that are not the property of Responding Party, but rather the property of another individual

22  or entity, and subject to protection. Responding Party objects to this request on the

23  grounds that it contains subparts, or a compound, conjunctive, or disjunctive question.

24  Without waiving said objections, Responding Party responds as follows: Responding Party

25  will produce any responsive non-privileged, non-work product documents Responding

26  Party can obtain after a diligent search and reasonable inquiry, that CSPC Dophen does

27  not possess.

28  ///

SEAN HU'S SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION (SET ONE)
Case No. 2:17-CV-01895-MCE-DB

1  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 32**

2       Responding Party withdraws his objections and responds as follows: Responding

3  Party agrees to comply with this request by producing HU000001-HU000262.

4  DATED: January 11, 2017                    KROGH & DECKER, LLP

5

6                                             By: _____

7                                             ANDREA M. CLOSE
                                              Attorney for Defendant and
8                                             Counter-Claimant
                                              ZHIXIANG HU, also known as SEAN
9                                             HU

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



38

1    I, ZHIXIANG HU aka SEAN HU, I am familiar with the contents of ZHIXIANG HU aka

2  SEAN HU'S SUPPLEMENTAL RESPONSES TO CSPC DOPHEN CORPORATION'S

3  REQUEST FOR PRODUCTION (SET ONE).  The information supplied therein is either

4  based upon my own personal knowledge or has been supplied to me by attorney or other

5  agents, and is therefore provided as required by law.  I hereby verify that the information

6  contained in the foregoing document is true, except any information that was provided to

7  me by my attorneys or other agents, and as to that information, I hereby verify that I am

8  informed and believe this information is true.

9

10  Dated: __January 10, 2018__                    By: 
                                                      ZHIXIANG HU aka SEAN HU

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1
**VERIFICATION**

1    <u>PROOF OF SERVICE</u>

2        I, Owen Clark, declare: I am over the age of eighteen years and not a party to the
within above-entitled action; my business mailing address is 555 Capitol Mall, Suite 700,
3    Sacramento, California 95814.

4        On January 11, 2018, I served the following document(s):

5    **Defendant Sean Hu's Supplemental Responses to CSPC Dophen
Corporation's Request for The Production of Documents (Set One)**
6

7        ☒   via United States mail by placing such envelope(s) with postage thereon fully
prepaid in the designated area for outgoing mail in accordance with this firm's practice,
8    whereby the mail is deposited in a United States mailbox in the City of Sacramento,
California before the close of the day's business
9
☐   via Overnight Express Mail Courier
10
☐   via Facsimile, followed by U.S. Mail
11
☐   via Personal Service
12
☒   Courtesy Copy via Electronic Mail
13
on the parties to this action at the addresses indicated below:
14

15            Bryan J . Wilson
        Yue (Lily) Li
16            Morrison & Foerster LLP
        755 Page Mill Road
17            Palo Alto, CA 94304
        bwilso n@mofo .com
18            yli@mofo .com

19

20            C. Jason Smith
        Smith, McDowell & Powell
21            100 Howe Ave., Suite 208
        Sacramento, CA 95825
22            cjsmith@smplawcom .com

23

24        I declare under the penalty of perjury that the foregoing is true and correct and that
25    this declaration was executed on January 11, 2018, at Sacramento, California.

26                           _____
                           Owen Clark
27

28

