# EXHIBIT F

1  **KROGH & DECKER, LLP**
SHAWN M. KROGH (SBN 227116)
2  shawnkrogh@kroghdecker.com
ANDREA M. CLOSE (SBN 309324)
3  andreaclose@kroghdecker.com
555 Capitol Mall, Suite 700
4  Sacramento, California 95814
Telephone: 916.498.9000
5  Facsimile: 916.498.9005

6  Attorneys for Defendant and Counter-Claimant
ZHIXIANG HU, also known as SEAN HU
7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                        SACRAMENTO DIVISION

11  CSPC DOPHEN CORPORATION,          )  Case No.:    2:17-CV-01895-MCE-DB
                                      )
12          Plaintiff,                )  Assigned to Chief Judge: Morrison C.
                                      )  England, Jr.
13       vs.                          )
                                      )  **DEFENDANT SEAN HU'S**
14  ZHIXIANG HU, also known as SEAN   )  **SUPPLEMENTAL RESPONSES TO CSPC**
    HU, an individual,                )  **DOPHEN CORPORATION'S**
15                                    )  **INTERROGATORIES (SET ONE)**
            Defendant.                )
16                                    )  Action Filed: September 11, 2017
                                      )  Trial Date:    TBD
17  _____  )
                                      )
18  AND RELATED COUNTERCLAIM.         )
                                      )

19  **PROPOUNDING PARTY:  Plaintiff CSPC DOPHEN CORPORATION**

20  **RESPONDING PARTY:     Defendant and Counter-Claimant SEAN HU**

21  **SET NUMBER:             ONE**

22          Pursuant to Rule 23 and 33 of the Federal Rules of Civil Procedure, Defendant and

23  Counter-Claimant SEAN HU ("Responding Party") hereby provides these Supplemental

24  Responses to Interrogatories (Set 1) propounded by Plaintiff CSPC DOPHEN

25  CORPORATION, served by United States Mail on October 31, 2017, as follows:

26                        **PRELIMINARY STATEMENT**

27          Responding Party continues to pursue their investigation and analysis of the facts

28  and law relating to this case. Responding Party has not completed their trial preparation.

1

1  Responding Party's Responses are therefore limited to information and records that are

2  presently known and available to them.  These Responses are therefore made without

3  prejudice to Defendant's right to modify, supplement, add to, or amend these responses

4  as a result of subsequently discovered facts or in order to correct any inadvertent errors

5  or omissions.  The Responses set forth herein are made in a good faith effort to supply

6  as much factual information as possible, but in no way prejudice Defendant, in relation to

7  further discovery, investigation, research, and/or analysis.

8      The inadvertent production or disclosure of any privileged documents or

9  information shall not constitute or be deemed to be a waiver of any applicable privilege

10  with respect to such document or information (or the contents or subject matter thereof)

11  or with respect to any other such document or discovery now or hereafter requested or

12  provided.  Responding Party reserves the right not to produce documents that are in part

13  protected by privilege, except on a redacted basis, and to require the return of any

14  document (and all copies thereof) inadvertently produced.   Responding Party likewise

15  does not waive the right to object, on any and all grounds, to (1) the evidentiary use of

16  documents produced in response to these requests; and (2) discovery requests relating

17  to those documents.

18                        **GENERAL OBJECTIONS**

19      Responding Party objects to these Interrogatories to the extent they seek

20  information protected from disclosure by the attorney-client privilege or the attorney work

21  product doctrine, or any other privilege recognized under the law.      Accordingly,

22  Responding Party will not provide a response to any Interrogatories calling for attorney-

23  client privileged conversations, attorney work product or other privileged materials.

24  Responding Party objects to these Interrogatories to the extent that they seek discovery

25  of facts which are neither relevant to a claim or defense nor reasonably calculated to lead

26  to discovery of admissible evidence.      Responding Party further objects to any

27  Interrogatory or part thereof which purports to require them to provide information that is

28  equally available to Plaintiff.

**SEAN HU'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1 | INTERROGATORY NO. 1

2     Identify with particularity all documents and things that are still in your possession

3 | that you received from CSPC Dophen or accessed, copied, or removed from CSPC

4 | Dophen computers or networks, including but not limited to all documents and things

5 | relating to CSPC Dophen's drug DP303.

6 | RESPONSE TO INTERROGATORY NO. 1

7     Responding Party objects to this Request on the grounds that it is overly broad and

8 | that compliance with the request would be unduly burdensome.   Responding Party

9 | objects on the grounds that this Request is vague and ambiguous.    Furthermore,

10 | Responding Party objects to the extent that this request calls for information that is

11 | privileged on the grounds that contains private and confidential financial, trade secret,

12 | private information belonging to third parties, and/or tax information.   In addition, this

13 | interrogatory violates the terms of the Stored Communications Act in that it potentially

14 | seeks access to a third-party server containing Responding Party's private and irrelevant

15 | communications.  Finally, Responding Party objects on the grounds that this information

16 | is equally accessible to Plaintiff.   Without waiving said objections, Responding Party

17 | responds as follows: Responding Party is in possession of a laptop computer and a cell

18 | phone, which he is willing to turn over as soon as is convenient for the parties.

