# EXHIBIT J

MORRISON | FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

December 11, 2017

Writer's Direct Contact
+1 (650) 813.5689
YLi@mofo.com

By Email and U.S. Mail

Shawn M. Krogh
shawnkrogh@kroghdecker.com
Andrea M. Close
andreaclose@kroghdecker.com
Krogh & Decker, LLP
555 Capitol Mall, Suite 700
Sacramento, CA  95814

Re:    Responses to CSPC Dophen's Discovery Requests
       Case No. 2:17-cv-01895-MCE-DB (E.D. Cal.)

Dear Shawn and Andrea:

I write to follow up with our discussions with respect to Dr. Hu's responses to CSPC Dophen's First Set of Requests for Production.

CSPC Dophen propounded its First Set of Requests for Production on October 31, 2017.  As discussed below, Dr. Hu's responses dated November 30, 2017 are evasive and in violation of the Federal Rules of Civil Procedure.  As such, we request a telephonic meet and confer regarding Dr. Hu's deficient discovery requests on or before December 18, 2017.

**Dr. Hu's Boilerplate Objections**

Dr. Hu's responses are replete with overbroad and boilerplate objections in violation of Rule 34 of the Federal Rules of Civil Procedure.

Pursuant to Rule 34, objections to discovery requests must (1) "state with specificity the grounds for objecting"; and (2) "state whether any responsive materials are being withheld on the basis of that objection."  Rule 34(b)(2)(B) and 34(b)(2)(C); *Dao v. Liberty Life Assurance Co.*, No. 14-cv-04749-SI (EDL), 2016 U.S. Dist. LEXIS 28268 at *1 (N.D. Cal. Feb. 23, 2016) ("[A party's] boilerplate objections are insufficient and could be deemed waived."); s*ee also R. Fellen, Inc. v. RehabCare Grp., Inc.*, No. 1:14-CV-2081-DAD-SMS, 2016 U.S. Dist. LEXIS 41688, at *8-9 (E.D. Cal. Mar. 29, 2016) ("Rule 34(b)(2)(C) requires an objection to 'state whether any responsive materials are being withheld on the basis of that objection.').  Additionally, producing parties must indicate when a document production

pa-1817847

MORRISON | FOERSTER

December 11, 2017
Page Two

will be completed.  *See* Rule 34(b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.")

Dr. Hu's boilerplate objections fail to state with specificity the grounds for objecting.  We address Dr. Hu's objections as follows.

1. Confidential Information

*Dr. Hu's objection: "Responding Party objects . . . on the grounds that it calls for information which is confidential, proprietary, and/or protected as a trade secret."*

The parties have stipulated to a protective order filed on December 7, 2017.  The Stipulated Protective Order will protect any confidential and proprietary information from Dr. Hu and third parties.  *EEOC v. Braun Elec. Co.*, No. 1:12-cv-01592 - LJO - JLT, 2014 U.S. Dist. LEXIS 9262, at *16-18 (E.D. Cal. Jan. 24, 2014) ("Notably, a party's interest in the confidentiality of financial information may be adequately addressed via a protected order.").

2. Right of Privacy

*Dr. Hu's objection: "Responding Party objects . . . on the grounds that it calls for information that is protected by a right of privacy, including the right to privacy under Article 1, Section 1, of the California Constitution."*

*Dr. Hu's objection: "Responding Party objects . . . on the grounds that it calls for information that is protected by third party right of privacy."*

To the extent that any discovery requests seek financial information of Dophen Biomed, Inc., it is black letter law that corporations do *not* have a constitutional right of privacy.  *See, e.g., Saca v. J.P. Molyneux Studio Ltd.*, 2008 U.S. Dist. LEXIS 3857, *12-13 (E.D. Cal. Jan. 3, 2008).

In addition, the needs of the information sought by CSPC Dophen (*e.g.*, accounting of the quantity and source of CSPC Dophen's funds, operation and finances of Dophen Biomed Inc.) outweigh the alleged sensitivity of the information sought.  *EEOC*, 2014 U.S. Dist. LEXIS 9262, at *17 ("the right to privacy under California law 'extends to financial privacy in litigation, but . . . is subject to balancing the needs of the litigation with the sensitivity of the information/ records sought.' [citation omitted]  Consequently, the right to privacy is not an 'absolute bar to discovery,' and 'may be subject to invasion.' [citation omitted].").

In any event, as discussed above, the Stipulated Protective Order will protect any confidential and proprietary information from Dr. Hu and third parties.  *Id.* at *17-18.

MORRISON | FOERSTER

December 11, 2017
Page Three

3. Financial Information Barred by Cal. Civ. Code 3295(c)

*Dr. Hu's objection: "Responding Party objects . . . on the grounds that the disclosure of such financial information is barred by Civil Code section 3295(c)."*

Cal. Civ. Code 3295(c) does not apply in federal cases. Moreover, the Stipulated Protective Order will protect any confidential and proprietary information from Dr. Hu and third parties. *EEOC*, 2014 U.S. Dist. LEXIS 9262, at *17-18.

