# EXHIBIT K

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

December 15, 2017

Writer's Direct Contact
+1 (650) 813.5689
YLi@mofo.com

Via Email and U.S. Mail
shawnkrogh@kronghdecker.com
andreaclose@kronghdecker.com

Shawn M. Krogh
Andrea M. Close
Krogh & Decker, LLP
555 Capitol Mall, Suite 700
Sacramento, CA 95814

Re:   *CSPC Dophen Corporation v. Zhixiang Hu*
      Case No. 2:17-CV-01895-MCE-DB

Dear Counsel:

This letter is in regards to CSPC Dophen's Dell Vostro laptop computer (Serial No. 2GQXRQ1) and Samsung Galaxy S6 SMG920T cellular phone (Serial No. R58G3276YMJ) that you produced on December 6, 2017. Both of these devices were produced in response to CSPC Dophen's Interrogatories and Requests for Production. Despite our discovery requests served on October 31, 2017, you did not produce CSPC Dophen's laptop computer and cellular phone until December 6, 2017.

Based on our preliminary forensic investigation, we believe that serious evidence spoliation on both devices has occurred. Our on-going forensic investigation shows that the cellular telephone has been factory reset, as if it has never been used before. Further, just *two* days before you produced the laptop computer, an anti-forensic program "CCleaner" was used to delete more than one hundred thousand files from the laptop computer. As we understand, CCleaner is not available in a standard installation of windows. Our on-going investigation has also revealed that at least the laptop computer connected to One Drive on the evening of December 1, 2017 before the mass deletion occurred. There is also evidence that one or more detachable storage device were connected to the laptop computer prior to the mass deletion.

pa-1817650

**MORRISON | FOERSTER**

December 15, 2017
Page Two

As you know, evidence spoliation is cause for sanctions against the party committing spoliation. *See, e.g., Olney v. Job.com*, No. 1:12-cv-01724-LJO-SKO, 2014 U.S. Dist. LEXIS 152140 (E.D. Cal. Oct. 24, 2014) (granting adverse inference and monetary sanctions based on deletion of relevant data from computer after duty to preserve had arisen). We are currently considering filing a motion for sanctions, if you have any explanation for the deletion of the information from these devices please provide it to us immediately.

Given the seriousness of potential evidence spoliation, we ask that you:

- Identify any and all steps you and Dr. Hu have taken to preserve evidence and avoid spoliation of evidence to date;

- Identify any backups or other information which would help identify the information that was deleted from the laptop and cell phone;

- Confirm that you and Dr. Hu are taking all necessary steps to preserve all remaining evidence in the possession, custody, or control of your from or your client;

- Provide the chain of custody for both the laptop computer and cellular phone since Dr. Hu's employment with CSPC Dophen was terminated;

- Produce or provide for inspection of all documents in response to our discovery requests served on October 31, 2017 immediately. This would include any of the devices that were connected to the laptop prior to the mass deletion, and the One Drive account, among others; and

- Identify any additional relevant sources of information immediately.

Please respond to this letter by close of business on Monday, December 18, 2017.

Sincerely,

Lily Li

cc:   Bryan Wilson
      C. Jason Smith

pa-1817650