# EXHIBIT M

MORRISON | FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

December 20, 2017

Writer's Direct Contact
+1 (650) 813.5689
YLi@mofo.com

Via Email and U.S. Mail
shawnkrogh@kronghdecker.com
andreaclose@kronghdecker.com

Shawn M. Krogh
Andrea M. Close
Krogh & Decker, LLP
555 Capitol Mall, Suite 700
Sacramento, CA  95814

Re:   *CSPC Dophen Corporation v. Zhixiang Hu*
      Case No. 2:17-CV-01895-MCE-DB

Dear Counsel:

I write in response to your letter dated December 19, 2017.

To be clear, CSPC Dophen served its Interrogatories and Requests for Production on October 31, 2017. You still have not produced a single document or even told us when you are going produce documents. We just received your email indicating that you are available for a meet and confer on December 29, 2017, nearly three weeks after we requested a meet and confer. We have been more patient than we should have been.

Moreover, Dr. Hu verified on November 13, 2017 that the laptop computer and cell phone were responsive to CSPC Dophen's Interrogatory No. 1 and Request for Production No. 1. You also represented to us that on December 6, 2017 your office made an image of the laptop computer and cell phone. We have reminded you, repeatedly, of your obligations to preserve evidence. The mass deletion of the files on the laptop and the factory reset of the cell phone, immediately before the return of these devices, suggest serious evidence spoliation. Our request for an explanation for the deletion of the information from these devices by December 18—more than one month after Dr. Hu identified them as responsive to our discovery requests—is more than reasonable under the circumstances.

pa-1819284

**MORRISON | FOERSTER**

December 20, 2017
Page Two

Our on-going investigation reveals that at least the following devices/drives accessed the laptop computer prior to the mass deletion, including:

- Hitachi Travelstar 100 GB hard drive (which accessed the laptop on the same day before the mass deletion occurred);

- Microsoft One Drive (which accessed the laptop at least on December 1, 2017);

- Two USB DISK 2.0 USB devices (which accessed the laptop at least on November 22, 2017);

- Generic Mass-Storage USB device (which accessed the laptop at least on November 17, 2017);

- Kingston Data Traveler thumb drive named "Dophen";

- Western Digital My Passport 0830 USB device;

- TOSHIBA External USB 3.0 USB device;

- Two SanDisk Cruzer Glide USB device;

- Two Generic Flash Disk USB devices; and

- SD Card.

These storage devices/drives are at least responsive to CSPC Dophen's Request for Production Nos. 1 and 10.[1]  Please produce these devices/drives immediately.

Again, it is your obligation to ensure that you and your client preserve evidence.  We wanted to give you an opportunity to explain your efforts, if any, to preserve evidence before we move for sanctions, but you didn't.  Please confirm that you and your client are taking all necessary steps to preserve all remaining evidence in the possession, custody, or control of you or your client.

---

[1] RFP No. 1 seeks "[a]ll documents and things that are still in your possession that you received from CSPC Dophen or accessed, copied, or removed from CSPC Dophen computers or networks, including but not limited to all documents and things relating to CSPC Dophen's drug DP303." RFP No. 10 seeks "[a]ll documents in the Google Drive and OneDrive as identified in paragraph 10 of the Kunkel Declaration."

pa-1819284

MORRISON | FOERSTER

December 20, 2017
Page Three



Sincerely,

Lily Li

cc: Bryan Wilson
C. Jason Smith

pa-1819284