UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZHIXIANG HU,<br><br>Defendant. | No. 2:17-cv-1895 MCE DB PS<br><br><br>ORDER |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Plaintiff commenced this action on September 11, 2017. (ECF No. 1.) At that time, all parties were proceeding through counsel. Accordingly, this action was governed by the scheduling order issued by the assigned District Judge. (ECF No. 5.) However, defendant is now proceeding pro se. Accordingly, this action has been referred to the undersigned pursuant to

////

////

1

Local Rule 302(c)(21). The undersigned, therefore, will issue the following amended scheduling order.[1]

**SERVICE OF PROCESS**

Service of process has been completed. No further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendment to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992).

**JURISDICTION/VENUE**

Jurisdiction over this action is predicated on the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendant does not dispute either jurisdiction or venue and both appear to be proper.

**DISCOVERY**

Plaintiff shall disclose experts no later than **November 23, 2018**. Defendant shall disclose experts no later than **December 7, 2018**. Rebuttal experts shall be disclosed no later than **December 21, 2018**. All discovery is left open, save and except that it shall be so conducted as to be <u>completed</u> by **January 18, 2019**. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

**MOTION HEARING SCHEDULE**

All law and motion, except as to discovery, is left open, and will be completed by **March 8, 2019**. The word "completed" in this context means that all law and motion matters must be heard by the above date. The parties are cautioned to refer to the local rules, specifically Local

---

[1] This order does not terminate plaintiff's duty to comply with the assigned District Judge's May 29, 2018 order that plaintiff file a status report following the undersigned's ruling on plaintiff's motion to compel. (ECF No. 68 at 4.)

2

Rule 230, regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.

**The parties shall file with the court and serve opposition OR a statement of non-opposition to every properly noticed motion not later than fourteen (14) days preceding the hearing date. Any reply by the moving party shall be filed with the court and served not later than seven (7) days preceding the hearing date.** This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears after examining the legal issues and facts that an issue can be resolved by pretrial motion, the parties are to file the appropriate motion by the law and motion cutoff set forth above.

<u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. THE PARTIES ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

**SETTLEMENT CONFERENCE**

An early settlement conference may be set before the undersigned, or another magistrate judge who is randomly selected, if all parties agree to request an early settlement conference. Either party may initiate such a request by calling Pete Buzo, courtroom deputy to the undersigned, at (916) 930-4128. Information will be provided regarding the procedure to follow. Otherwise, a Settlement Conference may be scheduled when the Final Pretrial Conference is held.

////

**MISCELLANEOUS PROVISIONS**

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

Pursuant to Fed. R. Civ. P. 16(b), THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. Plaintiff shall disclose experts no later than **November 23, 2018**.
2. Defendant shall disclose experts no later **December 7, 2018**.
3. Rebuttal experts shall be disclosed no later than **December 21, 2018**.
4. Discovery shall be completed by **January 18, 2019**.
5. All pretrial motions, except motions to compel discovery, shall be completed by **March 8, 2019**.
6. The parties shall file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving a ruling on the last pending dispositive motion.

Dated: June 18, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\cspc1895.sched.ord

4