UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZHIXIANG HU,<br><br>Defendant. | No. 2:17-cv-1895 MCE DB PS<br><br><br><br>ORDER |

This action came before the court on June 15, 2018, for hearing of plaintiff's motion to compel. (ECF No. 52.) Attorney Yue Li appeared on behalf of the plaintiff. Defendant Zhixiang Hu appeared in person on his own behalf.

Plaintiff's motion seeks to compel further responses to plaintiff's request for production number 1, interrogatory number 1, request for production number 5, request for production number 6, and interrogator number 5. (ECF No. 72 at 7-19.) As part of that production, plaintiff has specifically requested "all documents" contained in the following email accounts: dophenbiomed.com; dophenbiomed@gmail.com; admin@dophenbiomed.com; info@dophenbiomed.com; careers@dophenbiomed.com; ashley@dophenbiomed.com; lfeng@dophenbiomed.com; lallen@dophenbiomed.com; lisha@dophenbiomed.com; rubin@dophenbiomed.com; yuxishan@dophenbiomed.com; grants@dophenbiomed.com; and sean@dophenbiomed.com. (Id. at 13.)

1

In opposition to plaintiff's request, defendant argues that he does not have to provide any further discovery responses to the requested discovery because the documents at issue would be found on a computer purchased by defendant "2 weeks before [he] joined CSCP-Dophen," in email accounts "created by [defendant] for personal endeavors," and because plaintiff "and its counsels are shameless liars!" (Id. at 13, 16, 18.) Defendant fails to understand the applicable standard.

Here, the plaintiff is seeking discovery. Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, ("Rule"), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Relevant information "need not be admissible in evidence to be discoverable." Id. However, a court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

In this regard, the issue is not whether the evidence is found on something purchased by or for plaintiff, but whether defendant is in possession of relevant evidence. Here, it appears that the requested discovery is relevant and proportional to the needs of the case. For example, plaintiff's request for production number 1 seeks documents accessed, copied, or removed from plaintiff's computers or networks. (ECF No. 72 at 7.) Request for production number 6 seeks documents relating to bank accounts containing funds belonging to the plaintiff. (Id. at 16.)

Defendant's argument makes a vague reference to privacy. (Id. at 7, 22.) "The right to privacy is not absolute and can be outweighed; courts generally balance the need for the information against the severity of the invasion of privacy." Rogers v. Giurbino, 288 F.R.D. 469,

484 (S.D. Cal. 2012). Here, plaintiff needs the information and defendant has failed to articulate the severity of the invasion of privacy. Moreover, a protective order has already been entered in this action. (ECF No. 44.) "A carefully drafted protective order could minimize the impact of this disclosure." Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995).

At the June 15, 2018 hearing, defendant requested a continuation of two weeks to familiarize himself with the applicable law because he commenced proceeding pro se on May 29, 2018. (ECF No. 68.) Although the undersigned is cognizant of the challenges faced by parties proceeding pro se, the undersigned is also concerned about possible further spoliation. In this regard, the assigned District Judge noted in his May 29, 2018 order allowing the withdrawal of defendant's counsel, that plaintiff had presented a "relatively strong indication that spoliation has already occurred or at least been attempted in this case[.]" (ECF No. 68 at 3.) Under such circumstances, the undersigned is not willing to permit defendant additional time.

Plaintiff's motion also seeks costs and attorneys' fees. (ECF No. 72 at 19.) As the motion concedes, however, plaintiff has failed to provide "an accounting of the costs and fees" at issue. (Id.) In the absence of such information, the undersigned will not grant plaintiff's request.

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 16, 2018 motion to compel (ECF No. 52) is granted;

2. Defendant shall provide complete and non-evasive responses within fourteen days of the date of this order; and

3. Plaintiff's request for attorneys' fees and costs is denied without prejudice.

Dated: June 18, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\cspc1895.oah.061518

3