UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ZHIXIANG HU,<br><br>　　　　Defendant. | No. 2:17-cv-1895 MCE DB PS<br><br>ORDER |

Defendant is proceeding in this action pro se. (ECF No. 68.) Accordingly, this action has been referred to the undersigned pursuant to Local Rule 302(c)(21).

On May 30, 2018, plaintiff filed a motion to dismiss defendant's counterclaims. (ECF No. 70.) That motion is noticed for hearing before the undersigned on June 29, 2018. Pursuant to Local Rule 230(g), that motion is submitted upon the record and the June 29, 2018 hearing is vacated.

On June 8, 2018, plaintiff filed a motion to compel discovery responses. (ECF No. 73.) That motion is also noticed for hearing before the undersigned on June 29, 2018. Pursuant to Local Rule 251, the parties filed a joint statement on June 22, 2018. (ECF No. 78.)

Plaintiff's motion seeks to compel defendant's response to Interrogatory No. 17. (ECF No. 78 at 4.) Interrogatory No. 17 asks defendant to "[i]dentify the password or login information for the Email Accounts." (Id.) The term "Email Accounts" is defined as the following accounts:

1

admin@dophenbiomed.com, info@dophenbiomed.com, careers@dophenbiomed.com, ashley@dophenbiomed.com, lfeng@dophenbiomed.com, lallen@dophenbiomed.com, lisha@dophenbiomed.com, rubin@dophenbiomed.com, yuxishan@dophenbiomed.com, grants@dophenbiomed.com, dophenbiomed@gmail.com, and sean@dophenbiomed.com.[1]  (ECF No. 78-2 at 3.)

Defendant, again, argues that plaintiff is "using [the] discovery process to seek control of plaintiff's property."  (ECF No. 78 at 7.)  As the undersigned previously explained to defendant, the issue is not whether the evidence sought by plaintiff is found on something purchased by or for the defendant, but whether defendant is in possession of relevant evidence.  (ECF No. 77 at 2.)  Plaintiff has alleged defendant formed a secret entity, Dophen Biomed, Inc., to engage in various improper activities.  (ECF No. 1 at 4.)  According to the declaration of Jasmine Xiong, submitted by defendant in support of his opposition, defendant used Dophenbiomed@gmail.com for business related to the plaintiff.  (ECF No. 78-9 at 2.)  Which defendant concedes.  (ECF No. 78 at 8.)  Moreover, there are serious concerns regarding spoliation in this action.  (ECF No. 68 at 3.)  In this regard, the discovery sought by plaintiff seems relevant and proportional.

Defendant also raises concerns about privacy and attorney-client privilege.  To assuage defendant's concerns the undersigned will order that the discovery obtained be subject to the stipulated protective order previously entered in this action.  (ECF No. 44.)  Moreover, plaintiff has offered, and will be ordered, to "hire a vendor to remove or segregate legitimate attorney-client privileged communications in these email accounts (based on Dr. Hu's identification of the email addresses of his former attorneys) before turning these email accounts to [plaintiff]."  (ECF No. 78 at 5.)

Accordingly, upon consideration of the arguments on file and for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 30, 2018 motion to dismiss (ECF No. 70) is submitted without oral argument;

---

[1] The undersigned has previously ordered defendant to produce essentially, if not exactly, this same information.  (ECF No. 33; ECF No. 77.)

2. Plaintiff's June 8, 2018 motion to compel (ECF No. 73) is granted;

3. Within 21 days of the date of this order, defendant shall identify the password or login information for the following email accounts: admin@dophenbiomed.com; info@dophenbiomed.com; careers@dophenbiomed.com; ashley@dophenbiomed.com; lfeng@dophenbiomed.com; lallen@dophenbiomed.com; lisha@dophenbiomed.com; rubin@dophenbiomed.com; yuxishan@dophenbiomed.com; grants@dophenbiomed.com; dophenbiomed@gmail.com; and sean@dophenbiomed.com.

4. Plaintiff shall hire a vendor to remove or segregate legitimate attorney-client privileged communications in these email accounts, based on defendant's identification of the email addresses of his former attorneys, before production to the plaintiff;

5. The production and information found in these accounts shall be governed by the stipulated protective order entered in this action[2]; and

6. The June 29, 2018 hearing of plaintiff's motion to dismiss and motion to compel is vacated.

Dated: June 25, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\cspc1895.mtc.grnt.ord

---

[2] Pursuant to that protective order, defendant may wish to meet and confer with plaintiff regarding the appropriate designation of protected material, if any.