UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZHIXIANG HU,<br><br>Defendant. | No. 2:17-cv-1895 MCE DB PS<br><br>ORDER |

Defendant is proceeding in this action pro se. Accordingly, this action has been referred to the undersigned pursuant to Local Rule 302(c)(21). (ECF No. 68.) On June 15, 2018 the matter came before the undersigned for hearing of plaintiff's motion to compel. (ECF No. 75.) On June 18, 2018, the undersigned issued an order granting plaintiff's motion to compel, and ordering defendant to provide plaintiff with complete and non-evasive responses within fourteen days. (ECF No. 77.)

On October 15, 2018, plaintiff filed a motion to enforce the June 18, 2018 order. (ECF No. 107.) According to plaintiff's motion, although defendant provided supplemental responses on July 9, 2018, those responses "remain evasive and incomplete."[1] (Id. at 4.) It appears from

---

[1] This matter was briefed by way of motion, opposition, and reply pursuant to Local Rule 230. Because the parties' dispute concerns incomplete discovery responses the matter should have been briefed pursuant to Local Rule 251(a) and the undersigned's standard information, which requires the parties to meet and confer, and produce a joint statement.

1

defendant's supplemental responses that defendant may not understand what is required to comply with the June 18, 2018 order.[2] Plaintiff's motion will, therefore be granted, and defendant ordered to provide a further supplemental response as explained below.

**1.    Plaintiff's Request For Production No. 1 & Interrogatory No. 1.**

These discovery requests seek the identification and production of all:

> . . . documents and things that are still in [defendant's] possession that [defendant] received from CSPC Dophen or accessed, copied, or removed from CSPC Dophen computers or networks, including but not limited to all documents and things relating to CSPC Dophen's drug DP303.

(ECF No. 107-10 at 4; ECF No. 107-11 at 4.) Defendant's supplemental response states that defendant "did not possess any documents or things that belong to Plaintiff." (Id.) Defendant acknowledges that he "might have used USB drivers to facilitate data backup" but that any such drivers "were left in [defendant's] former office, to which [defendant] has no access since July 5, 2017." (Id.)

However, plaintiff believes that defendant may still have access to: (1) a "OneDrive account" containing thousands of plaintiff's documents; (2) USB drivers used on defendant's work computers in the months following his termination; and (3) a complete back-up of his wife's laptop which contains plaintiff's documents. (Pl.'s Mot. (ECF No. 107 at 10-11.) Within twenty-one days of the date of this order, defendant shall make a further supplemental response to plaintiff's discovery requests that either produces each of these three items to plaintiff or explains defendant's failure to produce.

////

////

---

[2] Plaintiff's motion also seeks "costs and fees under Rule 37 of the Federal Rules of Civil Procedure." (Pl.'s Mot. (ECF No. 107) at 12.) "A reading of the Rule leads to the inescapable conclusion that the award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery unless the court finds the opposition to the motion was substantially justified." Brown v. State of Iowa, 152 F.R.D. 168, 173 (S.D. Iowa 1993) (quotation omitted). Here, in light of defendant's pro se status and supplemental responses, the undersigned finds that defendant was substantially justified in opposing plaintiff's motion. Therefore, costs and fees will not be awarded.

**2.   Plaintiff's Interrogatory No. 5 and Request For Production No. 6**

These discovery requests seek to identify and obtain documents referring or relating to any bank account maintained by defendant that contains money belonging to plaintiff, including an accounting of the quantity and source of all funds contained therein. (ECF No. 107-10; ECF No. 107-11 at 4.) Defendant's July 9, 2018 supplemental response essentially refers plaintiff to plaintiff's employee Ashley Smith. (ECF No. 107-10 at 6; ECF No. 107-11 at 5.) Defendant asserts that Ashley Smith handled all "accounts, accounting, deposit and withdrawals as well as connected payrolls" by plaintiff's employees. (ECF No. 107-11 at 5.)

Defendant's response, however, misunderstands what plaintiff is seeking. Plaintiff is not seeking the identity of persons who may have relevant financial information, but the information pertaining to any bank account defendant has access to which contains any money belonging to plaintiff. Thus, within twenty-one days of the date of this order, defendant shall provide plaintiff with the identity of, and any and all documents or communications referring or relating to, any bank account that plaintiff has access to which contains money belonging to the plaintiff.

Accordingly, upon consideration of the arguments on file and for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 15, 2018 motion to enforce (ECF No. 107) is granted in part and denied in part;

2. Within twenty-one days of the date of this order defendant shall make a further supplemental response to plaintiff's discovery requests as explained above; and

3. The November 16, 2018 hearing of plaintiff's motion is vacated.

Dated:  November 13, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\cspc1895.mot.enforce.ord

3