UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ZHIXIANG HU,<br><br>    Defendant. | No. 2:17-cv-1895 MCE DB PS<br><br>ORDER |

Defendant and counterclaimant, Dr. Zhixiang Hu, Ph.D., is proceeding in this action pro se. (ECF No. 68.) Accordingly, this action has been referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Noticed for hearing before the undersigned on December 7, 2018 is defendant's motion to sanction plaintiff's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. (ECF No. 113.) And noticed for hearing before the undersigned on December 14, 2018, is defendant's motion for reconsideration. (ECF No. 116.) The undersigned finds that defendant's motions may be resolved without a hearing pursuant to Local Rule 230(g).

**I.  Defendant's Motion to Sanction**

An attorney or pro se party may be sanctioned pursuant to Rule 11 for conduct such as filing a pleading for an improper purpose, raising claims or defenses that are not warranted by existing law, or alleging facts that have no evidentiary support. See Fed. R. Civ. P. 11(b).

1

However, Rule 11 contains a procedural safe harbor provision that requires that a "motion for sanctions . . . . be served . . . [but] it must not be filed . . . if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service[.]" Fed. R. Civ. P. 11(c)(2). "The safe harbor provision gives an attorney the opportunity to withdraw or correct a challenged filing by requiring a party filing a Rule 11 motion to serve the motion 21 days before filing the motion." Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC, 339 F.3d 1146, 1150 (9th Cir. 2003).

In this regard, "[t]o comply with the Rule, [defendant] was required to serve [the] Rule 11 motion on the plaintiff[] with a demand for retraction of the allegedly offending allegations, and then to allow the plaintiff[] at least twenty-one days to retract the pleading before filing the motion with the court." Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788-89 (9th Cir. 2001). Here, it appears that defendant did not satisfy the Rule's safe harbor provision.

Defendant apparently drafted the motion for sanctions on November 9, 2018, and filed the motion on November 11, 2018. (ECF No. 113 at 11.) This is consistent with plaintiff's assertion that defendant failed to comply with the safe harbor provision. (ECF No. 120 at 7.) And defendant does not address this argument in his reply. (ECF No. 128.) The rule's "procedural requirements of . . . 'safe harbor' are mandatory." Radcliffe, 254 F.3d at 789.

Defendant's motion also contains a vague reference to 28 U.S.C. § 1927. This provision states that any person "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927. "An award of sanctions under 28 U.S.C. § 1927 . . . requires a finding of recklessness or bad faith." Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998). Moreover, "sanctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" Primus Automotive Financial Services, Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) (quoting Operating Engineers Pension Trust v. A–C Co., 859 F.2d 1336, 1344 (9th Cir. 1988)).

////

Here, defendant's motion simply states that plaintiff's attorney "caused significant harm to Dr. Hu both financially . . . and emotionally." (ECF No. 113 at 10.) Defendant's motion, however, fails to adequately address §1927 or why counsel's conduct was reckless or in bad faith, such that the undersigned cannot determine if this is the rare and exceptional case justifying an award of sanctions.

Accordingly, defendant's motion for sanctions pursuant to Rule 11 will be denied without prejudice to renewal.[1]

## II. Defendant's Motion for Reconsideration

On June 18, 2018, the undersigned issued an order granting plaintiff's motion to compel and ordering defendant to provide plaintiff with complete and non-evasive responses within fourteen days. (ECF No. 77.) On October 15, 2018, plaintiff filed a motion to enforce that order. (ECF No. 107.) On November 14, 2018, the undersigned issued an order granting in part plaintiff's motion to enforce. (ECF No. 115.)

On November 18, 2018, defendant filed a motion for reconsideration. (ECF No. 116.) Plaintiff filed an opposition on November 26, 2018. (ECF No. 122.) Defendant filed a reply on December 3, 2018. (ECF No. 129.)

"Rule 60(b) permits reconsideration of a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence that supports grounds for a new trial under Rule 59; (3) fraud by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief from the operation of the judgment." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1130-31 (E.D. Cal. 2001) (citing Fed. R. Civ. P. 60(b)). "A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before." Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D. N.J.1992), aff'd, 37 F.3d 1485 (3d Cir. 1994) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991)). "'A

---
[1] Although the motion is denied without prejudice to renewal, and the undersigned has not reached the merits of defendant's arguments, defendant is advised that plaintiff's opposition to defendant's motion appears largely well taken.

3

party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" Id. at 856-57 (quoting G–69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J.1990)).

Here, defendant argues that the undersigned "overlooked Defendant's oppositions/response (ECF #110)[.]" (ECF No. 116 at 3.) Defendant is assured that the undersigned did not overlook defendant's opposition, filed on November 2, 2018. (ECF No. 110.) Although the November 14, 2018 order did not specifically cite to defendant's opposition, that is because the opposition does not contain helpful argument. Nonetheless, the November 14, 2018 order was based "upon consideration of the arguments on file," including defendant's opposition filed November 2, 2018. (ECF No. 115 at 3.)

Defendant also argues the undersigned "improperly granted Plaintiff's motion" in that the defendant had already "provided genuine and true answers and all documents/things he has (sic) to the plaintiff." (ECF No. 116 at 3.) This is the same argument defendant asserted in his opposition, in which he argued that he "fully complied with the court orders . . . and answered the interrogatories and supplied with all information he had[.]" (ECF No. 110.)

Defendant's motion fails to present new evidence, raise an intervening change in controlling law, or establish that the undersigned committed clear error. Accordingly, defendant's motion for reconsideration will be denied. See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.").

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's November 11, 2018 motion for sanctions (ECF No. 113) is denied without prejudice to renewal;

////

2. The December 7, 2018 hearing of defendant's motion is vacated;

3. Defendant's November 18, 2018 motion for reconsideration (ECF No. 116) is denied; and

4. The December 14, 2018 hearing of defendant's motion is vacated.

Dated: December 3, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\cspc1895.r11.ord