BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
YUE LI (CA SBN 287280)
YLi@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600

C. JASON SMITH (CA SBN 237966)
cjsmith@smplawcorp.com
SMITH, McDOWELL & POWELL
A LAW CORPORATION
100 Howe Avenue, Suite 208 South
Sacramento, California 95825
Telephone: 916-569-8100

Attorneys for Plaintiff and Counter-Defendant
CSPC DOPHEN CORPORATION and
Counter-Defendants CSPC PHARMACEUTICAL
GROUP LIMITED, YINGUI LI, JINXU WANG,
JUMIN SUN and DONGCHEN CAI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>ZHIXIANG HU, also known as SEAN HU, an individual,<br><br>        Defendant. | Case No.   2:17-cv-01895-DB<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' OPPOSITION TO SEAN HU'S MOTION FOR RECONSIDERATION**<br><br>Date:        January 10, 2019<br>Time:       2:00 pm<br>Courtroom: 7, 14th Floor<br>Judge:      Morrison C. England, Jr. |
| ZHIXIANG HU, also known as SEAN HU, an individual,<br><br>        Counter-Claimant,<br>    v.<br><br>CSPC DOPHEN CORPORATION, a New Jersey Corporation; CSPC PHARMACEUTICAL GROUP LIMITED, a Hong Kong Corporation; YINGUI LI, an individual; JINXU WANG; an individual, JUMIN SUN; an individual, DONGCHEN CAI, an individual; and ROES 1 through 50, inclusive,<br><br>        Counter-Defendants. | Complaint Filed: September 11, 2017<br>Trial Date: None Set |

PLAINTIFF'S AND COUNTER-DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION
CASE NO. 2:17-CV-01895-MCE-DB
pa-1873470

## I. INTRODUCTION

Dr. Hu's motion for reconsideration should be denied because nothing about the Magistrate Judge's Order denying Dr. Hu's motion for disqualification and granting CSPC entities' motions to dismiss (ECF No. 124) was erroneous.  Nor does Dr. Hu present the Court with any newly discovered evidence or intervening change in the controlling law.  To the contrary, Dr. Hu's motion for reconsideration rehashes the same arguments Dr. Hu made in his motion for disqualification (ECF No. 84) and oppositions to CSPC entities' motions to dismiss (ECF Nos. 97 and 99)—arguments which this Court has already considered and rejected. Dr. Hu's accusation that the Magistrate Judge "failed to recognize basic logic and facts, biasedly copied counter parties' arguments entirely as her assertions, took no action upon learning lawyers violated applicable rules of professional conduct" (ECF No. 138 at 17) is baseless.  His dissatisfaction with the Magistrate Judge's determination is not grounds for seeking reconsideration.  If anything, Dr. Hu's motion for reconsideration further confirms that the Magistrate Judge properly ruled on these motions.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Dr. Hu's Motion for Disqualification

On October 19, 2017, Dr. Hu filed a motion seeking to disqualify CSPC Dophen's counsel Morrison & Foerster, alleging that Morrison & Foerster previously represented Dr. Hu and his company Dophen Biomed Inc.  (ECF No. 16; ECF No. 16-18 at 1-2.)  Dr. Hu re-filed his motion for disqualification on July 13, 2018 (ECF No. 84; ECF No. 84-1 at 2) after the Court lifted a stay of the case pending the parties' voluntary dispute resolution program ("VDRP") (ECF No. 57).  On November 27, 2018, the Magistrate Judge denied Dr. Hu's motion for disqualification, finding that Morrison & Foerster has never represented Dr. Hu or his company Dophen Biomed Inc.  (ECF No. 124 at 3-5.)

### B. CSPC Dophen's Motions to Dismiss Under Rule 12(b)(6)

On November 1, 2017, Dr. Hu filed counterclaims against CSPC Dophen, CSPC Pharmaceutical Group Limited ("CSPC Limited"), and individuals Yingui Li, Jinxu Wang, Jumin Sun, and Dongchen Cai.  (ECF No. 22.)  Dr. Hu amended his counterclaims on December 6,

2017.  (ECF No. 39.)  As with the original counterclaims, the amended counterclaims consist of vague and barebones allegations that fail to satisfy the *Iqbal*/*Twombly* standard under Rule 12(b)(6).  As a result, on December 20, 2017, CSPC Dophen filed a motion to dismiss under Rule 12(b)(6).[1]  (ECF No. 41.)  In its motion, CSPC Dophen requested that the Court (1) dismiss Dr. Hu's claims for fraud, negligent misrepresentation, defamation, conversion, money had and received, and declaratory relief, and (2) strike Dr. Hu's prayer for punitive damages in paragraphs 45(3), 50(3), and 96(4) of the amended counterclaims.  (*Id.* at 2-3; ECF No. 70 at 2-3.)  On November 27, 2018, the Magistrate Judge granted CSPC Dophen's motion to dismiss with leave to amend.  (ECF No. 124 at 5-13.)

