UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZHIXIANG HU,<br><br>Defendant. | No. 2:17-cv-1895 MCE DB PS<br><br><br><br>ORDER |

Defendant and counterclaimant, Dr. Zhixiang Hu, Ph.D., is proceeding in this action pro se. (ECF No. 68.) Accordingly, this action has been referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Noticed for hearing before the undersigned on December 21, 2018, are motions to quash or modify defendant's subpoenas. (ECF Nos. 117 & 118.) The parties filed joint statements on December 14, 2018. (ECF Nos. 141 & 142.) The undersigned finds that the motions can be decided without oral argument and will grant the motions to quash for the reasons stated below and in the parties' joint statements.

In this regard, on November 8, 2018, defendant served two subpoenas on HSBC Bank USA and JP Morgan Chase Bank seeking "[a]ll bank records . . . of Conjupro Biotherapeutics Inc. . . . since 2011" and "[a]ll bank records . . . from any account under the name of Yingui Li[.]"

////

////

1

(ECF No. 141-2 at 5; ECF No. 141-3 at 5.[1]) That same day defendant served a subpoena on East West Bank requesting production of "[a]ll bank records . . . from any account under the name of Yingui Li since January 2011." (ECF No. 142-4 at 5.) Non-party Conjupro Biotherapeutics Inc., ("Conjupro"), and Yingui Li, argue that these requests are overbroad and seek discovery that is not relevant to any party's claim or defense.[2] (ECF No. 141 at 3-6; ECF No. 142 at 3-6.)

A party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). However, "[a] court may quash an otherwise relevant subpoena if the subpoena requires disclosure of privileged or other protected matter, if no exception or waiver applies." Dornell v. City of San Mateo, Case No. CV 12-6065 CRB (KAW), 2013 WL 5443036, at *2 (N.D. Cal. 2013) (quotation omitted); see also Fed. R. Civ. P. 45(d)(3)(A).

"On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3), but the party issuing the subpoena must demonstrate the discovery sought is relevant." Chevron Corp. v. Donziger, Case No. 12-mc-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013). Moreover, "[t]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." Carroll v. Wells Fargo & Company, Case No. 3:15-cv-2321 EMC (KAW), 2017 WL 1316548, at *2 (N.D. Cal. Apr. 10, 2017) (quotation omitted).

Here, defendant argues that the motions to quash should be denied for two reasons. First, defendant asserts that the motions were "fraudulently filed . . . to cause unnecessary delay without factual contentions nor conferring required by Local Rule 251(b)." (ECF No. 141 at 8; ECF No. 142 at 7.) The undersigned, however, finds the substantive arguments contained in the motions to quash are well taken and not frivolous. And defendant's assertion that the parties failed to meet

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] On November 27, 2018, the undersigned issued an order granting Yingui Li's motion to dismiss and also granting defendant leave to file an amended counterclaim against Yingui Li. (ECF No. 124 at 19.) Defendant has sought reconsideration of that order from the assigned District Judge. (ECF No. 138.)

2

and confer is belied by the evidence provided demonstrating the parties' meet and confer efforts. (ECF No. 141-4: ECF No. 141-5; ECF No. 142-5; ECF No. 142-6.)

Second, defendant argues that the "bank records are highly relevant to the case to demonstrate where the missing money of CSPC-Dophen was and to clear Dr. Hu's name." (ECF No. 142 at 7-8); see also ECF No. 141 at 8. In this regard, defendant argues that "Yingui Li stole money from both CSPC Dophen and Conjupro bank accounts" and that this discovery would allow defendant "to trace the money embezzled by Yingui Li[.]" (ECF No. 141 at 8.)

It is true that plaintiff has accused defendant of opening "a separate bank account and deposit[ing] into that account [plaintiff's] money[.]" (Am. Compl. (ECF No. 14) at 4.) It is entirely unclear from defendant's argument, however, why the bank records of Yingui Li and Conjupro are necessary to disprove the allegation that defendant transferred money into an account controlled by defendant. Even assuming arguendo that defendant had articulated why the subpoenas seek relevant information, it is even more unclear why defendant would need "all bank records" from Yingui Li and Conjurpo "since 2011" to disprove plaintiff's allegations instead of a much narrower, specific, subset of records. For these reasons, the motions to quash will be granted.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. Yingui Li's November 20, 2018 motion to quash (ECF No. 117) is granted;

2. Conjupro Biotherapeutics, Inc.'s November 20, 2018 motion to quash (ECF No. 118) is granted; and

3. The December 21, 2018 hearing of those motions is vacated.

Dated: December 18, 2018

DLB:6
DB\orders\orders.pro se\cspc1895.mtq.ord

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[3] This is not to say that under no circumstances could defendant draft similar subpoenas seeking relevant testimony. It is possible that Yingui Li will become a party to this action. Defendant could draft tailored subpoenas, seeking only what he believes is necessary. And defendant could potentially provide a better explanation for why these records are relevant. Defendant, however, has not done so here.

3