1  BRYAN WILSON (CA SBN 138842)
   BWilson@mofo.com
2  YUE LI (CA SBN 287280)
   YLi@mofo.com
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
5
   C. JASON SMITH (CA SBN 237966)
6  cjsmith@smplawcorp.com
   SMITH, McDOWELL & POWELL
7  A LAW CORPORATION
   100 Howe Avenue, Suite 208 South
8  Sacramento, California 95825
   Telephone: 916-569-8100
9
   Attorneys for Plaintiff and Counter-Defendant
10 CSPC DOPHEN CORPORATION

11                    UNITED STATES DISTRICT COURT

12                    EASTERN DISTRICT OF CALIFORNIA

13                         SACRAMENTO DIVISION

14 | CSPC DOPHEN CORPORATION, | Case No. 2:17-cv-01895-MCE-DB |
|---|---|
| Plaintiff, | **PLAINTIFF AND COUNTER-DEFENDANT CSPC DOPHEN CORPORATION'S ANSWER TO DEFENDANT SEAN HU'S FIRST AMENDED COUNTERCLAIMS** |
| v. | |
| ZHIXIANG HU, also known as SEAN HU, an individual, | |
| Defendant. | Complaint Filed: September 11, 2017<br>Trial Date: None Set |
| ZHIXIANG HU, also known as SEAN HU, an individual | |
| Counter-Claimant, | |
| v. | |
| CSPC DOPHEN CORPORATION, a New Jersey Corporation; CSPC PHARMACEUTICAL GROUP LIMITED, a Hong Kong Corporation; YINGUI LI, an individual; JINXU WANG, an individual; JUMIN SUN, an individual; DONGCHEN CAI, an individual, | |
| Counter-Defendants. | |

Plaintiff CSPC Dophen hereby answers Defendant Sean Hu's First Amended Counterclaim ("FAC," ECF No. 39), denying Dr. Hu's allegations and averments, except that which is expressly admitted herein as follows:

**INTRODUCTION**

1. CSPC Dophen does not have sufficient knowledge or information to admit or deny the assertion in the first sentence, and on that basis denies it. CSPC Dophen denies all remaining allegations in Paragraph 1 of the FAC.

**PARTIES, JURISDICTION AND VENUE**

2. CSPC Dophen does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of the FAC.

3. CSPC Dophen admits that CSPC Dophen Corporation was a New Jersey corporation with its principal place of business in Sacramento, California, and is subject to personal jurisdiction in this Court. Except as expressly admitted, CSPC Dophen denies all the remaining allegations in Paragraph 3 of the FAC.

4. CSPC Dophen is not required to respond to Paragraph 4 of the FAC because the allegations relate to CSPC Pharmaceutical Group Limited ("CSPC Limited"), a Counter-Defendant who has been dismissed from this case. (ECF No. 124 at 19.)

5. CSPC Dophen admits that Yingui Li is a Board director of CSPC Dophen, and denies or lacks information to respond to all remaining allegations. CSPC Dophen is not required to answer any allegations in Paragraph 5 of the FAC to the extent they relate solely to counterclaims against Yingui Li, a Counter-Defendant who has been dismissed from this case. (ECF No. 124 at 19.)

6. CSPC Dophen admits that Jinxu Wang was the Chief Executive Officer of CSPC Dophen and is a Board director of CSPC Dophen, and denies or lacks information to respond to all remaining allegations. CSPC Dophen is not required to answer any allegations in Paragraph 6 of the FAC to the extent they relate solely to counterclaims against Jinxu Wang, a Counter-Defendant who has been dismissed from this case. (ECF No. 124 at 19.)

7. CSPC Dophen is not required to answer any allegations in Paragraph 7 of the FAC to the extent they relate solely to counterclaims against Jumin Sun, a Counter-Defendant who has been dismissed from this case. (ECF No. 124 at 19.) CSPC Dophen denies or lacks information to respond to all remaining allegations.

8. CSPC Dophen admits that Dongchen Cai is the Chairman of CSPC Dophen, and denies or lacks information to respond to all remaining allegations. CSPC Dophen is not required to answer any allegations in Paragraph 8 of the FAC to the extent they relate solely to counterclaims against Dongchen Cai, a Counter-Defendant who has been dismissed from this case. (ECF No. 124 at 19.)

9. CSPC Dophen is not required to respond to allegations in Paragraph 9 of the FAC to the extent they relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case. To the extent any of the allegations relate to CSPC Dophen, CSPC Dophen denies all the allegations in Paragraph 9.

**VENUE AND JURISDICTION**

10. CSPC Dophen admits that, for the survived counterclaims against CSPC Dophen, venue is proper in this district. Except as expressly admitted, CSPC Dophen denies all remaining allegations in Paragraph 10 of the FAC relating to CSPC Dophen. CSPC Dophen is not required to answer any allegations to the extent they relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case.

