1  **ZHIXIANG HU**
   3840 Collins St.
2  West Sacramento, California 95691
   Telephone: 530 220 5660
3  SeanHu2020@Gmail.com
   **IN PRO PER**
4
5  Defendant and Counter-Claimant

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9                         SACRAMENTO DIVISION

10 CSPC DOPHEN CORPORATION,        )   Case No.:      2:17-CV-01895-MCE-DB
                                   )
11             Plaintiff,          )   **DEFENDANT SEAN HU'S OPPOSITION**
                                   )   **TO PLAINTIFF'S MOTION FOR LEAVE**
12      vs.                        )   **TO FILE AMENDED COMPLAINT**
                                   )
13 ZHIXIANG HU, also known as SEAN HU, )   Action Filed: September 11, 2017
   an individual,                  )   Trial Date:    TBD
14                                 )
               Defendant.          )   Hearing Date: February 22, 2019
15                                 )   Time:          10:00 am
                                   )   Courtroom:     27-8th Floor
16                                 )
                                   )   Hon. Deborah Barnes
17 _____ )
                                   )
18 AND RELATED COUNTERCLAIM.       )
   _____ )
19

20        COME NOW Defendant Zhixiang Hu, in Pro Per, respectfully opposes Plaintiffs' Motion

21 for Leave to Amend (ECF #147) (hereinafter, "Motion to Amend"). In support thereof,

22 Defendants state as follows:

23

24                            **INTRODUCTION**

25        On September 11, 2017, Plaintiff CSPC-Dophen, then a New Jersey incorporated entity

26 filed its initial complaint, citing state law breach of contract, conversion and California

27 Comprehensive Data Access and Fraud Act and Unfair Competition Act and a federal claim under

28 the Lanham Act and against Zhixiang Hu, a former CSPC-Dophen employee and Director of

                                      1

laboratory operations at CSPC Dophen's California, Sacramento, based biomedical laboratory. (See ECF #1)

Plaintiff filed their First Amended Complaint on or about October 13, 2017 (ECF #14). Plaintiff now seeks to "amend" their complaint a second time, adding a new Delaware corporate entity that was incorporated a year *after* the events giving rise to the initial and first amended complaints.  For the foregoing reasons and as set forth below, Plaintiff's request for leave to amend should be denied: (1) because the amendment does not raise any new matter as to allegations against Defendant as to the new Delaware corporation and (2) because the amendment is futile because Plaintiff's former entity, CSPC-Dophen New Jersey, may maintain this action although it has been dissolved.

## APPLICABLE STANDARD OF REVIEW

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and the corresponding local rule, a party must seek leave of the Court to amend a complaint after twenty-one 21 days has passed after service of the responsive pleading. In this case, that period has long passed, and Plaintiff now seeks the Court's permission to amend.

While leave to amend should be freely given, the purpose of the rule is "to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint . . ." Cameron v. Peach County, 2003 U.S. Dist. LEXIS 28078 at 11 (M.D.Ga. August 11, 2003) quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1473, at 520 (2d ed. 1990).

Additionally, the futility of an amendment is justification for a dismissal with prejudice. See Carvel v. Godley, 2010 U.S. App. LEXIS 24763, *4 (11th Cir. December 2, 2010) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). "An amendment is futile where the amended complaint would still be subject to dismissal." Chen V. Lester, 364 Fed. Appx. 531, 538 (11th Cir. 2010); See also Hall v. United Ins. Co. of Am., 367 F.3d 1255 (11th Cir. 2004) (confirming the

**SEAN HU'S OPPOSITION TO PLAINTIFFS REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT**
Case No. 2:17-CV-01895-MCE-DB

district court's denial of plaintiff's motion for leave to amend because an amended complaint would contain "no potentially meritorious claims" and amendment was, therefore, futile).

