UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CSPC DOPHEN CORPORATION,

    Plaintiff,

v.

ZHIXIANG HU,

    Defendant.

No. 2:17-cv-01895-MCE-DB

**ORDER**

On November 13, 2018, CSPC Dophen Corporation's ("Plaintiff") Motion to Enforce Judgment was granted in part and denied in part. ECF Nos. 107, 115. Subsequently, on November 27, 2018, the Court issued an Order ruling as follows: (1) Zhixiang Hu's ("Defendant") Motion to Disqualify (ECF No. 84) was denied; (2) Plaintiff's Partial Motion to Dismiss and Motion to Strike Defendant's Amended Counterclaims (ECF No. 70) was granted; and (3) CSPC Pharmaceutical Group Limited, Yingui Li, Jinxu Wang, Jumin Sun, and Dongchen Cai's (collectively "Counter Defendants") Motions to Dismiss (ECF Nos. 95, 96) were granted. ECF No. 124. Presently before the Court are Defendant's Motions for Reconsideration, seeking reconsideration of both the November 13 and November 27 Orders. ECF Nos. 133, 138. For the reasons that follow, Defendant's Motions are DENIED.

///

A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b). Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). Such a motion is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment is entered. See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). A motion may be construed under Rule 59 or Rule 60 even though it is not labeled as such, or not labeled at all. Taylor, 871 F.2d at 805. Since Defendant's Motions for Reconsideration were filed within twenty-eight days of the entry of judgment, the Court will treat them as motions under Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 59(e). Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Accordingly, a district court may properly deny a motion for reconsideration that simply

reiterates an argument already presented by the petitioner. Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995). The decision to grant or deny a motion for relief from judgment is addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003); Harman v. Harper, 7 F.3d 1455, 1458 (9th Cir. 1993).

Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also Taylor, 871 F.2d at 805. This position stems from the district courts' "concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp at 1009 (internal citations omitted). Rule 59(e) and motions for reconsideration are therefore not intended to "give an unhappy litigant one additional chance to sway the judge." Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

Here, Defendant has failed to meet his burden under Rule 59(e). Specifically, Defendant's Motions fail to present newly discovered evidence that would change the outcome of the Court's ruling or show that the Court committed clear error. In fact, Defendant's Motions merely reiterate the precise arguments already rejected by the Court. Merely inviting the Court to revisit its previous decision is insufficient to justify reconsideration. See, e.g., Twentieth Century-Fox, 637 F.2d at 1341. Accordingly, Defendant's Motions for Reconsideration (ECF Nos. 133, 138) are DENIED.

IT IS SO ORDERED.

Dated: April 16, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

3