# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZHIXIANG HU,<br><br>Defendant. | No. 2:17-cv-1895 MCE DB PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Defendant and counterclaimant, Dr. Zhixiang Hu, Ph.D., is proceeding in this action pro se. Accordingly, this action has been referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). (ECF No. 216.) Pending before the court are defendant's motion to file an amended counterclaim, defendant's motion to dismiss the third amended complaint, and plaintiff's motion to reopen discovery. (ECF Nos. 180, 197, 210.)

For the reasons explained below, defendant's motion for leave to amend and plaintiff's motion to reopen discovery are granted. The undersigned will also recommend that defendant's motion to dismiss be denied.

## BACKGROUND

Plaintiff CSPC Dophen Corporation ("CSPC Dophen") commenced this action on September 11, 2017. (ECF No. 1.) On February 26, 2019, plaintiff was granted leave to file a third amended complaint. (ECF No. 171.) On March 15, 2019, the assigned District Judge

1

signed the parties' stipulation continuing the time for plaintiff to file a third amended complaint. (ECF No. 175.) On April 11, 2019, defendant filed a motion to file an amended counterclaim. (ECF No. 180.) Plaintiff filed an opposition to defendant's motion to amend on May 2, 2019. (ECF No. 186.) Defendant filed a reply on May 9, 2019. (ECF No. 191.)

Plaintiff filed a third amended complaint on May 7, 2019. (ECF No. 190.) Therein, plaintiff alleges that CSPC Dophen is a pharmaceutical and development company based in Sacramento, California. (Third Am. Compl. (ECF No. 190) at 2.[1]) Plaintiff hired defendant in October of 2011, as Director of CSPC Dophen's Research Laboratory. (Id. at 3.) Defendant signed a Non-Disclosure Agreement and a Policy of Conflict of Interest as part of that employment. (Id. at 3-4.)

However, on April 24, 2014, defendant incorporated a competing entity named Dophen Biomed, Inc., with the same address as CSPC Dophen. (Id. at 4.) Defendant also established a bank account and deposited plaintiff's money into that account. (Id. at 5.) And in April of 2017, defendant filed an Investigational New Drug application with the Food and Drug Administration ("FDA") using plaintiff's name without plaintiff's consent. (Id.) Plaintiff terminated defendant's employment on July 21, 2017. (Id. at 6.)

Based on these allegations the third amended complaint asserts causes of action for breach of contract, breach of the duty of loyalty, violation of the Defend Trade Secrets Act, 18 U.S.C. § 1832(a)(1), violation of the Lanham Act, 15 U.S.C. § 1125(a), conversion, violation of the California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502, unfair competition, and defamation. (Id. at 7-16.)

Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on May 23, 2019. (ECF No. 197.) Plaintiff filed an opposition to defendant's motion to dismiss on June 13, 2019. (ECF No. 209.) That same day, plaintiff filed a motion to reopen discovery. (ECF No. 210.)

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

**STANDARDS**

I.  <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)</u>

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." <u>Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See <u>Sea Vessel Inc. v. Reyes</u>, 23 F.3d 345, 347 (11th Cir. 1994); <u>Osborn v. United States</u>, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. <u>Savage v. Glendale Union High Sch. Dist. No. 205</u>, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); <u>Miranda v. Reno</u>, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. <u>Safe Air for Everyone</u>, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. <u>Thornhill Publ'g Co.</u>, 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. <u>Thornhill Publ'g Co.</u>, 594 F.2d at 733.

////

**ANALYSIS**

**I. Defendant's Motion to Dismiss**

Analysis of defendant's motion to dismiss is somewhat hindered by the motion's frequent errors and misstatements. For example, the motion provides the wrong case number and misstates the assigned District Judge's name. (Def.'s MTD (ECF No. 197) at 1.) The motion asks that the court "deny Plaintiffs' Motion to Amend[.]" (Id. at 8.) Plaintiff, however, has already been granted leave to file the third amended complaint and defendant is instead seeking dismissal of the third amended complaint. (Id. at 1.)

The motion also states that it is brought pursuant to Rule 12(b)(1) "for lack of subject matter jurisdiction," but argues that the third amended complaint should be dismissed for failure to state a claim upon which relief can be granted. (Id. at 1-2.) Rule 12(b)(6) governs motions to dismiss for failure to state a claim. Moreover, defendant's argument is not that the third amended complaint fails to state any claim for relief. Instead, defendant's motion asserts the following arguments—each of which attacks only the third amended complaint's defamation claim.

