UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZHIXIANG HU,<br><br>Defendant. | No. 2:17-cv-1895 MCE DB PS<br><br>ORDER |

Defendant is proceeding in this action pro se. (ECF No. 68.) Accordingly, this action has been referred to the undersigned pursuant to Local Rule 302(c)(21).

Noticed for hearing before the undersigned on March 13, 2020, is counter-defendant CSPC Pharmaceutical Group Limited's motion to dismiss second amended counterclaims. (ECF No. 236.) The undersigned finds the matter appropriate for submission on the record and, therefore, the March 13, 2020 hearing is vacated.

Also noticed for hearing before the undersigned on March 13, 2020, are plaintiff CSPC Dophen Corporation's ("CSPC") motion to compel defendant to answer deposition questions, plaintiff CSPC's motion to compel discovery responses to plaintiff's second, fourth, fifth, and sixth set of requests for production, defendant Sean Hu's motion to enforce subpoenas, defendant Hu's motion to compel discovery responses from plaintiff, and plaintiff CSPC's motion to compel responses to plaintiff's third set of requests for production. (ECF Nos. 237, 238, 242,

243, 247.)  In connection with these filings plaintiff has also filed two requests to seal.  (ECF Nos. 251 & 253.)  These motions are denied for several reasons.

First, discovery in this action must be completed by March 13, 2020.  (ECF No. 217 at 11.)  "The word 'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with."  (ECF No. 76 at 2.)  In this regard, there is not sufficient time remaining to hear the parties' motions, issue orders, and for those orders to be complied with prior to the close of discovery.

Second, the undersigned's Standard Information explains that parties must meet and confer prior to filing a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the joint statement.  See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.  Here, the parties' joint statements reflect a single meet and confer effort.  (ECF No. 252 at 2; ECF No. 254 at 2; ECF No. 255 at 2; ECF No. 256 at 2; ECF No. 257 at 3.)  Almost all of these meet and confer meetings occurred on January 31, 2020—over a month prior to the filing of the joint statement.  (ECF No. 252 at 2; ECF No. 254 at 2; ECF No. 255 at 2; ECF No. 257 at 3.)

Third, the undersigned's Standard Information states that joint statements filed before the undersigned shall not exceed twenty-five pages, excluding exhibits.[1]  See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.  Here, two joint statements explicitly violate the undersigned's page limitation.  (ECF Nos. 254, 257.)  Moreover, the spirit of the page limitation is to force the parties to narrow their disputes, focus their arguments, and to prevent the parties from overburdening the court with numerous and voluminous discovery disputes.  Filing multiple joint statements to avoid the twenty-five-page limitation violates the spirit of the limitation.

---

[1] The parties are advised that title pages, tables of contents, tables of citations, signature pages, etc., all count toward the twenty-five-page limit.

Accordingly, IT IS HEREBY ORDERED that:

1. CSPC Pharmaceutical Group Limited's January 21, 2020 motion to dismiss the second amended counterclaims, (ECF No. 236), is taken under submission and the March 13, 2020 hearing vacated;

2. Plaintiff CSPC Dophen Corporation's January 21, 2020 motion to compel, (ECF No. 237), is denied without prejudice to renewal and the March 13, 2020 hearing vacated;

3. Plaintiff CSPC Dophen Corporation's January 21, 2020 motion to compel, (ECF No. 238) is denied without prejudice to renewal and the March 13, 2020 hearing vacated;

4. Defendant Sean Hu's January 31, 2020 motion to enforce subpoenas, (ECF No. 242), is denied without prejudice to renewal and the March 13, 2020 hearing vacated;

5. Defendant Sean Hu's January 31, 2020 motion to compel, (ECF No. 243), is denied without prejudice to renewal and the March 13, 202 hearing vacated;

6. Plaintiff CSPC Dophen Corporation's February 21, 2020 motion to compel (ECF No. 247), is denied without prejudice to renewal and the March 13, 2020 hearing vacated; and

7. Plaintiff CSPC Dophen Corporation's March 6, 2020 requests to seal (ECF Nos. 251 & 253) are denied without prejudice to renewal.

Dated: March 9, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\cspc1895.mtc.ut.ord