UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZHIXIANG HU,<br><br>Defendant. | No. 2:17-cv-1895 MCE DB PS<br><br><br>ORDER |

Defendant and counterclaimant, Dr. Zhixiang Hu, Ph.D., is proceeding in this action pro se. (ECF No. 68.) Accordingly, this action has been referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On July 20, 2020, the undersigned granted defendant's motion for alternative service of process pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure ("Rules") and granted plaintiff twenty-eight days to serve process on the counter defendants. (ECF No. 261 at 18.) On August 20, 2020, defendant filed a motion for a 14-day extension of time. (ECF No. 263.) Plaintiff filed an opposition to defendant's request for an extension of time. (ECF No. 269.)

Defendant's motion explains defendant's failure to comply with the 28-day deadline was the result of "health problems during this Covid 19 pandemic period" resulting in visits "to the Emergency Room twice for heart and breathing problems" and testing for Covid 19, necessitating "self-quarantine." (ECF No. 266 at 3.) Rule 6(b) of the Federal Rules of Civil Procedure

provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "This rule . . . '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258-59 (9th Cir. 2010) (quoting Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983)). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Service, 231 F.3d 1220, 1223-24 (9th Cir. 2000). Excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 388 (1993).

      Here, under the circumstances articulated by defendant's motion, the undersigned finds that defendant's failure to act was not caused by carelessness and that defendant has demonstrated good cause for granting the motion. Moreover, an evaluation of the above factors finds that they weigh in favor of granting defendant's motion. In this regard, there is little if any prejudice to the non-moving party. The length of delay is quite short and would have minimal if any impact on this judicial proceeding. The reason for the delay was not within defendant's reasonable control and defendant's conduct was in good faith.

      Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's August 28, 2020 motion for an extension of time (ECF No. 266) is granted; and

////
////
////
////

2. Defendant shall have fourteen days from the date of this order to serve process on the counter defendants' United States based counsel/plaintiff's counsel pursuant to Fed. R. Civ. P. 4(f)(3).

Dated: October 28, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\cspc1895.eot.serve.ord

3