1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CSPC DOPHEN CORPORATION,                No.  2:17-cv-1895 MCE DB PS

12                  Plaintiff,

13        v.                                 <u>ORDER</u>

14   ZHIXIANG HU,

15                  Defendant.

16

17        Defendant and counterclaimant, Dr. Zhixiang Hu, Ph.D., is proceeding in this action pro

18   se.  (ECF No. 68.)  Accordingly, this action has been referred to the undersigned pursuant to

19   Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On April 14, 2022, the assigned District Judge

20   issued an order directing the parties to file a Joint Notice of Trial Readiness.  (ECF No. 292.)  On

21   April 23, 2022, defendant filed a notice of trial readiness.  (ECF No. 294.)  On April 25, 2022,

22   plaintiff filed a response.  (ECF No. 294.)

23        On May 6, 2022, defendant filed a motion for leave to file further amended counterclaims

24   and a motion for sanctions.[1]  (ECF Nos. 295 & 296.)  The motions, however, were erroneously

25   noticed for hearing before the assigned District Judge.  Accordingly on May 10, 2022, the

26

27   _____

     [1] Defendant's motion for sanctions accuses opposing counsel of violating various rules and
28   "spreading lies."  (ECF No. 300-1 at 4.)  The motion fails to identify any sanctionable conduct, is
     without merit, and will be denied.

                                            1

1  assigned District Judge ordered defendant to re-notice the motions for hearing before the

2  undersigned.  (ECF No. 297.)

3      On May 11, 2022, the assigned District Judge issued an order denying defendant's notice

4  of trial readiness after review of the docket and "given the outstanding motions pending before

5  the court[.]"  (ECF No. 298.)  On May 11, 2022, defendant re-noticed the motions for further

6  leave to amend and for sanctions for hearing before the undersigned.  (ECF Nos. 299 & 300.)

7  Plaintiff filed oppositions to the motions on May 25, 2022.  (ECF Nos. 301 & 302.)  Defendant

8  filed replies on June 6, 2022.  (ECF Nos. 303 & 304.)  Those motions were taken under

9  submission on June 13, 2022.  (ECF No. 305.)

10     On June 17, 2022, plaintiff filed a motion for summary judgment and request to seal.

11  (ECF Nos. 307 & 308.)  Those motions are noticed for hearing before the undersigned on July 22,

12  2022.[2]  Defendant opposes the motions.  (ECF Nos. 309 & 310.)  Plaintiff filed a reply on July 8,

13  2022.  (ECF No. 311.)

14                              **ANALYSIS**

15     Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend shall be

16  freely given when justice so requires."  AmerisourceBergen Corp. v. Dialysist West, Inc., 465

17  F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court

18  should freely give leave when justice so requires.").  However, courts "need not grant leave to

19  amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3)

20  produces an undue delay in the litigation; or (4) is futile."  Id.  The "court's discretion to deny

21  leave to amend is particularly broad where the court has already given the plaintiff an opportunity

22  to amend his complaint."  Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco,

23  792 F.2d 1432, 1438 (9th Cir. 1986).

24     Here, as noted by plaintiff, the court has already given defendant the opportunity to amend

25  the counterclaims.  (Pl.'s Opp.'n (ECF No. 301) at 2; ECF No. 217.)  And the court has

26  previously denied defendant further leave to amend.  (ECF Nos. 273 & 291.)  Moreover, as

27

28  [2] The undersigned finds that the motions may be resolved without a hearing pursuant to Local
Rule 230(g).

1    plaintiff also notes, defendant's motion for further leave to amend is untimely.  (Pl.'s Opp'n (ECF

2    No. 301) at 2.)

3            In this regard, a scheduling order was entered in this action on June 18, 2018.  (ECF No.

4    76.)  Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil

5    Procedure 16 which established a timetable for amending pleadings that rule's standards

6    control[]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  "Rule

7    16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the

8    amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  In this

9    regard, under Rule 16(b), plaintiffs "must show good cause for not having amended their

10   complaints before the time specified in the scheduling order expired."  Coleman v. Quaker Oats

11   Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

12           Here, defendant seeks to establish good cause by reference to "facts discovered

13   recently[.]"  (Def.'s Mot. Amen. (ECF No. 299-1) at 3.)  Those facts, however, were not recently

14   discovered, as the motion refers to dates known to defendant as of April 7, 2021, and October 27,

15   2021.  (Id. at 4-5.)  In this regard, defendant cannot establish good cause for failing to further

16   amend the counterclaim.

17           Plaintiff's motion for summary judgment, is also untimely.  In this regard, plaintiff was

18   well aware that a scheduling order had been entered in this action.  See Johnson v. Mammoth

19   Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece

20   of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (internal

21   quotations omitted) (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me.

22   1985)).  And plaintiff was also aware that the deadline for filing dispositive motions had passed.

23           In this regard, in its April 25, 2022 response to defendant's notice of trial readiness,

24   plaintiff vaguely asserted that there was "good cause to amend the scheduling order, if

25   necessary[.]"  (ECF No. 294 at 2.)  Given that the dispositive motion deadline closed on May 1,

26   2020—more than 2 years ago—the necessity of obtaining leave to amend should have been

27   obvious.  See Escoto v. Foremost Superior Marble, Inc., No. 2:08-cv-0839 MCE KJM, 2009 WL

28   ////

2905784, at *1 (E.D. Cal. Sept. 1, 2009) (denying motion for 6-day extension of time and motion for summary judgment as untimely).

