UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ZHIXIANG HU,<br><br>　　　　Defendant.<br><br>ZHIXIANG HU,<br><br>　　　　Counter Claimant,<br><br>　v.<br><br>CSPC DOPHEN CORPORATION,<br><br>　　　　Counter Defendant. | No. 2:17-cv-01895-DAD-DB (PS)<br><br><u>ORDER DENYING THE PARTIES' REQUESTS FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S JULY 20, 2022 ORDER</u><br><br>(Doc. Nos. 315, 316) |

　　　　This matter is before the court on two requests for reconsideration of the assigned magistrate judge's order of July 20, 2022 (Doc. No. 121):  the request for reconsideration filed by plaintiff CSPC Dophen Corporation ("CSPC") on August 2, 2022 (Doc. No. 315), and the request for reconsideration filed by defendant Hu also on August 2, 2022 (Doc. No. 316).  On August 9, 2022, the parties each filed oppositions in response to the other party's request for reconsideration.  (Doc. Nos. 317, 318.)  For the reasons explained below, both requests for reconsideration will be denied.

1

**BACKGROUND**

Plaintiff filed the complaint initiating this civil action to protect trade secrets on September 7, 2017. (Doc. No. 1.) On September 12, 2017, the court issued an initial pretrial scheduling order. (Doc. No. 5.) Thereafter, on June 18, 2018, the assigned magistrate judge issued an amended scheduling order.[1] (Doc. No. 76.) On November 28, 2018, the parties filed a joint stipulation requesting that the scheduling order be amended further to extend deadlines for discovery and filing dispositive motions, which the court granted on December 6, 2018. (Doc. No. 134.) On November 13, 2019, the court issued an order granting the defendant's motion for leave to file a second amended counterclaim and modifying the case schedule further, setting a deadline of May 1, 2020 for the filing of any pretrial motions. (Doc. No. 217 at 11.) In that order, the parties were also directed to file a joint notice of trial readiness within thirty days after the court ruled on the last dispositive motion filed, if any, or after the parties filed a notice stating that no dispositive motions would be filed. (*Id.*; *see also* Doc. No. 292.) Since that November 13, 2019 order was issued, however, the parties have not filed a stipulation or motion to request further modification to the case schedule.

On April 14, 2022, because neither party had filed a dispositive motion, and indeed there had been no activity in this case since September 30, 2021, the then-assigned district judge issued an order noting the parties' failure to file a joint notice of trial readiness as required and directing that the parties do so within ten days. (Doc. No. 292.) Thereafter, the parties timely filed separate notices. (Doc. Nos. 293, 294.) In his notice, defendant represented that he was ready to proceed to trial. (Doc. No. 293.) In contrast, plaintiff represented in its notice that this case was not ready for trial because in plaintiff's view, plaintiff should be allowed to file a motion for summary judgment, and plaintiff provided proposed dates for "expeditious resolution" of such a motion. (Doc. No. 294.) Plaintiff did not, however, file a motion to modify the scheduling order

---

[1] At various times throughout this litigation, defendant has been represented by counsel, while at other times, defendant has proceeded *pro se*. During the times that defendant proceeded *pro se*, this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Defendant is currently proceeding *pro se* and filed the pending request for reconsideration on his own behalf.

1 and demonstrate good cause for doing so.

2 On May 6, 2022, defendant filed a motion for leave to file further amended counterclaims and a motion for sanctions. (Doc. Nos. 295, 296.) On May 11, 2022, in a one-sentence minute order, the then-assigned district judge ordered as follows: "After review of the docket and given the outstanding motions pending before the court, the Notice of Trial Readiness filed by defendant Sean Hu is DENIED." (Doc. No. 298.) The court's May 11, 2022 minute order did not address plaintiff's statement that it should be allowed to file a motion for summary judgment, let alone adopt plaintiff's proposed schedule for the filing of such a motion. Nevertheless, on June 17, 2022—over two years after the dispositive motion filing deadline had passed—plaintiff filed a motion for summary judgment.[2] (Doc. No. 308.)

On July 20, 2022, the assigned magistrate judge issued an order striking plaintiff's motion for summary judgment as untimely filed, denying defendant's motion for further leave to amend his counterclaims, and denying defendant's motion for sanctions. (Doc. No. 313.) In that order, the magistrate judge noted that defendant had already been granted an opportunity to amend his counterclaims, and the court had thereafter denied defendant further leave to amend. (*Id.* at 2) (citing Doc. Nos. 273, 291). Moreover, the magistrate judge concluded that defendant had failed to establish the requisite good cause under Federal Rule of Civil Procedure 16(b) to modify the scheduling order because the "facts" that defendant asserted were "recently discovered" were actually known to defendant in April 7, 2021 and October 27, 2021—nearly six months before he filed his motion for leave to further amend his counterclaims. (Doc. No. 313 at 3.) As for defendant's motion for sanctions, the magistrate judge denied that motion as lacking merit, concluding that defendant's accusations that plaintiff's counsel violated various rules and "spread[] lies" were insufficient "to identify any sanctionable conduct." (*Id.* at 1, n.1.)

/////

/////

---

[2] Notably, the briefing schedule plaintiff proposed in its notice would have set a filing deadline of May 19, 2022. (Doc. No. 294 at 2.) Thus, even if plaintiff assumed the court silently adopted its proposed schedule, as plaintiff suggests in its request for reconsideration, plaintiff's filing was still untimely.

