UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSPC DOPHEN CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ZHIXIANG HU,<br><br>　　　　　Defendant.<br> | No.  2:17-cv-01895-DAD-DB (PS)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO MODIFY THE FINAL PRETRIAL ORDER<br><br>(Doc. No. 353) |
| ZHIXIANG HU,<br><br>　　　　　Counter Claimant,<br><br>　v.<br><br>CSPC DOPHEN CORPORATION,<br><br>　　　　　Counter Defendant. | |

   This matter is before the court on defendant Dr. Hu's motion to modify the February 15, 2024 final pretrial order issued in this case. (Doc. No. 353.)[1]  For the reasons explained below, the pending motion will be granted in part and denied in part.

---

[1] Currently, there is a hearing set for plaintiff's pending motion on March 19, 2024.  Having reviewed the pending motion, the court finds it suitable for decision on the papers.  Accordingly, the court will vacate the March 19, 2024 hearing.

1

On February 15, 2024, the court issued a final pretrial order governing the trial of this case. (Doc. No. 352.) Therein, the court granted defendant Dr. Hu a final opportunity to clarify his affirmative defenses, directing him to file a motion to modify within seven days of the final pretrial order's issuance. (*Id.* at 14 n.11.) On February 22, 2024, defendant Dr. Hu filed a motion to modify the final pretrial order, in which he added affirmative defenses, but also purported to mount further objections. (Doc. No. 353.) The court disregards defendant's additional objections as untimely and improper, because they are beyond the scope of the leave to clarify the affirmative defenses to be asserted at trial granted by the court. On March 7, 2024, plaintiff CSPC Dophen filed an opposition to the pending motion. (Doc. No. 353.) The opposition purports to seek sanctions (*id.*), but the court will not consider that request as it is improperly raised in an opposition brief.

The points of law section of the final pretrial order (Doc. No. 352) will be modified to include the following additional points of law:[2]

    1. The elements of, standards for, and burden of proof in an affirmative defense for good faith.

    2. The elements of, standards for, and burden of proof in an affirmative defense for justification.

    3. The elements of, standards for, and burden of proof in an affirmative defense for consent.

/////
/////
/////
/////

---

[2] Defendant Dr. Hu's proposed affirmative defenses for "failure to state a claim," "acquiescence," "waiver," "estoppel," and "unclean hands" are already listed in the points of law section of the final pretrial order. Furthermore, defendant Dr. Hu's proposed affirmative defense for "no causation and no damage" appears to be a challenge to the requisite elements of plaintiff's claims and therefore is also already listed in the points of law section of the final pretrial order. In other words, the court clarifies that these proposed affirmative defenses asserted by defendant Dr. Hu are not deemed as abandoned.

2

4.  The elements of, standards for, and burden of proof in an affirmative defense for ratification.[3]

5.  The elements of, standards for, and burden of proof in an affirmative defense for property not in possession, custody, or control.

## CONCLUSION

For the reasons explained above,

1.  Defendant Dr. Hu's motion to modify the final pretrial order (Doc. No. 353) is granted in part and denied in part as follows:

    a.  The court hereby modifies the points of law section of the final pretrial order (Doc. No. 352) to include:

        i.  The elements of, standards for, and burden of proof in an affirmative defense for good faith.

        ii.  The elements of, standards for, and burden of proof in an affirmative defense for justification.

        iii.  The elements of, standards for, and burden of proof in an affirmative defense for consent.

        iv.  The elements of, standards for, and burden of proof in an affirmative defense for ratification.

        v.  The elements of, standards for, and burden of proof in an affirmative defense for property not in possession, custody, or control.

    b.  Defendant Dr. Hu's motion to modify the final pretrial order is otherwise denied; and

/////

/////

---

[3] Plaintiff CSPC Dophen has raised objections to specific affirmative defenses that Dr. Hu requested be included in the points of law section of the final pretrial order. (*See* Doc. No. 355 at 3–4.) To the extent that those affirmative defenses are listed above or are already listed in the final pretrial order, plaintiff CSPC Dophen's objections are overruled.

2. The hearing on plaintiff's motion to modify the final pretrial order currently scheduled for March 19, 2024 at 1:30 p.m. is vacated.

IT IS SO ORDERED.

Dated: **March 9, 2024**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4