19 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**

20     Responding Party withdraws all previously made objections and responds as

21 | follows: Responding Party was in possession of a laptop computer and a cell phone, which

22 | he produced to Plaintiff.  Since the occurrence of this production, Jaiying Fan, has claimed

23 | ownership of the laptop computer and the data contained therein and is disputing CSPC's

24 | ownership of the laptop computer.   He is also in possession of a hard drive containing a

25 | back up of the laptop computer, which cannot be produced due to the fact it contains

26 | information belonging to a third party.

27 | ///

28 | ///



**SEAN HU'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1   INTERROGATORY NO. 2

2       For the documents and things identified in your answer to Interrogatory No. 1

3   above, identify on a document by document basis any third party that you have disclosed

4   these documents and things to.

5   **RESPONSE TO INTERROGATORY NO. 2**

6       Responding Party objects to this Request on the grounds that it is overly broad and

7   that compliance with the request would be unduly burdensome.   Responding Party

8   objects on the grounds that this Request is vague and ambiguous.   Furthermore,

9   Responding Party objects to the extent that this request calls for information that is

10   privileged on the grounds that contains private and confidential financial, trade secret,

11   private information belonging to third parties, and/or tax information.   In addition, this

12   Interrogatory violates the terms of the Stored Communications Act in that it potentially

13   seeks access to a third-party server containing Responding Party's private and irrelevant

14   communications.  Finally, Responding Party objects on the grounds that this information

15   is equally accessible to Plaintiff.   Without waiving said objections, Responding Party

16   responds as follows: At this time, Responding Party is not aware of any documents in his

17   possession.  However, discovery is ongoing and Responding Party reserves the right to

18   supplement this response.

19   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2**

20       Responding Party withdraws all previously made objections and responds as

21   follows:  The Dell Computer was previously utilized by Responding Party's wife and

22   contained her data and has only been disclosed to Responding Party's counsel;

23   Responding party did not disclose the cell phone to any third party; Counsel for

24   Responding Party is holding the back-up copy of the Dell Computer in safekeeping.

25   INTERROGATORY NO. 3

26       Identify all communications you have had with third parties, the National Institute

27   of Health, or the Food and Drug Administration regarding CSPC Dophen, Dophen Biomed

28   Inc., NIH grant funding, or Investigational New Drug Application No. 130699.

**SEAN HU'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

RESPONSE TO INTERROGATORY NO. 3

Responding Party objects to this Request on the grounds that it is overly broad and that compliance with the request would be unduly burdensome as it seeks a potentially unlimited number of email communications which outweighs any probative value of the evidence sought to be obtained in connection with said Request. Responding Party objects on the grounds that this Request is vague and ambiguous as to time and the term "third parties" as the term was not defined. Furthermore, Responding Party objects to the extent that this request calls for information that is privileged on the grounds that contains private and confidential financial, trade secret, private information belonging to third parties, and/or tax information, which Responding Party will only produce pursuant to a stipulated protective order. Responding Party objects to this request on the grounds that it calls for information protected by the attorney client privilege. In addition, this Interrogatory violates the terms of the Stored Communications Act in that it potentially seeks access to a third-party server containing Responding Party's private and irrelevant communications. Responding Party objects on the grounds that the information is electronically stored information and is not reasonably accessible because of undue burden or cost. Responding Party's discovery and investigation in this matter is ongoing and Responding Party reserves the right to rely upon any additional facts, theories, or other information that it may hereafter discover or determine. Finally, Responding Party objects on the grounds that this information is equally accessible to Plaintiff. Without waiving said objections, Responding Party responds as follows: As there is no agreed upon Electronically Stored Information ("ESI") protocol, the following is a list of responsive email communications that have been discovered at this point:

- Email correspondence dated April 25, 2017 from Lisha Allen to Sean Hu re New Contact for IND130699 SN 0000 for Dophen;

- Email correspondence dated April 25, 2017 from Sean Hu to Shawn Wang re New Contact for IND130699 SN 0000 for Dophen;

- Email correspondence dated April 25, 2017 from Jan Fang to Sean Hu re New

**SEAN HU'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

Contact for IND130699 SN 0000 for Dophen;

- Email correspondence dated April 25, 2017 from Sakar Wahby to Sean Hu re FDA Communication, IND130699/DP303c/Deficiency – Time Sensitive;

- Email correspondence dated April 25, 2017 from Sean Hu to Jan Fang re FDA Communication, IND130699/DP303c/Deficiency – Time Sensitive;

- Email Correspondence dated July 19, 2016 from Lixin Feng to Sean Hu and Lisha Allen re Fwd: FDA Communication, Pre-IND130699/DP303c/Final Written Responses;

- Email Correspondence dated July 19, 2016 from Sean Hu to Yingui Li re Fwd: FDA Communication, Pre-IND130699/DP303c/Final Written Responses;

- Email correspondence dated May 26, 2017 from Sakar Wahby to Sean Hu re FDA Communication, IND130699/DP303c/Full Clinical Hold;

- Email correspondence dated May 26, 2017 from Sean Hu to Lisha Allen, Lixin Feng and others re FDA Communication, IND130699/DP303c/Full Clinical Hold;

- Email correspondence dated May 17, 2017 from Sakar Wahby to Sean Hu re FDA Communication, IND130699/DP303c/IND Hold Teleconference;

- Email correspondence dated May 25, 2017 from Sean Hu re FDA Communication, IND130699/DP303c/ IND Hold Teleconference.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3

Responding party maintains the following objections and withdraws the remainder: This request calls for communications protected by the attorney client privilege. Responding party never communicated with NIH or FDA on behalf of CSPC-Dophen. Without waiving said objections, Responding Party responds as follows: Responding party conducted a reasonable search and the following is a list of responsive non-privileged email communications that have been discovered to this point:

- Email correspondence dated April 25, 2017 from Lisha Allen to Sean Hu re New Contact for IND130699 SN 0000 for Dophen;

- Email correspondence dated April 25, 2017 from Sean Hu to Shawn Wang re New

6

1   Contact for IND130699 SN 0000 for Dophen;

2   • Email correspondence dated April 25, 2017 from Jan Fang to Sean Hu re New

3   Contact for IND130699 SN 0000 for Dophen;

4   • Email correspondence dated April 25, 2017 from Sakar Wahby to Sean Hu re FDA

5   Communication, IND130699/DP303c/Deficiency – Time Sensitive;

6   • Email correspondence dated April 25, 2017 from Sean Hu to Jan Fang re FDA

7   Communication, IND130699/DP303c/Deficiency – Time Sensitive;

8   • Email Correspondence dated July 19, 2016 from Lixin Feng to Sean Hu and Lisha

9   Allen re Fwd: FDA Communication, Pre-IND130699/DP303c/Final Written

10   Responses;

11   • Email Correspondence dated July 19, 2016 from Sean Hu to Yingui Li re Fwd: FDA

12   Communication, Pre-IND130699/DP303c/Final Written Responses;

13   • Email correspondence dated May 26, 2017 from Sakar Wahby to Sean Hu re FDA

14   Communication, IND130699/DP303c/Full Clinical Hold;

15   • Email correspondence dated May 26, 2017 from Sean Hu to Lisha Allen, Lixin Feng

16   and others re FDA Communication, IND130699/DP303c/Full Clinical Hold;

17   • Email correspondence dated May 17, 2017 from Sakar Wahby to Sean Hu re FDA

18   Communication, IND130699/DP303c/IND Hold Teleconference;

19   • Email correspondence dated May 25, 2017 from Sean Hu re FDA Communication,

20   IND130699/DP303c/ IND Hold Teleconference.

21   INTERROGATORY NO. 4

22   Identify the password or login information for any CSPC Dophen email accounts in

23   your possession.

24   RESPONSE TO INTERROGATORY NO. 4

25   Responding Party objects to this Request on the grounds that it is overly broad and

26   that compliance with the request would be unduly burdensome as it seeks an unlimited

27   number of email communications which outweighs any probative value of the evidence

28   sought to be obtained in connection with said Request.  Responding Party objects on the

grounds that this Request is vague and ambiguous as to the term "CSPC Dophen email accounts" as the term was not defined.  Furthermore, Responding Party objects to the extent that this request calls for information that is privileged on the grounds that contains private and confidential financial, trade secret, private information belonging to third parties, and/or tax information.  In addition, this interrogatory violates the terms of the Stored Communications Act in that it potentially seeks access to a third-party server containing Responding Party private and irrelevant communications.  Finally, Responding Party objects on the grounds that this information is equally accessible to Plaintiff.  Without waiving said objections, Responding Party responds as follows:

Responding Party responds on the basis that "CSPC Dophen email accounts" refers to the email account ending in ecspc.com.  The last known username and password information that was in the possession of Responding Party was:

Username:    Sean.Hu

Password:    Jane1205

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Responding party maintains the following objections and withdraws the remainder: Responding Party objects on the grounds that this Request is vague and ambiguous as to the term "CSPC Dophen email accounts" as the term was not defined. Responding Party responds on the basis that "CSPC Dophen email accounts" refers to the email account ending in mail.ecspc.com.  The last known username and password information that was in the possession of Responding Party was:

Username:    Sean.Hu

Password:    Jane1205

INTERROGATORY NO. 5

Identify the contents of any bank account you maintain access to which contains funds belonging to CSPC Dophen, listing the source and quantity of all funds.

///

///



8

1 | RESPONSE TO INTERROGATORY NO. 5

2 Responding Party objects to this Request on the grounds that it is overly broad and
3 that compliance with the request would be unduly burdensome and outweighs any
4 probative value of the evidence sought to be obtained in connection with said Request.
5 Responding Party objects on the grounds that this Request is vague and ambiguous as to
6 time and the term "funds belonging to CSPC Dophen." Furthermore, Responding Party
7 objects to the extent that this request calls for information that is privileged on the grounds
8 that contains private and confidential financial, trade secret, private information belonging
9 to third parties, and/or tax information. Responding Party objects to this request on the
10 grounds that it calls for information that is protected by a right of privacy, including the
11 right to privacy under Article 1, Section 1, of the California Constitution. Responding Party
12 objects to this request on the grounds that the disclosure of such financial information is
13 barred by Civil Code section 3295(c). Finally, Responding Party objects on the grounds
14 that this information is equally accessible to Plaintiff.

15 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

16 Responding Party withdraws all previously made objections and responds as
17 follows: None.

18 | INTERROGATORY NO. 6

19 Identify the research equipment and reagents to which you refer in Paragraph 13
20 of the Declaration of Zhixiang "Sean" Hu.

21 | RESPONSE TO INTERROGATORY NO. 6

22 Responding Party objects to this request on the grounds that it calls for information
23 which is neither relevant to the subject matter of the litigation, nor reasonably calculated
24 to lead to the discovery of admissible evidence. Responding Party objects to this request
25 on the grounds that the information is equally available to the propounding party at the
26 same expense. Responding Party objects to this request on the grounds that the
27 information has already been provided to the propounding party. Responding Party
28 objects on the grounds that this request is duplicative and harassing, and intended to

1   unnecessarily burden Responding Party.

2       Without waiving said objections, Responding Party responds as follows:

3   1. Sanyo MDF-c8v1 (the little 3 cubic feet -80C freezer);

4   2. LTQ Orbitrap Mass Spectrometer total package;

5   3. Agilent Chemstation Software;

6   4. SpectraMax Software;

7   5. XL fit program (on Tecan computer);

8   6. 3 different mTgase proteins (Streptoverticillium mobaraense, Streptoverticillium

9   ladakanum, and Streptoverticillium lydicus) from Novozymes;

10   7. Anti-Her2 and Anti-PD1 from Henlius Biopharmaceuticals;

11   8. IFN and hGH 100mg from Novoprotein, PEGs from PEG Bio;

12   9. Mammalian cell: all Baf3 cell lines (not commercial, original was gift from Novo

13   Nordisk colleagues);

14   10. E. coli: BL21(DE3), BL21 Lys, and 3 other related BL21 expression strains; TG1,

15   XL blue;

16   11. Bacillus: All bacillus strains;

17   12. Yeast: G115;

18   13. Plasmids: two boxes of vectors on hGH, IFN, hGH-R, EKL, mTgase and its

19   mutants;

20   14. Sequencing primers: for hGH, hGH-R, mTgase, Yeast alpha factor pro;

21   15. Books, two HP laptops, one scanner;

22   16. Tools: wrenches, cable crimper, stud finder, router.

23   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**

24       Responding Party withdraws all previously made objections and responds as

25   follows:

26   1. Sanyo MDF-c8v1 (the little 3 cubic feet -80C freezer);

27   2. LTQ Orbitrap Mass Spectrometer total package;

28   3. Agilent Chemstation Software;



**SEAN HU'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

4. SpectraMax Software;

5. XL fit program (on Tecan computer);

6. 3 different mTgase proteins (Streptoverticillium mobaraense, Streptoverticillium ladakanum, and Streptoverticillium lydicus) from Novozymes;

7. Anti-Her2 and Anti-PD1 from Henlius Biopharmaceuticals;

8. IFN and hGH 100mg from Novoprotein, PEGs from PEG Bio;

9. Mammalian cell: all Baf3 cell lines (not commercial, original was gift from Novo Nordisk colleagues);

10. E. coli: BL21(DE3), BL21 Lys, and 3 other related BL21 expression strains; TG1, XL blue;

11. Bacillus: All bacillus strains;

12. Yeast: G115;

13. Plasmids: two boxes of vectors on hGH, IFN, hGH-R, EKL, mTgase and its mutants;

14. Sequencing primers: for hGH, hGH-R, mTgase, Yeast alpha factor pro;

15. Books, two HP laptops, one scanner;

16. Tools: wrenches, cable crimper, stud finder, router.

17.   Dr. Hu is aware of a few other items of personal property not previously discussed:

- A bike;
- Soybean milk maker;
- All PEG reagents from PegBio;
- High power transformer inside self-made heating controller in the ADC production room
- In addition to mTgase plasmid (pET39-wild-mTgase_SL) mentioned in item 13, all its derivatives: wild type or mutant mTgase expression vectors.

///

///



**SEAN HU'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

INTERROGATORY NO. 7

Describe the operations of Dophen Biomed, Inc., including but not limited to identifying all current and former employees.

RESPONSE TO INTERROGATORY NO. 7

Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that the information is equally available to the propounding party at the same expense.  Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome.  Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret.  Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy.  Responding Party objects to this request on the grounds that it is vague and ambiguous as to the term "operations." Responding Party objects on the grounds that the Interrogatory calls for a lengthy narrative. Without waiving said objections, Responding Party responds as follows:

Dophen Biomed Inc. conducted antibody-drug conjugate research based on Dr. Zhixiang Hu's transglutaminase (mTgase) conjugation technology.  Drs. Ayala Luria, Zhe Yan, Mark Ma, Jayakumar Poovassery, Lixin Feng, Rubin Yang, Lisha Allen, Jasmine Xong, and Ashely Smith actively participated in Dophen Biomed Inc.' s daily operations and research.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Responding Party withdraws all previously made objections and responds as follows:  Dophen Biomed Inc. conducted antibody-drug conjugate research based on Dr. Zhixiang Hu's transglutaminase (mTgase) conjugation technology.  Drs. Ayala Luria, Zhe Yan, Mark Ma, Jayakumar Poovassery, Lixin Feng, Rubin Yang, Lisha Allen, Jasmine Xong, and Ashely Smith actively participated in Dophen Biomed Inc.' s daily operations and research.

**SEAN HU'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

INTERROGATORY NO. 8

If you contend that you own the dophenbiomed.com email accounts, explain in detail the basis for your contention, including all facts, documents, and evidence you contend support your allegations and all witnesses upon whose testimony you may rely to support your allegation.

RESPONSE TO INTERROGATORY NO. 8

Responding Party objects to this request on the grounds that the information is equally available to the propounding party at the same expense. Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party objects to this request on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret. Responding Party objects to this request on the grounds that it calls for information that is protected by third party right of privacy. Responding Party objects to this request on the grounds that it is vague and ambiguous as to the term "dophenbiomed.com email accounts." Responding Party objects to this request on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question in violation of California Code of Civil Procedure Section 2030.060, subsection f. Responding Party objects on the grounds that the Interrogatory calls for a lengthy narrative. Without waiving said objections, Responding Party responds as follows: Responding Party is the registered owner of the Google-based domain name <dophenbiomed.com> and thus has the right to everything related to the domain, including associated email accounts. Responding Party's personal credit cards have been the primary source of payment in order to maintain the domain name and its use on a monthly basis. Ashley Smith, other unknown CSPC Dophen personnel, and Responding Party are potential witnesses.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**

Responding Party withdraws all previously made objections and responds as follows: Responding Party is the registered owner of the Google-based domain name <dophenbiomed.com> and thus has the right to everything related to the domain,

13

1   including associated email accounts. Dr. Hu has always been the administrator of these

2   accounts and thus has always maintained control of these accounts. Responding Party's

3   credit cards have been the primary source of payment in order to maintain the domain

4   name and its use on a monthly basis. The domain administrator's account information

5   page shows Dr. Hu as the registrant and further shows his personal credit cards in the

6   "Google payments center." Further the Google Admin page shows Dophen Biomed, Inc.

7   as the "organization name" and Sean Hu as the "Super Admin." Regarding the

8   dophenbiomed@gmail.com account, the "My Account" home page shows Dr. Hu's

9   personal information as well as his personal credit cards in the "Google payments center."

10  INTERROGATORY NO. 9

11       Describe your decision to incorporate Dophen Biomed Inc.

12  RESPONSE TO INTERROGATORY NO. 9

13       Responding Party objects to this request on the grounds that it calls for information

14  which is neither relevant to the subject matter of the litigation, nor reasonably calculated

15  to lead to the discovery of admissible evidence. Responding Party objects to this request

16  on the grounds that it is overbroad and unduly burdensome. Responding Party objects to

17  this request on the grounds that it is vague and ambiguous. Finally, Responding Party

18  objects on the grounds that the interrogatory calls for a lengthy narrative. Without waiving

19  said objections, Responding Party responds as follows:

20       Dr. Hu's sole proprietorship Dophen Biomed and CSPC Dophen originally agreed

21  to enter into a joint venture wherein Dr. Hu would provide technology and CSPC Dophen

22  would contribute capital. However, due to financial difficulties, CSPC Dophen was unable

23  to pay the originally agreed upon lump sum of $5 million dollars. The parties agreed that

24  CSPC Dophen would take care of the monthly expenses of the lab in lieu of the lump sum

25  payment. However, financial issues plagued CSPC Dophen and these monthly payments

26  were often difficult. There were many occasions where there was no money left to pay

27  salary or the monthly credit card debt accrued. Dr. Hu and other staff members contacted

28  CSPC Dophen personnel on many occasions in order to request funding in order to cover

**SEAN HU'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1   the bare minimum expenses.  It became obvious to both parties that CSPC Dophen could

2   not sustain its agreement to fund the research lab.  CSPC's representative Yingui Li and

3   CSPC chairman Dongchen Cai had told Dr. Hu on many occasions to seek external funding

4   to be self-sufficient.  Sometime in January 2013, Jinxu Wang was not satisfied with the

5   progress and indicated to Dr. Hu that the lab may be closed.

6          After many unsuccessful attempts to solicit investment or collaborations, it

7   became clear that with CSPC Limited's 100% ownership of CSPC Dophen, there was no

8   chance for any external funding.  On or about January 22, 2014, Responding Party and

9   Jinxu Wang discussed the possibility of restructuring CSPC Dophen so that 51% of it was

10  owned by US employees, which would make grant funding available.  Jinxu Wang replied

11  that he would consult with Mr. Cai to make a decision.  On April 17, 2014, he came to

12  California to meet with Responding Party and other lab members.  During his stay at CSPC

13  Dophen between April 17 and April 19, 2014, he conveyed the reluctance of CSPC Limited

14  to give up 51% ownership of CSPC Dophen.  They then discussed the idea of registering

15  and incorporating a separate US owned small entity for grant application and Jinxu Wang

16  agreed.  Upon the approval of Jinxu Wang, Jasmine Xong started the registration of

17  Dophen Biomed Inc. on or about April 18, 2014.

18  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

19         Responding Party withdraws all previously made objections and responds as

20  follows: Dr. Hu's sole proprietorship Dophen Biomed and CSPC Dophen originally agreed

21  to enter into a joint venture wherein Dr. Hu would provide technology and CSPC Dophen

22  would contribute capital.  However, due to financial difficulties, CSPC Dophen was unable

23  to pay the originally agreed upon lump sum of $5 million dollars.  The parties agreed that

24  CSPC Dophen would take care of the monthly expenses of the lab in lieu of the lump sum

25  payment.  However, financial issues plagued CSPC Dophen and these monthly payments

26  were often difficult.  There were many occasions where there was no money left to pay

27  salary or the monthly credit card debt accrued.  Dr. Hu and other staff members contacted

28  CSPC Dophen personnel on many occasions in order to request funding in order to cover

the bare minimum expenses.  It became obvious to both parties that CSPC Dophen could not sustain its agreement to fund the research lab.  CSPC's representative Yingui Li and CSPC chairman Dongchen Cai had told Dr. Hu on many occasions to seek external funding to be self-sufficient.  Sometime in January 2013, Jinxu Wang was not satisfied with the progress and indicated to Dr. Hu that the lab may be closed.

After many unsuccessful attempts to solicit investment or collaborations, it became clear that with CSPC Limited's 100% ownership of CSPC Dophen, there was no chance for any external funding.  On or about January 22, 2014, Responding Party and Jinxu Wang discussed the possibility of restructuring CSPC Dophen so that 51% of it was owned by US employees, which would make grant funding available.  Jinxu Wang replied that he would consult with Mr. Cai to make a decision.  On April 17, 2014, he came to California to meet with Responding Party and other lab members.  During his stay at CSPC Dophen between April 17 and April 19, 2014, he conveyed the reluctance of CSPC Limited to give up 51% ownership of CSPC Dophen.  They then discussed the idea of registering and incorporating a separate US owned small entity for grant application and Jinxu Wang agreed.  Upon the approval of Jinxu Wang, Jasmine Xong started the registration of Dophen Biomed Inc. on or about April 18, 2014.

INTERROGATORY NO. 10

If you contend that Dophen Biomed Inc. is related to CSPC Dophen or CSPC Pharmaceutical Group Limited, explain in detail the basis for your contention, including all facts, documents, and evidence you contend support your allegation and all witnesses upon whole testimony you may rely to support your allegation.

RESPONSE TO INTERROGATORY NO. 10

Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome.  Responding Party objects to this request on the grounds that it is vague and ambiguous as to "related."   Finally,

Responding Party objects on the grounds that the interrogatory calls for a lengthy narrative.  Without waiving said objections, Responding Party responds as follows: Responding Party contends that Dophen Biomed, Inc. was an independent company.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

Responding Party withdraws all previously made objections and responds as follows:  Responding Party contends that Dophen Biomed, Inc. was an independent company, which was setup with the approval of Dr. Jinxu Wang to solicit US government funding.

INTERROGATORY NO. 11

Describe your decision to apply for grants from the National Institutes of Health ("NIH") for Dophen Biomed Inc.

RESPONSE TO INTERROGATORY NO. 11

Responding Party objects to this request on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome.  Responding Party objects to this request on the grounds that it is vague and ambiguous.  Finally, Responding Party objects on the grounds that the interrogatory calls for a lengthy narrative. Without waiving said objections, Responding Party responds as follows: Dophen Biomed Inc. applied for Small Business Innovative Research (SBIR) grant administered by NIH.  Due to CSPC's financial difficulties, it became obvious to both Dr. Hu and CSPC Dophen that CSPC Dophen could not sustain its agreement to fund the research lab.  CSPC's representative Yingui Li and CSPC chairman Dongchen Cai had told Dr. Hu on many occasions to seek external funding to be self-sufficient.

On May 2, 2013, Yingui Li, wrote a 3-year plan for Dophen Biomed, quote" 因此 2013~2015年是公司发展至关重要的3年，我们计划通过加快项目开发、加强对外联系，完善公司管理构架，在三年内建立公司与国际大型生物及制药公司的长期合作关系、实现财务独立并具备在纳斯达克上市的基础条件。"English Translation: "Years 2013 to 2015

1 would be most important time for us. We will speed up project development, strengthen

2 business development, formalize organization structure. In these 3 years, we need to

3 build long term collaboration ties with international biotech and pharmaceutical

4 companies, be financially independent and to satisfy the requirements to go public on

5 NASDAQ." It was clear to everyone that CSPC Dophen intended for the joint venture to

6 be financially independent of CSPC Dophen.

7 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**

8 Responding Party withdraws all previously made objections and responds as

9 follows: Dophen Biomed Inc. applied for Small Business Innovative Research (SBIR) grant

10 administered by NIH. Due to CSPC's financial difficulties, it became obvious to both Dr.

11 Hu and CSPC Dophen that CSPC Dophen could not sustain its agreement to fund the

12 research lab. CSPC's representative Yingui Li and CSPC chairman Dongchen Cai had told

13 Dr. Hu on many occasions to seek external funding to be self-sufficient.

14 On May 2, 2013, Yingui Li, wrote a 3-year plan for Dophen Biomed, quote" 因此

15 2013～2015年是公司发展至关重要的3年，我们计划通过加快项目开发、加强对外联系，

16 完善公司管理构架，在三年内建立公司与国际大型生物及制药公司的长期合作关系、实现

17 财务独立并具备在纳斯达克上市的基础条件。 "English Translation: "Years 2013 to 2015

18 would be most important time for us. We will speed up project development, strengthen

19 business development, formalize organization structure. In these 3 years, we need to

20 build long term collaboration ties with international biotech and pharmaceutical

21 companies, be financially independent and to satisfy the requirements to go public on

22 NASDAQ." It was clear to everyone that CSPC Dophen intended for the joint venture to

23 be financially independent of CSPC Dophen.

24 INTERROGATORY NO. 12

25 Identify all former, current, and prospective investors of Dophen Biomed Inc.

26 ///

27 ///

28 ///



**SEAN HU'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1  RESPONSE TO INTERROGATORY NO. 12

2      Responding Party objects to this request on the grounds that it is overbroad and

3  unduly burdensome. Responding Party objects to this request on the grounds that it calls

4  for information which is neither relevant to the subject matter of the litigation, nor

5  reasonably calculated to lead to the discovery of admissible evidence. Responding Party

6  objects to this request on the grounds that it calls for information which is confidential,

7  proprietary, and/or protected as a trade secret. Responding Party objects to this request

8  on the grounds that it calls for information that is protected by third party right of privacy.

9  Responding Party objects to this request on the grounds that it is vague and ambiguous

10  as to time and calls for speculation. Without waiving said objections, Responding Party

11  responds as follows: None.

12  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12**

13      Responding Party withdraws all previously made objections and responds as

14  follows: None.

15  INTERROGATORY NO. 13

16      Describe all representations you made regarding the relationship between Dophen

17  Biomed, Inc. and CSPC Dophen, including the content of each representation, the

18  recipient of each representation, and the dates and circumstances of each representation.

19  RESPONSE TO INTERROGATORY NO. 13

20      Responding Party objects to this request on the grounds that it is overbroad and

21  unduly burdensome. Responding Party objects to this request on the grounds that it calls

22  for information which is neither relevant to the subject matter of the litigation, nor

23  reasonably calculated to lead to the discovery of admissible evidence. Responding Party

24  objects to this request on the grounds that it calls for information which is confidential,

25  proprietary, and/or protected as a trade secret, which Responding Party will only produce

26  pursuant to a stipulated protective order. Responding Party objects to this request on the

27  grounds that it calls for information protected by the attorney client privilege. Responding

28  Party objects to this request on the grounds that it is vague and ambiguous as to time and

19

1  the terms "representations," and "relationship", and calls for speculation.  Responding

2  Party objects to this request on the grounds that the information or documents are equally

3  available to the propounding party at the same expense.  In addition, this interrogatory

4  violates the terms of the Stored Communications Act in that it potentially seeks access

5  to a third-party server containing Responding Party private and irrelevant communications.

6  Responding Party objects to this request on the grounds that responding would be

7  burdensome and oppressive.  Responding Party objects to this request on the grounds

8  that it contains subparts, or a compound, conjunctive, or disjunctive question.  Responding

9  Party objects on the grounds that the information is electronically stored information and

10  is not reasonably accessible because of undue burden or cost.  Finally, the Responding

11  Party objects on the grounds that the information is not reasonably accessible because of

12  undue burden or cost.  Without waiving said objections, Responding Party responds as

13  follows: Any communications regarding such representations are stored on the ecspc

14  email server and Responding Party's office computer.

15  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13**

16  Responding Party maintains the following objections and withdraws the remainder:

17  This request calls for information protected by the attorney client privilege is vague and

18  ambiguous as to time and the terms "representations," and "relationship", and calls for

19  speculation.  Without waiving said objections, Responding Party responds as follows: In

20  answering this Interrogatory, Responding Party is interpreting the request to mean that

21  Propounding Party desires information concerning statements made by or

22  communications from Dr. Hu concerning any affiliation between Dophen Biomed, Inc. and

23  CSPC Dophen.  First, as stated above, Dr. Hu does not contend that Dophen Biomed, Inc.

24  and CSPC Dophen are affiliated in any way.  Second, any non-privileged responsive

25  communications regarding such representations are stored on the ecspc email server and

26  Responding Party's office computer.  As such, Responding Party does not have access

27  to these commuications and simply cannot recall any statement made by him concerning

28  a "relationship" between Dophen Biomed, Inc. and CSPC Dophen.

1 | INTERROGATORY NO. 14

2 | Describe any disclosure you made to any third parties relating to CSPC Dophen's

3 | drug DP303c, including where the disclosure was made, to whom the disclosure was

4 | made, the content of the disclosure, whether the disclosure was oral or written, and

5 | whether the disclosure was specified as confidential.

6 | RESPONSE TO INTERROGATORY NO. 14

7 | Responding Party objects to this request on the grounds that it is overbroad and

8 | unduly burdensome. Responding Party objects to this request on the grounds that it calls

9 | for information which is neither relevant to the subject matter of the litigation, nor

10 | reasonably calculated to lead to the discovery of admissible evidence. Responding Party

11 | objects to this request on the grounds that it calls for information which is confidential,

12 | proprietary, and/or protected as a trade secret, which Responding Party will only produce

13 | pursuant to a protective order. Responding Party objects to this request on the grounds

14 | that it calls for information protected by the attorney client privilege. Responding Party

15 | objects to this request on the grounds that it is vague and ambiguous as to time and the

16 | term "disclosure," "third parties," and "relating to", and calls for speculation.

17 | Responding Party objects to this request on the grounds that the information or

18 | documents are equally available to the propounding party at the same expense.

19 | Responding Party objects to this request on the grounds that responding would be

20 | burdensome and oppressive. Responding Party objects on the grounds that the

21 | information is electronically stored information and is not reasonably accessible because

22 | of undue burden or cost. In addition, this interrogatory violates the terms of the Stored

23 | Communications Act in that it potentially seeks access to a third-party server containing

24 | Responding Party private and irrelevant communications. Responding Party objects to

25 | this request on the grounds that it contains subparts, or a compound, conjunctive, or

26 | disjunctive question. Without waiving said objections, Responding Party responds as

27 | follows: The only disclosures, that we can determine at this time, were made to third

28 | parties concerning the DP303c drug were non-confidential communications made via

email to the FDA and NIH.

- On April 27, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning submission requirements for the IND application; missing signature page on the draft report and confirmation of submission.

- On April 25, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning deficiencies in the filing of the IND application and how to proceed with correcting the error.

- On May 4, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning the informed consent form associated with the IND application.

- On May 9, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning IND clinical protocol revisions.

- On May 12, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning IND clinical protocol revisions.

- On May 14, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning IND clinical protocol revisions and submission of IND application.

- On May 16, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning cell bank viral test report.

- On May 17, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning receipt of telephone conference instructions.

- On May 16, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning advice on the progress of IND application.

- On May 16, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning unfinished testing for application.

- On May 17, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via

1     email correspondence concerning revisions to IND application.

2     • September 14, 2017, Dr. Hu communicated With Eileen Morgan of the NIH

3     concerning animal welfare assurance compliance.

4  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**

5     Responding Party maintains the following objections and withdraws the remainder:

6  This request calls for information protected by the attorney client privilege and is vague

7  and ambiguous as to time and the term "disclosure," "third parties," and "relating to",

8  and calls for speculation. Without waiving said objections, Responding Party responds as

9  follows: Assuming Propunding Party is requesting that Responding Party identify

10  communications concerning the drug DP303c, Dr. Hu conducted a reasonable search and

11  the following is a list of responsive non-privileged email communications that have been

12  discovered to this point:

13     • On April 27, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via

14     email correspondence concerning submission requirements for the IND

15     application; missing signature page on the draft report and confirmation of

16     submission.

17     • On April 25, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via

18     email correspondence concerning deficiencies in the filing of the IND

19     application and how to proceed with correcting the error.

20     • On May 4, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via

21     email correspondence concerning the informed consent form associated

22     with the IND application.

23     • On May 9, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via

24     email correspondence concerning IND clinical protocol revisions.

25     • On May 12, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via

26     email correspondence concerning IND clinical protocol revisions.

27     • On May 14, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via

28     email correspondence concerning IND clinical protocol revisions and



**SEAN HU'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

submission of IND application.

- On May 16, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning cell bank viral test report.

- On May 17, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning receipt of telephone conference instructions.

- On May 16, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning advice on the progress of IND application.

- On May 16, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning unfinished testing for application.

- On May 17, 2017, Dr. Hu communicated with Sakar Wahby of the FDA via email correspondence concerning revisions to IND application.

- September 14, 2017, Dr. Hu communicated With Eileen Morgan of the NIH concerning animal welfare assurance compliance.

DATED: January 11, 2018                    KROGH & DECKER, LLP

By: _____
ANDREA M. CLOSE
Attorney for Defendant and
Counter-Claimant
ZHIXIANG HU, also known as SEAN HU



**SEAN HU'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES (SET ONE)**
Case No. 2:17-CV-01895-MCE-DB

1

## VERIFICATION

I, ZHIXIANG HU aka SEAN HU, I am familiar with the contents of ZHIXIANG HU aka SEAN HU'S SUPPLEMENTAL RESPONSES TO CSPC DOPHEN CORPORATION'S INTERROGATORIES (SET ONE).  The information supplied therein is either based upon my own personal knowledge or has been supplied to me by my agents, and is therefore provided as required by law.  I hereby verify that the information contained in the foregoing document is true, except any information that was provided to me by my agents, and as to that information, I hereby verify that I am informed and believe this information is true.

Dated:  __January 10, 2018__         By: _____
                                              ZHIXIANG HU aka SEAN HU

## PROOF OF SERVICE

1

   I, Owen Clark, declare: I am over the age of eighteen years and not a party to the
2  within above-entitled action; my business mailing address is 555 Capitol Mall, Suite 700,
   Sacramento, California 95814.
3

   On January 11, 2018, I served the following document(s):
4

5  **Defendant Sean Hu's Supplemental Responses to CSPC Dophen
   Corporation's Interrogatories  (Set One)**

6     ☒     via United States mail by placing such envelope(s) with postage thereon fully
   prepaid in the designated area for outgoing mail in accordance with this firm's practice,
7  whereby the mail is deposited in a United States mailbox in the City of Sacramento,
   California before the close of the day's business
8

9          ☐     via Overnight Express Mail Courier

10         ☐     via Facsimile, followed by U.S. Mail

11         ☐     via Personal Service

12         ☒     Courtesy Copy via Electronic Mail

13  on the parties to this action at the addresses indicated below:

14                    Bryan J . Wilson
                      Yue (Lily) Li
15                    Morrison & Foerster LLP
                      755 Page Mill Road
16                    Palo Alto, CA 94304
                      bwilso n@mofo .com
17                    yli@mofo .com

18

19                    C. Jason Smith
                      Smith, McDowell & Powell
20                    100 Howe Ave., Suite 208
                      Sacramento, CA 95825
21                    cjsmith@smplawcom .com

22

23     I declare under the penalty of perjury that the foregoing is true and correct and that
24  this declaration was executed on January 11, 2018, at Sacramento, California.

25                                                    _____
                                                             Owen Clark
26

27

28



**PROOF OF SERVICE**