4. Stored Communications Act

*Dr. Hu's objection: "In addition, this [request] violates the terms of the Stored Communications Act in that it potentially seeks access to a third party server containing Responding Party private and irrelevant communications."*

The Stored Communications Act generally applies in situations where discovery requests are propounded to third-party information service providers and does *not* apply in our case. *See e.g. In re Subpoena Duces Tecum to AOL LLC*, 550 F. Supp. 2d 606 (E.D. Va. 2008) (quashing subpoena to third party ISP based on Stored Communications Act); *Hone v. Presidente U.S.A., Inc.*, 2008 U.S. Dist. LEXIS 55722, at *2 (N.D. Cal. July 21, 2008) (unpublished) ("The SCA governs disclosure of information by providers of electronic communication services ('ECS') and remote computing services ('RCS')").

Here, Dr. Hu has **control** over the sources having relevant information, including the Google Drive, One Drive, and email accounts (*e.g.*, dophenbiomed.com and gmail.com email accounts). *See, e.g., Columbia Pictures Indus. v. Bunnell*, No. CV 06-1093 FMC(JCx), 2007 U.S. Dist. LEXIS 46364 (C.D. Cal. May 29, 2007) (finding that the Stored Communications Act did not provide a basis to withhold server data where that data was clearly within defendants' possession, custody and control as defendant maintained access to the server); *Singh v. Hancock Nat. Res. Grp., Inc.*, No. 1:15-cv-01435 LJO JLT, 2016 U.S. Dist. LEXIS 179974 at *3 (E.D. Cal. Dec. 28, 2016) ("A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document.")

5. Electronically-Stored Information ("ESI")

*Dr. Hu's objection: "Responding Party objects on the grounds that the information is electronically stored information and is not reasonably accessible because of undue burden or cost."*

pa-1817847

December 11, 2017
Page Four

As we met and conferred on December 5, 2017, Dr. Hu has not provided any facts to support the claim of undue burden and cost, including for example, the volume of the ESI and the estimated cost for searching and producing the ESI. As we have emphasized on multiple occasions, while there has been no agreement on specific search terms and/or methods, Dr. Hu is still under an obligation to conduct a reasonable search to locate and produce responsive documents.

6. Overbroad and Unduly Burdensome

*Dr. Hu's objection: "Responding Party objects . . . on the grounds that it is overbroad and unduly burdensome."*

Dr. Hu has failed to explain or provide any facts as to why the objected discovery request is burdensome or how it is overly broad. *See, e.g., Gerawan Farming, Inc. v. Rehrig Pac*. Co., No. 1: 11-cv-01273-LJO-BAM, 2013 U.S. Dist. LEXIS 14126, at *8-9 (E.D. Cal. Jan. 30, 2013) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable. Rather, a party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome.); *Amatrone v. Champion*, No. 15-cv-01356-JST, 2017 U.S. Dist. LEXIS 40800 at *4 (N.D. Cal. Mar. 20, 2017) (rejecting "broad and overzealous" as a boilerplate response on its own, and insufficient to respond to a discovery request.).

7. Vague and Ambiguous

*Dr. Hu's objection: "Responding Party objects . . . on the grounds that it is vague, ambiguous, and calls for speculation."*

Dr. Hu has failed to explain the specific and particular way in which a request is vague or ambiguous. *See, e.g., Amatrone v. Champion*, No. 15-cv-01356-JST, 2017 U.S. Dist. LEXIS 40800 at *4 (N.D. Cal. Mar. 20, 2017) (rejecting "vague and ambiguous" as a boilerplate response on its own, and insufficient to respond to a discovery request.).

8. Privilege

Dr. Hu's objection: *"Responding Party objects . . . on the grounds that it calls for information protected by the attorney client privilege."*

"Whether a responding party states a general objection to an entire discovery document . . . or generally asserts a privilege objection within an individual discovery response, the resulting 'blanket objection' is decidedly improper." *Eureka Financial v. Hartford Acc. and Index.,* 136 F.R.D. 179, 182 (E.D. Cal. 1991). "[Blanket assertions of the privileges] are

December 11, 2017
Page Five


'extremely disfavored.' . . . The privileges must ordinarily be raised as to each record sought to allow the court to rule with specificity." *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir.1992) (referring to the attorney client privilege); *see also Mitchell v. Adams*, No. CIV S-06-2321 GEB GGH P, 2009 U.S. Dist. LEXIS 24289 at *49 (E.D. Cal. Mar. 5, 2009); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005) ("[A] proper assertion of privilege must be more specific than a generalized, boilerplate objection.").

To the extent that any responsive documents are privileged, Dr. Hu is required to produce a privilege log identifying such responsive and privileged documents.

9. Relevance

*Dr. Hu's objection: "Responding Party objects . . . on the grounds that it calls for information which is neither relevant to the subject matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence."*

Dr. Hu has relied on *outdated* language in the Federal Rules. The amended Rule 26(b) now refers to discovery related to material "relevant to any party's claim or defense" and not discovery about the "subject matter of this litigation." In addition, references to discovery not "reasonably calculated to lead to the discovery of admissible evidence" have been removed from the Rules.

Moreover, Dr. Hu has failed to explain why the requested information is not relevant to any party's claim or defense. *See, e.g., Gerawan Farming*, 2013 U.S. Dist. LEXIS 14126, at *8-9 (a party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome).

10. Subparts

*Dr. Hu's objection: "Responding Party objects . . . on the grounds that it contains subparts, or a compound, conjunctive, or disjunctive question."*

Dr. Hu has failed to explain why any of the requests contains "subparts, or a compound, conjunctive, or disjunctive question." In any event, the objections based on subparts do *not* apply to document requests because there is no limit on the number of document requests that a party can propound.

pa-1817847

December 11, 2017
Page Six

    11. Not the Property of Responding Party

*Dr. Hu's objection: "Responding Party objects . . . to the extent it calls for documents that are not the property of Responding Party, but rather the property of another individual or entity, and subject to protection."*

CSPC Dophen requests for production of documents within Dr. Hu's possession, custody, or control.  *See Singh v. Hancock Nat. Res. Grp., Inc.*, No. 1:15-cv-01435 LJO JLT, 2016 U.S. Dist. LEXIS 179974, at *3 (E.D. Cal. Dec. 28, 2016) ("The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its 'possession, custody, or control' on the date specified. Fed. R. Civ. P. 34(a).").  "Actual possession, custody or control is not required. 'A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document.')."  *Id.*

    12. Unintelligible

*Dr. Hu's objection: "Responding Party objects . . . on the grounds that it is unintelligible and therefore is impossible for Responding Party to determine what documents are being sought in this request."*

Dr. Hu has failed to explain why certain document requests are "unintelligible."  We note that there is a typo in Request No. 26 — "at the time the representation" should be "at the time of the representation."

**Request Nos. 6, 7, 10, 15-18, 24-26 and 29**

Dr. Hu's responses to Request Nos. 6, 7, 10, 15-18, 24-26 and 29 consist of objections only. You also indicated during our meet and confer on December 5, 2017 that Dr. Hu will not be producing any documents in response to these requests.

We believe we have addressed Dr. Hu's objections to these requests as discussed above. Accordingly, we request that you produce documents responsive to these requests immediately and provide ***when*** document production to these requests will be completed. *See* Rule 34(b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.").

**MORRISON | FOERSTER**

December 11, 2017
Page Seven

### Request Nos. 2-5, 12-14, 19-23, 27-28 and 31-32[1]

Dr. Hu has agreed to provide responsive, non-privileged, non-work product documents in response to Request Nos. 2-5, 12-14, 19-23, 27-28 and 31-32. Therefore, please produce documents responsive to these requests immediately and provide *when* document production to these requests will be completed. *See* Rule 34(b)(2)(B).

Moreover, please confirm whether any responsive materials are being withheld on the basis of a particular objection pursuant to Rule 34(b)(2)(C). *See R. Fellen*, 2016 U.S. Dist. LEXIS 41688, at *8-9 ("Rule 34(b)(2)(C) requires an objection to 'state whether any responsive materials are being withheld on the basis of that objection.' . . . The requirement that an objection state whether any responsive materials are being withheld on the basis of that objection is a new addition in the December 2015 amendment. The 2015 advisory committee notes states that this amendment 'should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections.'").

We also note that for certain requests (*e.g.*, Request Nos. 3, 5, 14, 19, 22, 27, 28, 31, 32), Dr. Hu responded that he would only produce documents that "CSPC Dophen does not possess." This is improper. CSPC Dophen is entitled to discovery in Dr. Hu's possession, custody, or control. *See, e.g., Gerawan Farming*, 2013 U.S. Dist. LEXIS 14126, at *9 ("a requesting party is entitled to production of documents within a responding party's possession, custody, or control, *regardless of whether the requesting party possesses the same documents*. Fed. R. Civ. P. 34(a).") (emphasis added); *Singh*, 2016 U.S. Dist. LEXIS 179974, at *3. CSPC Dophen has the right to understand the full scope of its information / property taken by Dr. Hu and still in his possession, custody, or control.

Please let us know your availability as soon as possible for a meet and confer on or before December 18, 2017.

Sincerely,

Lily Li

cc:   Bryan Wilson
      C. Jason Smith

---

[1] We will send a separate letter regarding the laptop computer and cell phone produced by Dr. Hu in response to Request No. 1.

pa-1817847