### C. CSPC Limited's Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process

On August 13, 2018, CSPC Limited moved to dismiss Dr. Hu's amended counterclaims for lack of personal jurisdiction and insufficient service of process.  (ECF No. 95.)  Specifically, CSPC Limited argued that Dr. Hu's amended counterclaims failed to establish that the Court has personal jurisdiction over CSPC Limited—a foreign corporation organized under the laws of Hong Kong, with its principal place of business in Hong Kong.  (*Id.* at 10-20.)  Moreover, Dr. Hu has failed to serve CSPC Limited in Hong Kong properly pursuant to the Hague Convention.  (*Id.* at 21-22.)  On November 27, 2018, the Magistrate Judge granted CSPC Limited's motion to dismiss with leave to amend.  (ECF No. 124 at 13-19.)

### D. Individual Counter-Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process

On August 16, 2018, the individual Counter-Defendants Yingui Li, Jinxu Wang, Jumin Sun, and Dongchen Cai moved to dismiss Dr. Hu's amended counterclaims for lack of personal jurisdiction and insufficient service of process.  (ECF No. 96.)  In the motion to dismiss, the individual Counter-Defendants argued that Dr. Hu's amended counterclaims failed to establish that the Court has personal jurisdiction over Counter-Defendants Wang, Sun, and Cai—all of

---

[1] CSPC Dophen re-filed its motion to dismiss on May 30, 2018 (ECF No. 70) after the Court lifted a stay of the case pending the parties' VDRP (ECF No. 57).

whom are residents of China. (*Id*. at 12-27.) In addition, Dr. Hu's attempts to serve Counter-Defendants Cai, Wang, Sun, and Li in China via email or their U.S. counsel are improper pursuant to the Hague Convention. (*Id*. at 27-30; ECF No. 101 at 7-10.) On November 27, 2018, the Magistrate Judge granted the individual Counter-Defendants' motion to dismiss with leave to amend. (ECF No. 124 at 13-19.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits reconsideration of a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59; (3) fraud by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(1) – (6).

A motion for reconsideration is an "extraordinary remedy" to be used sparingly and is not "granted absent highly unusual circumstances." *Friends of Mariposa Creek v. Mariposa Pub. Utils. Dist.*, No. 1:15-cv-00583-EPG, 2016 U.S. Dist. LEXIS 87606, at *4 (E.D. Cal. July 5, 2016). It serves a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Hefelbower v. U.S. Bank N.A.*, No. CV F 13-1121 LJO MJS, 2013 U.S. Dist. LEXIS 124120, at *4 (E.D. Cal. Aug. 28, 2013). A reconsideration motion "should not be granted . . . unless the district court [1] is presented with newly discovered evidence, [2] committed clear error, or [3] if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Moreover, Local Rule 230(j) requires that a motion for reconsideration explain what new or different facts or circumstances exist which did not exist or were not shown in the prior motion, and why the facts or circumstances were not shown at the time of the prior motion. *Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, No. 2:11-CV-03471-KJM-AC, 2017 U.S. Dist. LEXIS 114293, at *3 (E.D. Cal. July 20, 2017).

Local Rule 303(c) specifies that, under Federal Rule of Civil Procedure 72(a), a party seeking reconsideration of a magistrate judge's ruling shall file a request for reconsideration by the district court judge.  The district judge can modify or set aside a magistrate judge's non-dispositive ruling if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  The "contrary to law" standard permits "independent review of purely legal determinations by a magistrate judge." *Morgan Hill*, 2017 U.S. Dist. LEXIS 114293, at *2-3.  The "clearly erroneous" standard applies to "the magistrate judge's factual determinations and discretionary decisions," and "review under the 'clearly erroneous' standard is significantly deferential." *Id*.  A finding is "clearly erroneous" when "the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993).

### IV. DR. HU'S MOTION FOR RECONSIDERATION SHOULD BE DENIED

Dr. Hu's motion does not satisfy any of the grounds required to grant a motion for reconsideration.  As discussed below, Dr. Hu identifies no newly discovered evidence, no clear error in law or fact, and no intervening change in the controlling law. *Grant v. Lewis*, No. 1:16-cv-00424-LJO-SKO (PC), 2017 U.S. Dist. LEXIS 160164, at *2 (E.D. Cal. Sept. 28, 2017) (denying motion to reconsider magistrate judge's order under Rule 60(b) because the moving party did not "show[] any new or different facts or circumstances, newly discovered evidence, or an intervening change of law"); *Smith v. Gomez*, No. 1:93-cv-05390-AWI-DLB-P, 2008 U.S. Dist. LEXIS 73553, at *4 (E.D. Cal. July 22, 2008) ("There are no new facts which were discovered since the court issued its order, no new law has been established, and there was no manifest error of law. There is no basis for reconsideration.").

Furthermore, Dr. Hu brings this motion under "Federal Rule of Civil Procedure (FRCP) 60(b)(3&5)." (ECF No. 138 at 4.)  But his motion contains no explanations as to how Rule 60(b)(3) or Rule 60(b)(5) is satisfied.  Specifically, Dr. Hu fails to show fraud as required by Rule 60(b)(3). *Jimena v. UBS AG Bank*, No. CV-F-07-367 OWW/GSA, 2008 U.S. Dist. LEXIS 93852, at *14 (E.D. Cal. July 14, 2008) (denying request for reconsideration of a magistrate judge's order under Rule 60(b)(3) because the moving party must "prove by clear and convincing

1  evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and
2  the conduct complained of prevented the losing party from fully and fairly presenting the
3  defense."); *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987) (Rule 60(b)(3) is "aimed at
4  judgments which were unfairly obtained, not at those which are factually incorrect."); *Zendel v.*
5  *ABC Video Prods. & Touchstone TV*, No. CV 10-02889-VBF, 2013 U.S. Dist. LEXIS 52360, at
6  *10 (C.D. Cal. Mar. 29, 2013) ("Losing the battle of persuasion the first time around does not
7  give rise to a second bite at the apple in the form of a Rule 60(b)(3) motion.").

8  Dr. Hu also cannot show how Rule 60(b)(5) is met.  Rule 60(b)(5) allows relief from an
9  order if "the judgment has been satisfied, released, or discharged; it is based on an earlier
10 judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."
11 Fed. R. Civ. P. 60(b)(5).  Here, the Order (ECF No. 124) has not been satisfied or discharged, and
12 is not based on an earlier judgment that has been reversed or vacated.

13       **A.**     **The Magistrate Judge Properly Denied Dr. Hu's Motion for Disqualification**
14 The Magistrate Judge properly denied Dr. Hu's motion for disqualification.  (ECF
15 No. 124 at 3-5.)  The Magistrate Judge found that Dr. Hu failed to establish the threshold
16 requirement for disqualification—that Dr. Hu is or ever was represented by Morrison & Foerster.
17 (*Id*. at 4 ("attorneys with Morrison & Foerster never represented the defendant, thus the defendant
18 is not a former client of Morrison & Foerster").)  The Magistrate Judge rejected Dr. Hu's
19 argument that Morrison & Foerster represented Dr. Hu in his personal capacity or his company
20 Dophen Biomed Inc.  (*Id*. at 4-5.)  In particular, the Magistrate Judge found that Morrison &
21 Foerster did not represent Dr. Hu because "[t]he only client identified in the [engagement] letter
22 is Dophen Biomedical."  (*Id*. at 4.)  Likewise, the Magistrate Judge found that Morrison &
23 Foerster did not represent Dr. Hu's company Dophen Biomed Inc. because it "was not created
24 until April 21, 2014"—one year after the engagement letter was executed.  (*Id*. at 4 n.3.)

25 Dr. Hu's motion for reconsideration presents no new evidence.  Instead, it repeats the
26 same arguments that were rejected by the Court.  (ECF No. 138 at 6.)  Specifically, Dr. Hu argues
27 that Morrison & Foerster represented his company Dophen Biomed Inc. because "Dophen
28 Biomedical," as identified in the engagement letter, "was a simply clerical error and had been

corrected to 'Dophen Biomed Inc.'" (*Id.*) But as noted by the Magistrate Judge, Dr. Hu's company Dophen Biomed Inc. did not even exist when Dr. Hu signed the engagement letter on behalf of "Dophen Biomedical." (ECF No. 124 at 4 n.3.) As explained in CSPC Dophen's Opposition to Dr. Hu's Motion for Disqualification, "Dophen Biomedical" is the d/b/a name of CSPC Dophen. (ECF No. 87 at 9.) Notably, Dr. Hu's verified interrogatory responses in a concurrent case he filed in State Court state, accurately, that when Dr. Hu signed the engagement letter he worked for and was the agent of only one company—CSPC Dophen. (ECF No. 87 at 10.) Dr. Hu's argument that the "ADC patent is at the center of dispute" related to CSPC Dophen's allegations is also incorrect and has been properly rejected by the Magistrate Judge. (ECF No. 138 at 6; ECF No. 124 at 5.) Finally, Dr. Hu's accusation that CSPC Dophen's counsel and the Magistrate Judge violate the ethical rules is baseless. (ECF No. 138 at 6-7 ("Judge Barnes turned a blind eye to Morrison Foerster attorneys' violation of Rule of Profession[al] Conduct . . . . She would be too in violation of Code of Conduct . . . .").)

In sum, the Magistrate Judge properly denied Dr. Hu's motion for disqualification. Dr. Hu does not, and cannot show any new or different facts or circumstances, or how the Magistrate Judge's Order was erroneous or contrary to the law.

**B.     The Magistrate Judge Properly Granted CSPC Dophen's Motion to Dismiss**

The Magistrate Judge properly granted CSPC Dophen's motion to dismiss Dr. Hu's amended counterclaims. (ECF No. 124 at 5-13.) Specifically, the Magistrate Judge in her November 27, 2018 Order (1) dismissed Dr. Hu's counterclaims for defamation, conversion, fraud, negligent misrepresentation, declaratory relief as to CSPC Dophen; and (2) struck Dr. Hu's prayer for punitive damages as it pertains to the counterclaims for breach of contract, failure to pay wages and other benefits, and violation of Business & Professions Code § 17200, *et. seq.* (*Id.*)

Dr. Hu's motion for reconsideration makes no attempt to address how his amended counterclaims (ECF No. 39) should survive CSPC Dophen's motion to dismiss, let alone address how the Magistrate Judge's Order was erroneous or contrary to the law. Instead, Dr. Hu's motion for reconsideration consists of irrelevant allegations that are not appropriate for a determination of

a Rule 12(b)(6) motion.  *See, e.g.*, *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (It is inappropriate to assume that the nonmoving party "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.").  Thus, Dr. Hu's motion seeking reconsideration of the Magistrate Judge's ruling granting CSPC Dophen's motion to dismiss is improper and should be denied.

### C. The Magistrate Judge Properly Granted CSPC Limited's and Foreign Individual Counter-Defendants' Motions to Dismiss for Lack of Personal Jurisdiction

The Magistrate Judge properly granted CSPC Limited's motion to dismiss Dr. Hu's amended counterclaims for lack of personal jurisdiction. (ECF No. 124 at 13-17.)  In particular, the Magistrate Judge rejected Dr. Hu's argument that the Court has personal jurisdiction over CSPC Limited through its subsidiary CSPC Dophen, noting that "[t]he existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." (*Id*. at 15 (quoting *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015)).)

Likewise, the Magistrate Judge properly granted the foreign individual Counter-Defendants' motion to dismiss Dr. Hu's amended counterclaims for lack of personal jurisdiction because the "allegations [in Dr. Hu's amended counterclaims] fail to provide sufficient facts with respect to each counter-defendant's contacts with California." (*Id.* at 17.)  As the Magistrate Judge correctly pointed out, "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." (*Id.* at 16 (quoting *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 520 (9th Cir. 1989)).)

Dr. Hu in his motion for reconsideration rehashes the same arguments in his oppositions to Counter-Defendants' motions to dismiss. (ECF No. 138 at 13-15; ECF No. 97.)  For example, Dr. Hu repeats the argument that CSPC Dophen is an alter-ego of CSPC Limited because CSPC Limited "owns 100%" of CSPC Dophen and allegedly determines "the use of capital, the designation of employee, [and] the development strategy." (*Compare* ECF No. 138 at 13 with ECF No. 97 at 5.)  Dr. Hu misunderstands the law.  As the Magistrate Judge has explained,

"[t]otal ownership and shared management personnel are alone insufficient to establish the requisite level of control" to show an alter-ego relationship. (ECF No. 124 at 16.) Nor do Dr. Hu's other arguments relating to the alter-ego theory identify any new evidence (much less any new evidence that could not have been raised earlier) or show that the Magistrate Judge's ruling was erroneous or contrary to the law.

With regard to the individual Counter-Defendants' motion to dismiss, the Magistrate Judge's Order correctly found that "the amend counterclaim's allegations fail to provide sufficient facts with respect to each counter-defendant's contacts with California." (ECF No. 124 at 17.) Dr. Hu's motion for reconsideration again fails to establish how his amended counterclaims establish that the foreign individual Counter-Defendants "personally directed the activities toward the forum state giving rise to the complaint." (*Id*. at 16-17 (quoting *Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.*, 880 F. Supp. 743, 750 (C.D. Cal. 1995)).)

In sum, Dr. Hu's motion for reconsideration does nothing to address how his amended counterclaims sufficiently allege personal jurisdiction over the Counter-Defendants or how the Magistrate Judge's Order is erroneous or contrary to the law.

### D.  The Magistrate Judge Properly Granted CSPC Limited's and Individual Counter-Defendants' Motions to Dismiss for Insufficient Service of Process

The Magistrate Judge properly granted CSPC Limited's and the individual Counter-Defendants' motions to dismiss Dr. Hu's amended counterclaims for insufficient service of process. (ECF No. 124 at 17-19.) Specifically, the Magistrate Judge rejected Dr. Hu's attempted service on CSPC Limited by way of personal service and attempted service on the foreign individual Counter-Defendants via email. (*Id*.)

Dr. Hu does not demonstrate how the Magistrate Judge's ruling was erroneous or contrary to the law. With respect to service on CSPC Limited, Dr. Hu asserts that the Magistrate Judge relies on "the wrong case law" in *HCT Packaging Inc. v. TM International Trading Ltd.*, No. CV 13-08443 RGK (SHx), 2014 U.S. Dist. LEXIS 199847 (C.D. Cal. Mar. 10, 2014). Dr. Hu attempts to distinguish *HCT* by arguing that *HCT* involved service "done by the Plaintiff attorney's assistant . . . rather than a competent Process Server in Hong Kong." (ECF No. 138 at

16.)  But *HCT*'s ruling is not limited to services by counsel's assistants.  Rather, *HCT* explicitly held that personal service in Hong Kong is improper under the Hague Convention because "Hong Kong objected to article 10(b)" of the Hague Convention, which "allows for personal service unless the State of destination objects."  *HCT*, 2014 U.S. Dist. LEXIS 199847, at *16.

With respect to service on the individual Counter-Defendants, Dr. Hu asserts that the Magistrate Judge "ignored the laws and facts" because Dr. Hu allegedly served the amended counterclaims on Morrison & Foerster, the foreign individual Counter-Defendants' U.S. counsel. (ECF No. 138 at 17.)  But the fact that the individual Counter-Defendants' counsel represents the individual Counter-Defendants in contesting service of process does not mean that the counsel is authorized to accept service on their behalf.  Otherwise, a plaintiff could just circumvent Rule 4 and the Hague Convention by serving on a defendant's counsel.  The Magistrate Judge has corrected pointed out that "although a defendant's appearance to attack sufficiency of service is an admission that the defendant has actual knowledge of the lawsuit, actual knowledge does not substitute for proper service of process." (ECF No. 124 at 18 (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).)

Thus, Dr. Hu's motion for reconsideration does not present any new evidence or show that the Magistrate Judge's Order was erroneous or contrary to the law.

**V.     CONCLUSION**

The Magistrate Judge carefully considered and ruled upon Dr. Hu's motion for disqualification and CSPC entities' motions to dismiss.  Dr. Hu's motion for reconsideration should be denied in its entirety because it does not address, much less satisfy, the applicable statutory requirements.

| | | |
|---|---|---|
| 1 | Dated: December 17, 2018 | MORRISON & FOERSTER LLP |
| 2 | | By:  */s/ Yue Li* |
| 3 | |         YUE LI |
| 4 | | Attorneys for Plaintiff and Counter-Defendants |
| 5 | | CSPC DOPHEN CORPORATION, CSPC PHARMACEUTICAL GROUP LIMITE, YINGUI LI, JINXU WANG, JUMIN SUN, AND DONGCHEN CAI |