11. CSPC Dophen denies all of the allegations in Paragraph 11 of the FAC relating to CSPC Dophen. CSPC Dophen is not required to answer any allegations to the extent they relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case.

12. CSPC Dophen denies all of the allegations in Paragraph 12 of the FAC relating to CSPC Dophen. CSPC Dophen is not required to answer any allegations to the extent they relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case.

**BACKGROUND FACTS**

13. CSPC Dophen admits it was a wholly owned subsidiary of CSPC Limited. Except as expressly admitted, CSPC Dophen denies each and every remaining allegation in Paragraph 13 of the FAC.

14. CSPC Dophen does not have sufficient knowledge or information to admit or deny the assertions in Paragraph 14 of the FAC.

15. CSPC Dophen denies all the allegations in Paragraph 15 of the FAC.

16. CSPC Dophen denies all the allegations in Paragraph 16 of the FAC.

17. CSPC Dophen denies all the allegations in Paragraph 17 of the FAC.

18. CSPC Dophen denies all the allegations in Paragraph 18 of the FAC.

19. CSPC Dophen denies all the allegations in Paragraph 19 of the FAC.

20. CSPC Dophen denies all the allegations in Paragraph 20 of the FAC.

21. CSPC Dophen denies all the allegations in Paragraph 21 of the FAC.

22. CSPC Dophen admits that in 2011, CSPC Dophen hired Dr. Hu as an employee with a job title of Director of Research Laboratory in CSPC Dophen's former office at 2945 Ramco Street Suite 150, West Sacramento, California. CSPC Dophen further admits that Exhibit 1 attached to the FAC appears to be the employment agreement between CSPC Dophen and Dr. Hu. Except as expressly admitted, CSPC Dophen denies all the remaining allegations in Paragraph 22 of the FAC relating to CSPC Dophen. To the extent any allegations in Paragraph 22 relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

23. CSPC Dophen admits that it moved to 4070 Truxel Road, Sacramento, California, and that title to the property was titled in the name of CSPC Dophen. Except as expressly admitted, CSPC Dophen denies all the remaining allegations contained in Paragraph 23 of the FAC.

24. CSPC Dophen denies all the allegations contained in Paragraph 24 of the FAC relating to CSPC Dophen. To the extent any allegations in Paragraph 24 relate solely to

counterclaims against the other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

25. CSPC Dophen denies all the allegations contained in Paragraph 25 of the FAC relating to CSPC Dophen. To the extent any allegations in Paragraph 25 relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

26. CSPC Dophen does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the FAC, and on that basis denies them. To the extent any allegations in Paragraph 26 relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

27. CSPC Dophen denies all the allegations contained in Paragraph 27 of the FAC relating to CSPC Dophen. To the extent any allegations in Paragraph 27 relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

28. CSPC Dophen denies all the allegations contained in Paragraph 28 of the FAC relating to CSPC Dophen. To the extent any allegations in Paragraph 28 relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

29. CSPC Dophen admits that Dophen Biomed Inc. was formed by Dr. Hu on or around late April, 2014. Except as expressly admitted, CSPC Dophen denies all the remaining allegations contained in Paragraph 29 of the FAC relating to CSPC Dophen. To the extent any allegations in Paragraph 29 relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

30. CSPC Dophen does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the FAC, and on that basis denies them.

31. CSPC Dophen denies all the allegations contained in Paragraph 31 of the FAC relating to CSPC Dophen. To the extent any allegations in Paragraph 31 relate solely to

counterclaims against the other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

32. CSPC Dophen denies all the allegations contained in Paragraph 32 of the FAC relating to CSPC Dophen. To the extent any allegations in Paragraph 32 relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

33. CSPC Dophen denies all the allegations contained in Paragraph 33 of the FAC relating to CSPC Dophen. To the extent any allegation in Paragraph 33 relate solely to counterclaims against other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

34. CSPC Dophen admits that it fired Dr. Hu. Except as expressly admitted, CSPC Dophen denies all the remaining allegations contained in Paragraph 34 of the FAC relating to CSPC Dophen. To the extent any allegations in Paragraph 34 relate solely to counterclaims against other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

35. CSPC Dophen does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 35 of the FAC, and on that basis denies them. To the extent any allegations in Paragraph 35 relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

36. CSPC Dophen does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 36 of the FAC, and on that basis denies them. To the extent any allegations in Paragraph 36 relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

37. CSPC Dophen does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 37 of the FAC, and on that basis denies them. To the extent any allegations in Paragraph 37 relate solely to counterclaims against the other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

38. CSPC Dophen does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 38 of the FAC, and on that basis denies them. To the extent any allegations in Paragraph 38 relate solely to counterclaims against other Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

39. CSPC Dophen does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 39 of the FAC, and on that basis denies them. To the extent any allegations in Paragraph 39 relate solely to counterclaims against other the Counter-Defendants who have been dismissed from this case, CSPC Dophen is not required to answer.

40. CSPC Dophen admits that Dr. Hu's employment relationship with CSPC Dophen was terminated on or about July 21, 2017.

41. CSPC Dophen denies all the allegations in Paragraph 41 of the FAC.

**COUNTER-CLAIMANT'S FIRST CAUSE OF ACTION**

**[ALLEGED] BREACH OF CONTRACT; EMPLOYMENT**

**(Against Counter-Defendant CSPC Dophen)**

42. CSPC Dophen incorporates by reference of all of its responses above as though fully repeated herein.

43. CSPC Dophen denies all the allegations contained in Paragraph 43 of the FAC.

44. CSPC Dophen denies all the allegations contained in Paragraph 44 of the FAC.

45. CSPC Dophen denies all the allegations contained in Paragraph 45 of the FAC.

**COUNTER-CLAIMANT'S SECOND CAUSE OF ACTION**

**[ALLEGED] FAILURE TO PAY WAGES AND OTHER BENEFITS**

**(Against Counter-Defendant CSPC Dophen)**

46. CSPC Dophen incorporates by reference of all of its responses above as though fully repeated herein.

47. CSPC Dophen admits that Dr. Hu was employed by CSPC from 2011 until terminated by CSPC on or about July 21, 2017.

48. CSPC Dophen denies all the allegations contained in Paragraph 48 of the FAC.

49. CSPC Dophen denies all the allegations contained in Paragraph 49 of the FAC.

50. CSPC Dophen denies all the allegations contained in Paragraph 50 of the FAC.

## COUNTER-CLAIMANT'S THIRD CAUSE OF ACTION

## [ALLEGED] DEFAMATION

**(Against Counter-Defendant CSPC Dophen, CSPC Limited, and Yingui Li)**

51-54. CSPC Dophen is not required to answer allegations in Paragraphs 51-54 of the FAC because the amended counterclaim of defamation has been dismissed. (ECF No. 124 at 19.)

## COUNTER-CLAIMANT'S FOURTH CAUSE OF ACTION

## [ALLEGED] BREACH OF FIDUCIARY DUTY

**(Against Counter-Defendant CSPC Dophen and CSPC Limited)**

55. CSPC Dophen incorporates by reference of all of its responses above as though fully repeated herein.

56. CSPC Dophen denies all the allegations contained in Paragraph 56 of the FAC.

57. CSPC Dophen denies all the allegations contained in Paragraph 57 of the FAC.

58. CSPC Dophen denies all the allegations contained in Paragraph 58 of the FAC.

59. CSPC Dophen denies all the allegations contained in Paragraph 59 of the FAC.

## COUNTER-CLAIMANT'S FIFTH CAUSE OF ACTION

## [ALLEGED] CONVERSION

**(Against Counter-Defendant CSPC Dophen and CSPC Limited)**

60-67. CSPC Dophen is not required to answer allegations in Paragraphs 60-67 of the FAC because the amended counterclaim of conversion has been dismissed. (ECF No. 124 at 19.)

## COUNTER-CLAIMANT'S SIXTH CAUSE OF ACTION

## [ALLEGED] BREACH OF FIDUCIARY DUTY

**(Against Counter-Defendants Li, Sun, Wang, and Cai)**

68-74. CSPC Dophen is not required to answer allegations in Paragraph 68-74 of the FAC because the Sixth Cause of Action is not alleged against CSPC Dophen.

**COUNTER-CLAIMANT'S SEVENTH CAUSE OF ACTION**

**[ALLEGED] FRAUD AND INTENTIONAL MISREPRESENTATION**

**(Against all Counter-Defendants)**

75-83. CSPC Dophen is not required to answer allegations in Paragraphs 75-83 of the FAC because the amended counterclaim of fraud and intentional misrepresentation has been dismissed. (ECF No. 124 at 19.)

**COUNTER-CLAIMANT'S EIGHTH CAUSE OF ACTION**

**[ALLEGED] NEGLIGENT MISREPRESENTATION**

**(Against all Counter-Defendants)**

84-92.  CSPC Dophen is not required to answer allegations in Paragraphs 84-92 of the FAC because the amended counterclaim of negligent misrepresentation has been dismissed. (ECF No. 124 at 19.)

**COUNTER-CLAIMANT'S NINTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.***

**(Against Counter-Defendant CSPC Dophen and CSPC Limited)**

93.   CSPC Dophen incorporates by reference of all of its responses above as though fully repeated herein.

94.   CSPC Dophen denies all the allegations contained in Paragraph 94 of the FAC.

95.   CSPC Dophen denies all the allegations contained in Paragraph 95 of the FAC.

96.   CSPC Dophen denies all the allegations contained in Paragraph 96 of the FAC.

**COUNTER-CLAIMANT'S TENTH CAUSE OF ACTION**

**DECLARATORY RELIEF REGARDING OWNERSHIP INTEREST**

**(Against CSPC Dophen and CSPC Limited and Roes 1-50)**

97-100.  CSPC Dophen is not required to answer allegations in Paragraphs 97-100 because the amended counterclaim for declaratory relief has been dismissed. (ECF No. 124 at 19.)

**COUNTER-CLAIMANT'S ELEVENTH CAUSE OF ACTION**

**COMMON COUNT: MONEY HAD AND RECEIVED**

**(Against Counter-Defendants CSPC Dophen and CSPC Limited)**

101-105. CSPC Dophen is not required to answer allegations in Paragraphs 101-105 because the amended counterclaim of money had and received has been dismissed. (ECF No. 124 at 19.)

**<u>AFFIRMATIVE DEFENSES</u>**

106. CSPC Dophen alleges the following as separate and affirmative defenses to the Complaint. By virtue of having listed the following defenses, CSPC Dophen does not assume any legal or factual burden not otherwise assigned to them under law.

**FIRST AFFIRMATIVE DEFENSE**

**(Acquiescence, Estoppel, or Waiver)**

107. Dr. Hu's claims are barred by the equitable doctrines of acquiescence, waiver, and/or estoppel.

**SECOND AFFIRMATIVE DEFENSE**

**(Laches)**

108. Dr. Hu's claims are barred, in whole or in part, by the doctrine of laches because the complained-of alleged conduct took place up to seven years ago.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

109. Dr. Hu's claims are barred, in whole or in part, by applicable statutes of limitations because the complained-of alleged conduct took place up to seven years ago.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

110. Dr. Hu's claims are barred, in whole or in part, by the doctrine of unclean hands because Dr. Hu has engaged in illegal and improper conduct, including for example, formation of a fraudulent company and misrepresentations made to his employer and government agencies.

CSPC DOPHEN'S ANSWER TO SEAN HU'S FIRST AMENDED COUNTERCLAIMS
CASE NO. 2:17-cv-01895-MCE-DB
sf-3976227

9

**FIFTH AFFIRMATIVE DEFENSE**

**(No Fiduciary Duties)**

111.  Dr. Hu's claims are barred, in whole or in part, because CSPC Dophen owes no fiduciary or other duty to Dr. Hu.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Damages)**

112.  Dr. Hu's claims are barred, in whole or in part, because Dr. Hu has not suffered any damages as a result of CSPC Dophen's conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

113.  Dr. Hu's alleged damages, if any, are not recoverable to the extent Dr. Hu failed to mitigate them.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

114.  Dr. Hu's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**NINTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

115.  Dr. Hu's claims are barred, in whole or in part, because CSPC Dophen substantially complied with all terms of the contract.

**TENTH AFFIRMATIVE DEFENSE**

**(Complete Performance)**

116.  Dr. Hu's claims are barred, in whole or in part, because CSPC Dophen fully performed and discharged its duties under the contract.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Excuse)**

117.  Dr. Hu's claims are barred, in whole or in part, because CSPC Dophen has been

excused from performance of any of the obligations or agreements of the contract.

## TWELFTH AFFIRMATIVE DEFENSE
### (Merger and Parol Evidence Rule)

118. Dr. Hu's claims are barred, in whole or in part, by the doctrine of merger and the parol evidence rule.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unjust enrichment)

119. Dr. Hu's claims are barred, in whole or in part, by the doctrine against unjust enrichment.

## FOURTEEN AFFIRMATIVE DEFENSE
### (Breach of Contract)

120. Dr. Hu's claims are barred, in whole or in part, because Dr. Hu was the party who committed the material breach of contract.

## FIFTEEN AFFIRMATIVE DEFENSE
### (Failure to Perform)

121. Dr. Hu's claims are barred, in whole or in part, because Dr. Hu failed to perform his obligations and duties under the contract.

## **RESERVATION OF RIGHTS**

122. CSPC Dophen does not yet have knowledge of all facts and evidence surrounding this matter and, as a result, reserves its rights to amend its Answer to raise additional affirmative defenses as they are discovered.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, CSPC Dophen hereby respectfully requests a trial by jury on all issues as of right by a jury in this action.

| | | |
|---|---|---|
| 1 | Dated: January 8, 2019 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ Bryan Wilson*<br>BRYAN WILSON |
| 4 | | |
| 5 | | Attorneys for Plaintiff and Counter-Defendant CSPC DOPHEN CORPORATION |