Further, just like an original complaint, an amendment to a complaint also must meet the requirements of Rule 12(b)(6), which requires dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

### ARGUMENT

### I.

**PLAINTIFFS' MOTION TO AMEND MUST BE DENIED BECAUSE THEIR PROPOSED AMANEDMENT DOES NOT RAISE ANY MATTERS THAT WERE UNKNOWN AT THE TIME THEY FILED THEIR ORIGINAL AND AMENDED COMPLAINTS.**

Plaintiff alleges that amendment is necessary because since filing their original and amended Complaints in 2017, CSPC-Dophen, then a New Jersey corporation, has since been dissolved and is now a Delaware Corporation, with all former assets of the New Jersey Dophen corporation absorbed by the new Delaware CSPC Dophen Corporation. (See Plaintiff's Request for Leave to File Amended Complaint, ECF #147).   Plaintiff pleas to add the Delaware CSPC Dophen corporation as a Plaintiff in this action.  However, the Delaware CSPC Dophen corporation has no relation with New Jersey CSPC Dophen but a third party. Per 2013 Revised NJ Statute 14A:12-16, when a company is dissolved, "Any assets remaining after payment of or provision for claims against the corporation shall be distributed among the shareholders according to their respective rights and interests". NJ CSPC Dophen was 100% owned by CSPC. CSPC Dophen's assets can only be distributed to CSPC and its creditors. When NJ CSPC Dophen was dissolved on July 31, 2018 (ECF #147, §II), Delaware CSPC Dophen (registered on August 29, 2018, ibid) did not even exist, let alone to be a creditor. NJ CSPC Dophen cannot legally transfer it assets to Delaware CSPC Dophen per NJ Corporate Code as NJ CSPC Dophen still has Dr. Hu's claims against it. Hence, Plaintiff does not provide any facts nor legal basis that support adding the new Delaware corporate

entity as a "Plaintiff" in this case. Additionally, pursuant to NJ Statute 14A 12:9, the law of New Jersey permits a dissolved corporation such as NJ CSPC-Dophen, "to sue and be sued" when dissolved.   (See 2013 NJ Revised Statute 14A 12:9 Effect of Dissolution, Section (e):

> **"the corporation may sue and be sued in its corporate name and process may issue by and against the corporation in the same manner as if dissolution had not occurred"**

Therefore, there is no need to add a third party, Delaware CSPC Dophen corporation as an additional plaintiff in this action.

Defendant Dr. Hu was not an employee of the Delaware corporate and had no contract with the new Delaware corporation.  Plaintiff has plead no claims or matter against Defendant that arise or relate to the new Delaware corporate entity.  Finally, Plaintiffs proposed amendment does not raise any new matter that was unknown at the time of the filing of Plaintiff's initial and amended complaints.  For these reasons the amendment should be DENIED.

## II.

**PLAINTIFFS' MOTION TO AMEND IS FUTILE BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS REQUIRED BY FED. R. CIV. P. 8(A) AND 12(B)(6).**

Although Plaintiffs' Motion to Amend should be denied for the foregoing reason alone, Plaintiffs motion must be denied because Plaintiff also fails to allege sufficient facts to support a claim on which relief can be granted under the federal rules.

The futility of an amendment is justification for a dismissal with prejudice. See Carvel v. Godley, 2010 U.S. App. LEXIS 24763, *4 (11th Cir. December 2, 2010) (Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).  Moreover, the plaintiff named in the original and amended complaint is sufficient to maintain this litigation and coupled with the New Jersey statute's authorization for dissolved corporate entities to "sue and be sued in its corporate name", renders this amendment adding the Delaware CSPC Dophen corporate entity dilatory and futile.

Allowing further revisions to the Complaint in this matter would also be futile. See Chen v. Lester, 364 Fed. Appx. 531, 538 (11th Cir. 2010) ("An amendment is futile where the amended complaint would still be subject to dismissal"); and Hall v. United Ins. Co. of Am., 367 F.3d 1255 (11th Cir. 2004) (confirming the district court's denial of plaintiff's motion for leave to amend because an amended complaint would contain "no potentially meritorious claims" and amendment was, therefore, futile).

Here, Plaintiffs' Motion to Amend must be denied because: (1) Plaintiff fails to allege sufficient facts to support the need to add the new Delaware Corporate entity as a plaintiff in this case, and (2) Plaintiff fails to allege sufficient facts to support any claim against defendant related to acts or omissions against the Delaware entity of which Defendant would be held responsible as pled by Plaintiff in its initial and amended complaints as to the New Jersey Corporate entity.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, this Court should deny Plaintiffs' Motion to Amend and grant Defendants such other and further relief as the Court deems equitable and appropriate under the circumstances.

DATED: February 6, 2019

By: _____ /s/ Sean Hu _____
SEAN HU
*Pro Se*

**SEAN HU'S OPPOSITION TO PLAINTIFFS REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT**
Case No. 2:17-CV-01895-MCE-DB