**A. Noerr-Pennington Doctrine**

Defendant argues that plaintiff's defamation claim is barred because defendant's speech "is protected by the Knorr-Pennington Doctrine (sic)." (Def.'s MTD (ECF No. 197) at 3.) "Under the Noerr-Pennington doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." Sosa v. DIRECTV, Inc., 437 F.3d 923, 929 (9th Cir. 2006) (citing Empress LLC v. City & County of S.F., 419 F.3d 1052, 1056 (9th Cir. 2005)). "[T]he right to petition extends to all departments of the Government. The right of access to the courts is indeed but one aspect of the right of petition." California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972).

The Supreme Court developed a

> . . . three-part test to determine whether the defendant's conduct is immunized: (1) identify whether the lawsuit imposes a burden on petitioning rights, (2) decide whether the alleged activities constitute protected petitioning activity, and (3) analyze whether the statutes at

////

> issue may be construed to preclude that burden on the protected petitioning activity.

Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 644 (9th Cir. 2009).

Plaintiff argues that there is no authority for applying the Noerr-Pennington doctrine to plaintiff's defamation claim. (Pl.'s Opp.'n (ECF No. 209) at 9.) And plaintiff's argument is well taken. In this regard, the third amended complaint alleges that defendant's defamatory conduct consisted of publishing written defamatory statements about plaintiff in two "WeChat groups" that comprised "hundreds of professionals in the field of antibody drugs." (Third Am. Compl. (ECF No. 190) at 7.) The statements allegedly included allegations that plaintiff fabricated research data resulting in an FDA inspection. (Id.) And that the FDA requested that the FBI initiate a criminal investigation into plaintiff. (Id.) Plaintiff denies these allegations. (Id.)

As noted by plaintiff, if these types of allegations of defamatory conduct were barred by the Noerr-Pennington doctrine essentially "every defamation lawsuit would be unenforceable[.]" (Pl.'s Opp.'n (ECF No. 209) at 9.) Defendant argues that the alleged defamatory statements are "analogous to the language the Ninth Circuit analyzed in Theme Promotions[.]" (Def.'s MTD (ECF No. 197) at 6.) The conduct at issue in Theme Promotions, Inc. v. News America Marketing FSI, 546 F.3d 991 (9th Cir. 2008), however, concerned pre-suit letters threating litigation. Id. at 1006. The court held that such "[c]onduct incidental to a lawsuit" did fall within the protection of the Noerr-Pennington doctrine." (Id. at 1007.)

Here, defendant is not alleged to have engaged in conduct incidental to a lawsuit but instead of making false allegations on an internet chat forum. Defendant has not articulated with any specificity how the individuals on that chat forum had any interest in defendant's statements or this action. Accordingly, the undersigned finds that the third amended complaint's defamation claim is not barred by the Noerr-Pennington doctrine.

**B.     Anti-SLAPP**

California Code of Civil Procedure § 425.16(b)(1), (also known as the "anti-SLAPP statute") provides:

////

5

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

When presented with an anti-SLAPP motion the court asks "first, whether the suit arises from the defendant's protected conduct and, second, whether the plaintiff has shown a probability of success on the merits. If the first question is answered in the negative, then the motion must fail, even if the plaintiff stated no cognizable claim." Hilton v. Hallmark Cards, 599 F.3d 894, 901-02 (9th Cir. 2010). The defendant bears the initial burden of showing that the claim asserted against the defendant arises from a protected act. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1110 (9th Cir. 2010).

However, a defendant "need not establish that its action is constitutionally protected; rather, it must make a prima facie showing that plaintiff's claim arises from an act taken to further defendant's rights of petition or free speech in connection with a public issue." Price v. Operating Engineers Local Union No. 3, 195 Cal.App.4th 962, 970 (2011). Thus, "the courts of California have interpreted this piece of the defendant's threshold showing rather loosely." Hilton v. Hallmark Cards, 599 F.3d 894, 904 (9th Cir. 2010).

"'In the anti-SLAPP context, the critical consideration is whether the cause of action is based on the defendant's protected free speech or petitioning activity.'" In re Episcopal Church Cases, 45 Cal.4th 467, 477-78 (Cal. 2009) (quoting Navellier v. Sletten, 29 Cal.4th 82, 89 (Cal. 2002)). "[T]he validity of the speech or petitioning activity is ordinarily not a consideration in analyzing the 'arising from' prong." M.F. Farming, Co. v. Couch Distributing Co., 207 Cal.App.4th 180, 195 (2012).

Protected conduct includes:

> 1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law;

////

> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law;
>
> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest;
>
> (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Mindys Cosmetics, Inc. v. Dakar, 611 F.3d 590, 596 (9th Cir. 2010) (quoting Cal. Civ. Pro. Code § 425.16(e)).

Defendant argues that the alleged defamatory statements related to "substantive issues in the litigation" and were "directed to persons having an interest in the litigation." (Def.'s MTD (ECF No. 197) at 7.) "[A]n action for defamation falls within the anti-SLAPP statute if the allegedly defamatory statement was made in connection with litigation." Healy v. Tuscany Hills Landscape & Recreation Corp., 137 Cal.App.4th 1, 5 (2006).

Defendant argues that the "WeChat groups . . . . comprise hundreds of professionals in the field of antibody drugs," who would "be interested in whether Plaintiff was being investigated by the Food and Drug Administration." (Def.'s MTD (ECF No. 197) at 7.) Defendant, however, makes no attempt to define exactly how these professionals were "interested in" defendant's statements. While hundreds of unidentified professionals in this given field may have had some curiosity or concern about the subject matter of defendant's allegations, defendant has not shown that any of these professionals was actually impacted in any way by the allegations or the litigation. Conversely, in Healy, quoted above, the recipients of the statements were "actual members of the association involved in the suit, [and] were also directly affected by the dispute because additional costs were allegedly being levied as a result." United Medical Devices, LLC v. Seevnarayan, Case No. CV 18-2809 PSG (SSx), 2018 WL 6333672, at *4 (C.D. Cal. Sept. 21, 2018)

Accordingly, the undersigned finds that defendant has not met the burden of establishing that the third amended complaint's defamation claim is based on defendant's conduct. The third

amended complaint's defamation claim, therefore, should not be barred by California's Anti-SLAPP statute.

### C. California Civil Code § 47

Defendant also argues that the alleged defamatory statements "are absolutely privileged under California Civil Code section 47." (Def.'s MTD (ECF No. 197) at 8.) "This statute codifies the California litigation privilege." Oei v. N. Star Capital Acquisitions, LLC, 486 F.Supp.2d 1089, 1098 (C.D. Cal. 2006). "The usual formulation is that the privilege applies to any communication: (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg v. Anderson, 50 Cal.3d 205, 212 (Cal. 1990).

Here, defendant is alleged to have posted statements in two chat groups that "comprise hundreds of professional in the field of antibody drugs." (Third Am. Compl. (ECF No. 190) at 7.) Those statements allegedly included false assertions that plaintiff fabricated research and that the FDA requested that the FBI criminally investigate plaintiff. (Id.) Defendant's motion does not attempt to explain how those statements were made in a quasi-judicial proceeding, achieved an object of this litigation, or even had some logical relation to this action.

Instead, defendant merely asserts that "the statements made in the chat rooms filled with biomedical staff, specific to issues being litigated, were made while the litigation *is still* pending. Hence, the statements are absolutely privileged under California Civil Code section 47." (Def.'s MTD (ECF No. 197) at 8) (emphasis in original). Defendant's vague and conclusory assertion fails to show that the litigation privilege applies.

Accordingly, the undersigned finds that California Civil Code § 47 does not bar the third amended complaint's defamation claim and defendant's motion to dismiss should be denied.

## II. Defendant's Motion for Leave to Amend

Defendant seeks leave to file a second amended counterclaim. (Def.'s LTA (ECF No. 180) at 1.) "[C]ourts presented with motions for leave to amend a . . . counterclaim generally adhere to the liberal amendment policy of Rule 15[.]" Hip Hop Beverage Corp. v. RIC

Representcoes Importacao e Comercio Ltda., 220 F.R.D. 614, 620 (C.D. Cal. 2003) (citation and alteration omitted). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). "This policy is applied even more liberally to pro se litigants." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987).

However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen, 465 F.3d at 951. The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

Plaintiff's opposition argues that granting defendant leave to amend would prejudice plaintiff because the proposed amendment would add defendants and causes of action. (Pl.'s Opp.'n (ECF No. 186) at 22.) These additions would "expand the scope of discovery significantly" and "require extending the case schedule and delay the resolution of this case[.]" (Id.). In analyzing the above four factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

However, "[t]he need for additional discovery is insufficient by itself to deny a proposed amended pleading." In re Circuit Breaker Litigation, 175 F.R.D. 547, 551 (C.D. Cal. 1997). Moreover, subsequent to the filing of the opposition plaintiff filed a motion to reopen discovery and extend the schedule in this case. (ECF No. 210.)

Additionally, on November 27, 2018, defendant was granted twenty-eight days to file an amended counterclaim. (ECF No. 124.) However, on December 9, 2018, defendant—still proceeding pro se—sought reconsideration of the November 27, 2018 order. (ECF No. 138.) On

////

////

February 8, 2019, defendant sought a thirty-day extension of time to file a second amended counterclaim.[2] (ECF No. 156.)

Then on March 6, 2019—before defendant's request for an extension of time could be resolved—counsel appeared on defendant's behalf and this action was referred back to the assigned District Judge.[3] (ECF No. 173.) On April 11, 2019, defendant's counsel filed the pending motion to amend the counterclaim. (ECF No. 180.) On April 17, 2019, the assigned District Judge denied defendant's motion for reconsideration. (ECF No. 184.)

In this regard, while proceeding pro se defendant was previously granted leave to file an amended counterclaim and should not be punished for having first sought reconsideration. Plaintiff's opposition also contains a lengthy argument concerning the failure of the proposed second amended counterclaim to include sufficient factual allegations—noting that many of these issues were addressed by the undersigned in granting plaintiff's partial motion to dismiss the first amended counterclaim. (Pl.'s Opp.'n (ECF No. 186) at 10-21.)

However, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009). "Denial of leave to amend on this ground is rare." Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003). Such arguments are "better left for full briefing on a motion to dismiss." Lillis v. Apria Healthcare, No. 12-CV-52-IEG (KSC), 2012 WL 4760908, at *1 (S.D. Cal. Oct. 5, 2012); see also U.S. Bank Nat. Ass'n v. Friedrichs, No. 12CV2373-GPC KSC, 2013 WL 6686327, at *4 (S.D. Cal. Dec. 17, 2013) ("Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, is better left for briefing on a motion to dismiss."); Pilavskaya v. Henderson, No. CV 11-4075 CAS (Ex), 2012 WL 3279517, at *5 (C.D. Cal. Aug. 9, 2012) ("Whether these claims are properly pled is

---

[2] Because the undersigned will grant defendant leave to file a second amended counter-claim defendant's February 8, 2019 motion for a thirty-day extension of time to file a second amended counter-claim (ECF No. 156) is denied as having been rendered moot.

[3] Defense counsel filed a motion to withdraw on June 7, 2019, which was granted on July 19, 2019. (ECF Nos. 206 & 213.)

better left for a motion to dismiss."); Defazio v. Hollister, Inc., Nos. Civ. 04-1358 WBS GGH, 05-0559 WBS GGH, 05-1726 WBS GGH, 2008 WL 2825045, at *3 n.5 (E.D. Cal. July 21, 2008) ("such arguments are presently premature in that they require the court to assume that there are no facts that could support plaintiffs' proposed claims").

Accordingly, defendant's motion for leave to file a second amended counterclaim will be granted.

### III. Motion to Reopen Discovery

On June 13, 2019, plaintiff filed a motion to reopen discovery. (ECF No. 210.) Defendant has not filed a timely opposition to that motion. In light of the lack of opposition, and good cause appearing, plaintiff's motion will be granted.[4]

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's April 11, 2019 motion to amend (ECF No. 180) is granted;

2. Defendant's February 8, 2019 motion for a thirty-day extension of time (ECF No. 156) is denied as having been rendered moot;

3. Defendant is granted twenty-eight days to file a second amended counterclaim. Failure to timely file a second amended counterclaim will be construed as defendant's consent to proceed on the claims remaining in the first amended counterclaim as outlined in the undersigned's order filed on November 27, 2018 (ECF No. 124);

4. Defendant's experts shall be disclosed no later than **November 22, 2019**;

5. Rebuttal experts shall be disclosed no later than **December 6, 2019**;

6. Discovery shall be completed by **March 13, 2020**;

7. All pretrial motions, except motions to compel discovery, shall be completed by **May 1, 2020**; and

8. The parties shall file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving a ruling on the last pending dispositive motion.

---

[4] Because the deadlines proposed by the motion have passed the undersigned will set new deadlines.

11

Also, IT IS HEREBY RECOMMENDED that defendant's May 23, 2019 motion to dismiss (ECF No. 197) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 12, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\cspc1895.mtd.f&rs