"Because the deadline set forth in the scheduling order has expired, [plaintiff] may not file a motion for summary judgment without seeking the Court's permission pursuant to Rule 16(b)." Medlock v. Host Intern., Inc., No. 1:12-cv-2024 JLT, 2013 WL 1820297, at *1 (E.D. Cal. Apr. 30, 2013).  Plaintiff is aware that the deadline for filing dispositive motions had long since passed.  More than two months passed between the assigned District Judge's order directing the parties to file a Joint Notice of Trial Readiness, when plaintiff moved for summary judgment. (ECF Nos. 292 & 308.)  And the summary judgment motion does not seek amendment to the scheduling order.  Nor has plaintiff separately moved to amend the scheduling order.

Moreover, even assuming *arguendo* that plaintiff had moved to amend the scheduling order, it does not appear that plaintiff could establish diligence.  "Courts within this Circuit 'have articulated and undertaken [a] three-step inquiry in resolving the question of 'diligence' in the context of determining good cause under Rule 16[.]'"  Morgal v. Maricopa County Bd. of Sup'rs, 284 F.R.D. 452, 460 (D. Ariz. 2012) (quoting Grant v. United States, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011)).

> Under that inquiry: To demonstrate diligence under Rule 16's 'good cause' standard, the movant may be required to show the following: (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

Id.

In vaguely addressing good cause to amend the scheduling order, plaintiff's April 25, 2022 response to defendant's notice of trial readiness, plaintiff referred to defendant "proceeding *pro se* after two former counsel has withdrawn, which has complicated the conduct and administration of the case and will further complicate any trial proceedings."  (ECF No. 294 at 2.) That a party's election to proceed pro se may complicate trial is irrelevant to whether plaintiff has

been diligent.[3]  Moreover, regardless of the extent to which defendant's pro se status may have complicated the litigation of this action, the record of plaintiff's lack of diligence is clear.

In this regard, on November 13, 2019, the undersigned issued an order ordering that all pretrial motions were to be completed by May 1, 2020.  (ECF No. 217.)  On September 30, 2021, the assigned District Judge entered an order adopting in full findings and recommendations issued by the undersigned addressing a motion to dismiss filed by individual counter-defendants for lack of personal jurisdiction.  (ECF No.  291.)  Almost seven months passed without any filings by plaintiff.

It was not until April 25, 2022—after being prompted by the Court—when plaintiff finally filed something, vaguely raising for the first time the matter of amending the scheduling order. And as of the date of this order plaintiff has not moved to amend the scheduling order.  Under these circumstances the undersigned cannot find that plaintiff was diligent in seeking amendment of the schedule once it became apparent that plaintiff could not comply with the order.  See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.").

Accordingly, plaintiff's motion for summary judgment is "STRICKEN from the court's record as untimely[.]"  Ransom v. Johnson, No. 1:05-cv-0086 OWW GSA PC, 2010 WL 2219398, at *3 (E.D. Cal. June 2, 2010); see also Ammons v. Bakewell, 481 Fed. Appx. 389 (9th Cir. 2012) ("district court did not abuse its discretion in striking [a] motion for summary judgment that [was] filed after the scheduling order deadline" where party failed to show good cause); Hawkins v. State of California, No. 1:09-cv-1705 LJO MJS (PC), 2015 WL 2454275, at *2 (E.D. Cal. May 22, 2015) ("Plaintiff's cross-motion for summary judgment was untimely filed, and will not be addressed here as such"); Ervin v. Merced Police Department, No. 1:13-cv-0446 GSA, 2015 WL 5895801, at *1 (E.D. Cal. Oct. 6, 2015) (denying motion to file untimely motion for summary judgment construed as motion to amend scheduling order); Haney v. Adams,

---

[3] And allowing leave to amend simply because an opposing party was proceeding pro se would serve to punish those proceeding pro se.

No. 1:07-cv-1104 AWI SMS (PC), 2012 WL 6097102, at *1 (E.D. Cal. Dec. 7, 2012) (striking plaintiff's motion for summary judgment as untimely); Ammons v. Bakewell, No. CIV S-10-0544 KJM DAD P, 2011 WL 2364564, at *10 (E.D. Cal. June 9, 2011) (referring to order in which Magistrate Judge struck "motion for summary judgment as untimely" where motion was filed on April 27, 2011, and deadline was January 3, 2011).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's May 11, 2022 motion for further leave to amend (ECF No. 299) is denied;

2. Defendant's May 11, 2022 motion for sanctions (ECF No. 300) is denied;

3. Plaintiff's June 17, 2022 motion for summary judgment (ECF No. 308) is stricken as untimely;

4. Plaintiff's June 17, 2022 request to seal (ECF No. 307) is denied as moot;

5. The July 22, 2022 hearing of plaintiff's motion for summary judgment is vacated; and

6. Within fourteen days of the date of this order the parties shall file a Joint Notice of Trial Readiness in compliance with the Court's scheduling order.

DATED: July 20, 2022                    /s/ DEBORAH BARNES
                                        UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\cspc1895.mot.untimely.ord

6