On August 2, 2022, the parties each filed a request for reconsideration of the magistrate judge's July 20, 2022 order, and on August 9, 2022, they each filed a response thereto. (Doc. Nos. 315–318.) On September 19, 2022, this case was reassigned to the undersigned. (Doc. No. 321.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

Pursuant to Local Rule 303(c):

> A party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties. Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection. This request shall be captioned "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."

L.R. 303(c). The Local Rules further provide that "the standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C.

4

§ 636(b)(1)(A)."  L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

**DISCUSSION**

**A.     Plaintiff's Request for Reconsideration**

Plaintiff's request for reconsideration does not identify any part of the magistrate judge's July 20, 2022 order that is "clearly erroneous or contrary to law."  Indeed, in its request, plaintiff does not even acknowledge that the magistrate judge's order is subject to the "clearly erroneous or contrary to law" standard of review.  Rather, plaintiff cites to the *de novo* review standard that applies when district judges review findings and recommendations issued by the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(C).[3]  (Doc. No. 315 at 3–4.)  Focusing on this incorrect legal standard, plaintiff merely argues that the court should permit it to file a motion for summary judgment because of "the high likelihood that a summary judgment motion will significantly narrow the issues to be heard at trial."  (*Id.*)  This argument falls well short of demonstrating that the magistrate judge's erred in concluding that plaintiff's motion for summary judgment was untimely filed—a conclusion that is readily supported by a review of the docket in this case.  Moreover, plaintiff's argument that it could not have reasonably met the dispositive motion filing deadline rings hollow because plaintiff could have requested an extension of that deadline before it passed, and plaintiff did not do so.  Indeed, plaintiff still has not filed a proper motion under Rule 16 to modify the scheduling order.

In sum, plaintiff's request for reconsideration fails to articulate any basis for finding that the magistrate judge's July 20, 2022 order striking plaintiff's motion for summary judgment as untimely filed was "clearly erroneous or contrary to law."  Accordingly, the court will deny plaintiff's request for reconsideration of that order.

/////

/////

---

[3] The undersigned finds plaintiff's application of the incorrect legal standard in this regard to be particularly perplexing, given that in plaintiff's opposition to defendant's request for reconsideration, plaintiff states the applicable "clearly erroneous or contrary to law" legal standard and argues that defendant's request does not satisfy that standard.  (*See* Doc. No. 317 at 2–3.)

**B.      Defendant's Request for Reconsideration**

In his request for reconsideration, defendant argues that the magistrate judge erroneously concluded that he had not established good cause to modify the scheduling order to allow him to file further amended counterclaims, including re-asserting claims against certain counter-defendants who had previously been dismissed from this action without leave to amend. (Doc. No. 316 at 2–4; *see also* Doc. No. 273 at 2.) According to defendant, he was alerted at the end of April 2022 that CSPC sold its Sacramento facility, and at that time, he began preparing his motion for leave to further amend his counterclaims to add the previously dismissed counter-defendants back into this action. (Doc. No. 316 at 3–4.) However, the crux of plaintiff's argument that his amendments should be allowed is based on his assertion that CSPC had dissolved and disposed its assets. But, as plainly stated in plaintiff's request for reconsideration, plaintiff had confronted CSPC's counsel on April 7, 2021 regarding CSPC's dissolution and disposition of assets. (*Id.* at 3.) The fact that a particular asset (the Sacramento facility) was not sold until April 2022 does not render erroneous the magistrate judge's conclusion that defendant knew of the underlying factual basis for his motion for leave to amend his counterclaims in April 2021.

Moreover, defendant's argument that his amendments should be allowed under the relation back doctrine is irrelevant to his pending request for reconsideration. This is because the magistrate judge's July 20, 2022 order did not rely on any arguments regarding the applicability or inapplicability of that doctrine. Rather, the magistrate judge concluded that defendant had failed to establish good cause to modify the scheduling order in this case. Defendant has not now shown in his request for reconsideration that this conclusion was "clearly erroneous or contrary to law."

In addition, the undersigned finds that the magistrate judge did not err in concluding that defendant's motion for sanctions lacks merit and fails to identify any sanctionable conduct. Thus, denial of that motion was also not "clearly erroneous or contrary to law."

Accordingly, the court will also deny defendant's request for reconsideration of the magistrate judge's July 20, 2022.

6

**CONCLUSION**

For the reasons set forth above:

1. Plaintiff's request for reconsideration of the magistrate judge's July 20, 2022 order (Doc. No. 315) is denied;

2. Defendant's request for reconsideration of the magistrate judge's July 20, 2022 order (Doc. No. 316) is also denied;

3. Defendant's motion for further leave to amend his counterclaims (Doc. No. 299) is denied;

4. Defendant's motion for sanctions (Doc. No. 300) is denied;

5. Plaintiff's motion for summary judgment (Doc. No. 308) is stricken as untimely filed;

6. Plaintiff's request to seal (Doc. No. 307) is denied as having been rendered moot by this order;

7. Within fourteen (14) days of the date of this order, the parties shall file a joint notice of trial readiness in compliance with the court's scheduling order; and

8. The Clerk of the Court is directed to update the docket to reflect that Document No. 308 has been stricken pursuant to this order.

IT IS SO ORDERED.

Dated: **March 10, 2023**　　　　　　　　　／s／ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE